UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:18-cv-01322-KAD |
| | : | |
| V. | : | |
| | : | |
| TOWN OF GREENWICH et al., | : | |
| Defendants. | : | MAY 30, 2019 |

## BRUNSWICK SCHOOL, INC.'S MOTION FOR LIMITED INTERVENTION

Pursuant to Federal Rule of Civil Procedure 24, non-party proposed intervenor Brunswick School, Inc. ("Brunswick"), respectfully moves to intervene in this case for the limited purpose of obtaining access to discovery relevant to the case against it.[1]

## I.   PRELIMINARY STATEMENT

Brunswick moves the Court to allow Brunswick to intervene to permit Brunswick access to documents produced in discovery in this case.  The relief sought by Brunswick is necessary because Plaintiff is attempting to use the Standing Protective Order in this case (Doc. No. 4) to bar Brunswick from discovery it is entitled to in the related action in Connecticut Superior Court (the "Connecticut Action").  More specifically, Brunswick is attempting to obtain documents material to its defense of the Connecticut Action.  Despite having attempted to use documents designated as confidential in this case in proceedings jointly noticed in this case and the Connecticut Action and submitting affidavits regarding documents produced in the Connecticut Action in support of her position in this case, Plaintiff has opposed Brunswick's efforts to obtain the subject documents, contending their disclosure will violate the Standing Protective Order. Without intervention from this Court, Brunswick's ability to obtain discoverable material and

---

[1] Brunswick's initial Motion to Intervene (Doc. No. 60) was filed on a different, emergency basis because of imminent discovery events related to that Motion.  This Motion does *not* require emergency adjudication.

defend itself may be prejudiced.  Plaintiff's position creates the risk that Brunswick may be denied documents to which it is entitled and warrants permitting Brunswick to intervene.  All documents produced to Brunswick will be subject to the protective orders Brunswick has obtained in the Connecticut Action and will therefore remain confidential.

## II.     BACKGROUND

As set forth in more detail in Brunswick's initial Motion to Intervene (Doc. No. 60), Brunswick is the defendant in an action pending in Connecticut Superior Court that arises out of the same underlying facts as this case and that—like this case—alleges collusion between Brunswick and the Greenwich Police Department ("GPD").  *See Jane Doe et al v. Brunswick School, Inc.*, No. FBT-CV18-5037815-S, Judicial District of Fairfield at Bridgeport ("Connecticut Action"); *see also* Doc. No. 60 & Exh. A (Connecticut Action Complaint).

Because of the factual overlap between this matter and the Connecticut Action, Brunswick served subpoenas *duces tecum* on counsel for the Town of Greenwich and its Officers in this action.  Those subpoenas sought transcripts of depositions taken in this matter of (1) John Doe (Jane Doe's father – a Plaintiff in the Connecticut Action), (2) Mary Doe (Jane Doe's mother – a Plaintiff in the Connecticut Action), (3) Brother Doe (Jane Doe's brother), (4) Detective Krystie Rondini (a Defendant in this action), and (5) Sergeant Brent Reeves (also a Defendant in this action).  Redacted copies of the subject subpoenas *duces tecum*, issued March 22 and 25, 2019, (the "subpoenas") are attached as **Exhibit A**.

When this Court held a telephonic status conference regarding Brunswick's initial Motion to Intervene, Brunswick noted that it had issued the subject subpoenas and that it may need to raise those subpoenas with this Court at a later date.  The transcript from the Court's March 26, 2019, telephonic status conference is attached as **Exhibit B**.  The Court opined that

the subpoenas were a matter for the Connecticut Superior Court and that the Standing Protective Order would not pose an obstacle to an order from the Connecticut Superior Court that the transcripts be turned over. (*See* Exhibit B (Tr. 11:9-12; 18:4-13).)

During the status conference, and in opposing Brunswick's motion to intervene, counsel for Plaintiff dismissed Brunswick's concern about confidentiality and objected to Brunswick's request that the Standing Protective Order be revised to account for Brunswick's participation in the discovery in this case. Plaintiff's counsel stated, with respect to depositions cross-noticed in each of the cases: "You know, because it's cross-noticed, that is a deposition transferred in the state case, not just in the federal case, and it's subject to the state court protective order. And Brunswick can designate it confidential, confidential for attorneys' eyes only, whatever they want in that case, and I think that takes care of any issue that they have." (*See id.* Tr. 13:15-21.)

Based on representations such as that one by Plaintiff's counsel, the Court concluded that it was not necessary for Brunswick to intervene at that time because the parties could cross-notice the upcoming depositions that were the subject of Brunswick's initial motion. (See id. Tr. 15:8-13.) The Court noted, however, that other issues could arise in the future that might require Brunswick to renew its motion. (*See id.* Tr. 15:14-16:2.) The Court therefore denied Brunswick's motion to intervene without prejudice to renewal. (Doc. No. 63.)

Plaintiffs in the Connecticut Action have since filed a Motion to Quash Brunswick's Subpoenas (the "Motion to Quash"). A copy of the Motion to Quash is attached as **Exhibit C**. The Motion to Quash argues that the Connecticut Superior Court should quash Brunswick's Subpoenas primarily because "disclosure of the subpoenaed transcripts . . . would violate [the] protective order in the Federal Case" (i.e., this case). (See Exhibit C at 1; see also, e.g. Exhibit C at 2 ("All of those transcripts were designated 'confidential' pursuant to the Protective Order

entered in the Federal case, which is attached as Exhibit C."), 3 ("[C]omplying with the subpoena would force the Federal Case defendants to violate the protective order, which Judge Dooley specifically declined to amend in order to permit Brunswick access.").)

At a deposition cross-noticed in both cases shortly thereafter, Plaintiff's counsel attempted to question the witness using an unredacted document produced only in this case (not in the Connecticut Action) and designated confidential pursuant to the Standing Protective Order in this case. In response to objection by other counsel, Plaintiff's counsel quipped that the witness could simply sign the Standing Protective Order's acknowledgment.[2]

Shortly thereafter, counsel for Plaintiff submitted an affidavit (Doc. No. 80) in conjunction with Plaintiff's Objection to Non-Party Peter Roe's Motion to Quash Subpoena (Doc. No. 79) that referenced documents produced by Brunswick in the Connecticut Action. (Doc. No. 79 at 4; Doc. No. 80 ¶ 5 (referencing emails between Roe and Brunswick).)

Brunswick is cognizant of the sensitive nature of the facts in these cases. It has obtained a comprehensive protective order in the Connecticut Action (the "Connecticut Protective Order"). A copy of that protective order is attached as **Exhibit E**.

## III.    LAW & ARGUMENT

This Court should grant Brunswick's motion to intervene. Brunswick is entitled to documents created and produced in this action and needs those documents to adequately defend itself. Plaintiff's objection to Brunswick accessing those documents based on this Court's Protective Order injects a federal issue into Brunswick's attempt to obtain the documents in question and renders action from this Court necessary and appropriate.

### A.    Relevant Law

Federal Rule of Civil Procedure 24(b) provides: "On timely motion, the court may

---

[2] Redacted excerpts from the relevant deposition transcript are attached as **Exhibit D**.

permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "The statutory language of Rule 24(b) requires an intervenor to demonstrate first, that the motion is timely, and second, that its claim or defense shares a common question of fact or law with the main action." *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 315 (D. Conn. 2009).[3] "The Court has broad discretion in deciding whether to grant permissive intervention." *Dixon v. Scott Fetzer Co.*, No. 3:11-CV-982 (MPS), 2016 WL 10514834, at *1 (D. Conn. May 31, 2016). "In exercising [that] discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

"In addition to Rule 24(b)(2)'s requirements, courts consider other factors in determining whether permissive intervention is appropriate, such as:  (1) whether the applicant will benefit by intervention, (2) the nature and extent of the intervenors' interests, (3) whether the intervenors' interests are adequately represented by the other parties, and (4) whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Ass'n of Connecticut Lobbyists LLC v. Garfield*, 241 F.R.D. 100, 102 (D. Conn. 2007).

"[P]ermissive intervention is the proper method for a nonparty to seek a modification of a protective order." *In re Ethylene*, 255 F.R.D. at 314. "[W]here parties have sought intervention for the limited purpose of [accessing documents], the requirement of timeliness is quite broad. Where a party seeks intervention to [access documents] and not to participate on the merits,

---

[3] Although some courts also require an independent basis for subject matter jurisdiction, that requirement is founded on the "concern that intervention might be used to circumvent the standard rules of subject matter jurisdiction in federal court," which "is not an issue" where "the third-party is not asking the court to exercise jurisdiction over an additional claim on the merits" and is instead "asking the court to exercise a power it undoubtedly already has—the power to [allow the intervenor to access documents]." *Id.* at 317.

courts have permitted intervention even where the parties to the underlying litigation have settled their dispute."  *Id.* at 315.   Courts have permitted non-parties to intervene to participate in discovery, not just to obtain discovery relevant to a case against them.[4]

### B.   Adjudication of Brunswick's Motion to Intervene is Necessary

Adjudication of Brunswick's Motion to Intervene is required because Plaintiff has raised the Standing Protective Order in this case as a bar to compliance with the Subpoenas Brunswick has issued.  Plaintiff is telling the Connecticut Superior Court that it cannot order the production of the subpoenas in question because of the Standing Protective Order.  (See Exhibit C at 1–3.) (Indeed, Plaintiffs in the Connecticut Action have made it appear to the Connecticut Superior Court that this Court concluded that Brunswick was not entitled to the documents in question even though the Court made no such ruling.  (See Exhibit C at 3 ("[C]omplying with the subpoena would force the Federal Case defendants to violate the protective order, which Judge Dooley specifically declined to amend in order to permit Brunswick access.").).)

The invocation of the Standing Protective Order has injected a federal issue from this case into the subpoena process, thereby warranting Brunswick's intervention in this action.

---

[4] *See, e.g.*, *State Farm Fire & Cas. Co. v. Johnson*, No. CIV.A. 12-00358-KD-N, 2012 WL 6680306, at *5 (S.D. Ala. Nov. 9, 2012), *report and recommendation adopted*, No. CIV.A. 12-00358-KD-N, 2012 WL 6677906 (S.D. Ala. Dec. 21, 2012) (noting that intervenor had been granted only limited intervention to participate in discovery in state court action under rule of procedure substantively similar to Federal Rule 24(b):  "In the present case, State Farm has been granted only limited intervention—to participate in discovery."); *Chevron Corp. v. Salazar*, No. 11 CIV. 0691 LAK, 2011 WL 3628843, at *2 n.9 (S.D.N.Y. Aug. 17, 2011) ("Donziger has been "permitted to intervene in Action No. 2 for the limited purposes of (1) cross-examining witnesses or parties whose depositions are conducted by others solely on the questions whether the Judgment is not enforceable or recognizable because it was procured by fraud by Donziger, either individually or in concert with others, and (2) objecting to interrogatories, document requests, subpoenas for documents served on non-parties, and deposition questions, solely on the ground that the requested discovery would violate an evidentiary privilege personal to Donziger."); *State of Utah By & Through Utah State Dep't of Health v. Kennecott Corp.*, 801 F. Supp. 553, 561 (D. Utah 1992) ("SLCWCD was granted permissive intervention to participate in discovery and to present evidence at the hearing."); *Power Conversion, Inc. v. Saft Am., Inc.*, No. 83 CIV. 8971-CSH, 1985 WL 3124, at *1 (S.D.N.Y. Oct. 17, 1985) ("PCI was recently permitted to intervene as a non-party in that action, at least to the extent of being informed of and being permitted some degree of participation in discovery proceedings."); *see also, e.g.*, *In re Sealed Case (Med. Records)*, 381 F.3d 1205, 1211 n.4 (D.C. Cir. 2004) ("Moreover, courts of appeals have construed a district court's decision to permit a non-party to participate in a discovery dispute as the equivalent of authorizing intervention.").

More importantly, and although Brunswick is attempting to litigate this issue in the Superior Court, Plaintiff's invocation of the Standing Protective Order and suggestion that this Court ruled on the issue of Brunswick's access to the subpoenas has created the possibility that the Superior Court may wrongly decline to order the production of the transcripts in question, which are material to the Connecticut Action, because it deems it inappropriate to interfere with this Court's Standing Protective Order and concludes that ordering production of the subpoenas would violate that Order.  Brunswick's motion to intervene is therefore ripe.

### C.    Brunswick's Motion to Intervene Should be Granted

There is no question that Brunswick is entitled to the deposition transcripts at issue. These transcripts are statements under oath made by parties in the Connecticut Action (John and Mary Doe) and material witnesses to the facts in issue in the Connecticut Action (Brother Doe, Detective Rondini, and Sergeant Reeves).  The transcripts contain testimony regarding core facts and issues in the Connecticut Action.   Indeed, Plaintiff has attempted to use and otherwise referenced documents from the Connecticut Action in this case despite the fact that she opposes Brunswick obtaining documents from this case.  Unless this Court allows Brunswick to access the documents in question, the Connecticut Superior Court may well quash Brunswick's subpoenas based on Plaintiff's argument regarding the Standing Protective Order because it does not feel that it is appropriate to supersede this Court's authority to manage discovery in this case.

There is also no question that Brunswick is entitled to intervene for the limited purpose of obtaining the transcripts (and other documents) in question. *See, e.g.*, *In re Ethylene*, 255 F.R.D. at 314.  This action shares numerous questions of fact with the Connecticut Action.  Both cases are based on the same underlying facts.  Plaintiffs in the Connecticut Action, including Plaintiff Jane Doe, have conceded as much.  (See Exhibit C at 1 ("While there are some common

elements of fact between the two cases . . . .").)  Brunswick's motion is also timely.  The timeliness requirement is extremely relaxed when a non-party seeks intervention for the limited purpose of obtaining documents and not to substantively participate in the case.  *Id.* at 315 ("The present suit remains ongoing, therefore the motion to intervene is timely.").  Courts have allowed intervenors to obtain documents even after cases have settled.  *Id.* (noting a growing consensus to allow intervention after settlement).  This case is at the motion to dismiss stage.  Moreover, Brunswick would benefit from the deposition transcripts, which are admissible in the Connecticut Action and contain information material to Brunswick's defense of that Action. Although Plaintiffs oppose Brunswick having access to the transcripts, it will also benefit them by avoiding the need for asking Plaintiffs the same questions again.  Conversely, requiring that the Town of Greenwich produce the transcripts to Brunswick will have no material impact on this case.  *See id.* at 317 (noting that permitting proposed intervenor access to discovery documents would save "the time and expense of conducting duplicative discovery" and that party opposing intervention had "not advanced any persuasive argument that allowing . . . interven[tion would] unduly delay or prejudice the adjudication of [the party's] rights"); *see also id.* at 325 (noting that intervenor did "not seek to engage in active discovery in this litigation, but merely to receive discovery materials that have already been produced").[5]  Brunswick's interests are also not adequately represented here because Brunswick is not a party.

Counsel for Plaintiff has already conceded that the Connecticut Protective Order will adequately protect any privacy concerns related to the material in question.  (See Exhibit B Tr. 13:15-21.)  She attempted to use an unredacted document produced in this action and designated as confidential under the Standing Protective Order in a deposition cross-noticed with the

---

[5] Having access to the deposition transcripts will not alleviate the need to depose the witnesses in the Connecticut Action, but it will save considerable time by obviating the need to ask them the same questions over again.

Connecticut Action. There are no concerns regarding Plaintiffs' privacy that are not satisfied by the protective orders in both cases, including the orders Brunswick has obtained in the Connecticut Action. (See Exhibit E; Connecticut Action Doc. 125.00, 125.10, 127.00, 127.10.) *See also, e.g. In re Ethylene*, 255 F.R.D. at 318 ("Any legitimate interest the defendants have in keeping the materials filed under the protective order out of public hands can be accommodated by placing the intervening party under the same use and disclosure restrictions . . . .").

## IV.    CONCLUSION

For the forgoing reasons, Brunswick respectfully requests that the Court grant its motion for limited intervention to obtain documents necessary to its defense of the Connecticut Action.

> NON-PARTY PROPOSED INTERVENOR,
> BRUNSWICK SCHOOL, INC.
>
> By:  */s/ James M. Sconzo*
>      James M. Sconzo (ct04571)
>      Brendan N. Gooley (ct30584)
>      CARLTON FIELDS
>      One State Street, Suite 1800
>      Hartford, CT  06103
>      Telephone: 860-392-5000
>      Facsimile: 860-392-5058
>      Email: jsconzo@carltonfields.com
>             bgooley@carltonfields.com
>
>      Its Attorneys

## **CERTIFICATION**

I hereby certify that, on this 30th day of May, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

*/s/ James M. Sconzo*
James M. Sconzo