# Exhibit B

1

```
 1            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF CONNECTICUT
 2

 3   JANE DOE,                      )
                                    )
 4            Plaintiff,            )
                                    )      3:18-CV-01322
 5   vs.                            )      Bridgeport, CT
                                    )
 6   TOWN OF GREENWICH, ET AL.,     )
                                    )
 7            Defendants.           )
     _____    )

 8

 9        TELEPHONIC TRANSCRIPT OF MOTION TO INTERVENE
            BEFORE THE HONORABLE KARI A. DOOLEY,
10               UNITED STATES DISTRICT JUDGE
                       March 26, 2019
11   APPEARANCES:

12   For the Plaintiff,
     Jane Doe:                  Meredith C. Braxton
13                              280 Railroad Avenue
                                Suite 205
14                              Greenwich, CT 06830

15                              Elizabeth I. Hook
                                Braxton Hook, LLC
16                              280 Railroad Avenue
                                Greenwich, CT 06830
17
     For the Defendant,
18   Town of Greenwich:         Abby R. Wadler
                                Town of Greenwich
19                              101 Field Point Road
                                P.O. Box 2540
20                              Greenwich, CT 06836

21

22                              Robert Burdette Mitchell
                                Mitchell & Sheehan, P.C.
23                              80 Ferry Blvd., Suite 102
                                Stratford, CT 06615
24

25
```

```
 1   APPEARANCES, CONTINUED:

 2

 3

 4   For the Intervenor,
     Brunswick School, Inc.:        Brendan Gooley
 5                                   19 Argyle Avenue
                                     West Hartford, CT 06107
 6

 7                                   James M. Sconzo
                                     Carlton Fields Jorden Burt, P.A.
 8                                   One State Street., Suite 1800
                                     Hartford, CT 06103
 9

10

11   Official Court Reporter:       Traci D. Walker, RMR-CRR-CRC
                                     Official Court Reporter
12                                   United States District Court
                                     915 Lafayette Boulevard
13                                   Bridgeport, CT 06604

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT

```
 1              THE COURT:  All right.  Good afternoon, counsel.
 2          This is Judge Dooley.  We are on the record.
 3          I am here with Attorney Gould, my courtroom deputy, as
 4  well as Attorney Bempong, one of my law clerks.
 5          Let me ask who I have on the line for plaintiff, Jane
 6  Doe.
 7              MS. BRAXTON:  Meredith Braxton from Braxton --
 8              MS. HOOK:  This is Elizabeth Hook.
 9              THE COURT:  And I heard Elizabeth Hook as well?
10              MS. HOOK:  Yes, Your Honor.
11              THE COURT:  Okay.  And who do I have for the Greenwich
12  Police Department?
13              MR. MITCHELL:  Robert Mitchell and Abby Wadler.
14              MS. WADLER:  Good afternoon, Your Honor.
15              THE COURT:  Good afternoon.
16              MR. MITCHELL:  Hi, Your Honor.
17              THE COURT:  And who do I have for the Brunswick School
18  Inc., proposed intervener?
19              MR. SCONZO:  Good afternoon, Judge.
20          This is Jim Sconzo and with me is Brendan Gooley.
21              THE COURT:  All right.  Let me ask -- obviously,
22  nothing has been filed since the emergency motion.  Have the
23  parties had an opportunity to discuss the proposal in that
24  motion?
25              And let me -- I guess I'll ask Mr. Sconzo to respond
```

```
 1   first.
 2          MR. SCONZO:   Thank you, Your Honor.
 3          We -- we haven't had a physical discussion, but there
 4   was a flurry of e-mail exchanges yesterday.  And my
 5   understanding is that there is no objection for the limited
 6   purposes of intervening in the deposition, but we have not
 7   spoken yet about the other aspects of the motion, which was to
 8   modify the protective order.
 9          THE COURT:   All right.  Ms. Hook or Ms. Braxton, is
10   that -- is it -- you have no objection to intervening --
11          MS. BRAXTON:   We --
12          THE COURT:   -- for purposes of participating in the
13   depositions?
14          MS. BRAXTON:   That wasn't at all accurate, Your Honor.
15          So to give you a little background, you know, these
16   cases were filed at exactly the same time.  Counsel for
17   Brunswick have known there may be witnesses who are common to
18   both cases since it was filed.
19          In December, all of us cooperated to decide that we
20   would cross-notice the deposition of the therapist who treats
21   the plaintiff in this case.  We've had no issue with that.
22   They did not even speak to us before filing this emergency
23   motion.
24          Once I talked to the attorney for the witness, you
25   know, we agreed among us all that it could be cross-noticed in
```

1  both cases, so that the witness didn't -- the witnesses did not
2  have to appear twice for deposition.  The deposition has been
3  put off until June when they return from school, and the other
4  witnesses are being scheduled for April 15th.  We think that,
5  you know, everyone here is reasonable, except sometimes
6  Brunswick's counsel.  And we think that we can easily just
7  cross-notice the witnesses who are common to both cases so that
8  everyone is at the deposition, and they can put in their
9  objections that are specific to their case without having to
10  interfere in any one else's case.

11      We do object to them intervening in this action for
12  any purpose.  You know, it's not even clear what order they're
13  looking for.  Here they want to participate in discovery?  I
14  don't know if that means that they think they can serve, you
15  know, a document request in this case or object to a document
16  request in this case, or what exactly they're looking to do.
17  If what they're looking to do is to modify the protective order
18  so that they can use documents that have already gone back and
19  forth between the parties in this case and their case, I also
20  object to that.  We -- it's clear that Brunswick and the Town
21  of Greenwich have been communicating constantly during this
22  case, and they've been exchanging information and documents.
23  When we asked for what documents they're exchanging between
24  them, they refuse to tell us.  So now they want permission to
25  be able to use anything that's un- -- that is super secret, and

1    we don't know what they have between them.

2         And, you know, with respect to Brunswick, for example,

3    we served discovery on them, document discovery on them five

4    months ago.  It was due three months ago.  We do not have a

5    single piece of paper.

6         I can assure you that, if they're allowed as

7    interveners in this action, it will at least double the number

8    of motions that Your Honor has to deal with.  I don't think

9    it's necessary.  We can work cooperatively together to schedule

10   and cross-notice the witnesses who are uncommon.  The issues --

11   there's some factual issues that are uncommon, but the claims

12   are entirely [inaudible.]  The claim in this case is about a

13   civil rights violation because of the police -- the police

14   department's conduct.  And the Brunswick case is about hurting

15   our client by Brunswick's particular actions.  They're not the

16   same.

17        So we do object.  And we would want -- first of all,

18   there is no emergency, because there's no deposition on Friday

19   and the deposition I've scheduled, we have all agreed, can be

20   cross-noticed.  And we would like -- if Your Honor has -- is at

21   all tempted to grant it, we would like an opportunity to fully

22   brief it.

23        THE COURT:  All right.  So just so I'm clear, the

24   deposition that you've agreed to a cross-notice so that

25   every -- all parties will be present is the one that's

7

```
1    scheduled for April 15th and then one that's scheduled for
2    June?
3            MS. BRAXTON:  Well, the one that was initially
4    scheduled for -- about --
5            So we've agreed that both of them can be
6    cross-noticed.  One of them was briefed -- [inaudible.]
7            THE COURT:  Counsel, you're going in and out.  I can't
8    hear you.
9            MS. HOOK:  Your Honor, this is Elizabeth Hook.
10           There were two depositions scheduled originally for
11   Friday.  One has been rescheduled to April 15th, and we've
12   agreed to one participating by cross-noticing, and the other
13   one is going to take place in June because of the full
14   schedule.  And, again, the parties have all agreed to
15   cross-noticing.
16           THE COURT:  Okay.  Let me hear from Greenwich PD.
17           Mr. Mitchell?
18           MR. MITCHELL:  Your Honor, we -- Robert Mitchell.  We
19   don't care either way.  We have no objection to them
20   intervening.
21           THE COURT:  Okay.  All right.  Mr. Sconzo, the -- let
22   me ask you precisely what it is you contemplate by this limited
23   intervention, other than being able to participate in
24   depositions of witnesses who are germane to both cases?  Is
25   that really all you're looking for, or are you looking for
```

UNITED STATES DISTRICT COURT

```
 1   something greater than that?
 2          MS. BRAXTON:  Your Honor, it's Meredith Braxton.  I'm
 3   back.  I'm sorry.  I am on a cell phone and it cut out.
 4          THE COURT:  Okay.  Welcome back.
 5          Mr. Sconzo?
 6          MR. SCONZO:  Your Honor, we're not looking for
 7   anything more than to participate in the depositions, but also
 8   the protective order needs to be modified, as we had pointed
 9   out in -- in our motion.
10          THE COURT:  And --
11          MS. BRAXTON:  Your Honor, this is Meredith Braxton.
12          I'm not clear on why he needs the modified.
13          THE COURT:  All right.  Mr. Sconzo, I am looking at
14   your motion.  Which -- what aspect of the protective order do
15   you think is implicated by -- during the taking of depositions
16   in case they --
17          MR. SCONZO:  Okay.  So --
18          THE COURT:  If there is a desig- --
19          MR. SCONZO:  -- if Your Honor --
20          THE COURT:  If there is a designation --
21          MR. SCONZO:  I'm sorry.
22          THE COURT:  If there is a designation during
23   deposition that you would -- you would want New Brunswick to be
24   a party to the protective order so that, if a designation is
25   made, for example, of something that has limited use, you would
```

```
 1   still have it?  I mean, articulate for me what you're
 2   envisioning the role of the protective order is and why you
 3   need to be, I assume, party to it.
 4        MR. SCONZO:  Sure.  So in -- for example, in Paragraph
 5   5 of the protective order it says, "Designated material should
 6   not be used or disclosed for any purpose, other than the
 7   litigation of this action", Your Honor.
 8        That should be modified, based on what we're
 9   discussing to state, "Or in the action entitled" and then the
10   third -- the state court action.
11        And then there are various places throughout the
12   federal court protective order where that same modification
13   would have to be made.
14        THE COURT:  And --
15        MS. BRAXTON:  Your Honor?
16        THE COURT:  Just a second, please.
17        If -- if there is a cross -- if there's an agreement
18   in terms of cross-noticing the depositions, so that
19   intervention for purposes of giving you the opportunity to
20   participate isn't necessary, do you still think that the
21   parties agreeing to cross-notice implicates the protective
22   order, or is the intervention and the protective order tied in
23   your mind?
24        MR. SCONZO:  Well, I -- I think a -- I think a
25   protective order is critical, because my case -- the case I'm
```

UNITED STATES DISTRICT COURT

```
 1   defending will be participating in depositions in -- in the
 2   federal case if you're supervising, Your Honor.  And if it's
 3   not clear that the protective orders apply to this joint
 4   discovery, if you want to call it that, then there's a gap, and
 5   I think we should just fill that gap.
 6           THE COURT:  But if the case is cross-noticed in the
 7   state court action, aren't you free to use it in that action,
 8   however the state court sees fit, regardless of what the
 9   federal protective order says?  If you're not a party to this
10   litigation, you're not bound by that protective order.
11           MR. SCONZO:  I -- I agree with Your Honor.
12           I was just thinking, though, so that there's no gap in
13   the protective order in either case, that we should
14   cross-reference.  Both protective orders are trying to achieve
15   the same thing.  I don't think that's with controversy.  All
16   I'm saying is, if we're going to have some combined discovery
17   going forward, then all the parties ought to be bound by a like
18   protective order.
19           THE COURT:  Okay.  And do you -- Ms. Braxton had
20   raised a concern that the intervention you seek also applies to
21   written discovery and document productions, and things of that
22   nature.  I think I heard you indicate that that is not your
23   position?
24           MR. SCONZO:  This is what I think is coming down the
25   road, Your Honor, and it -- it will probably land in your lap,
```

```
1    unfortunately.  We have subpoenaed transcripts of depositions
2    that have already taken place in Your Honor's case, and I am
3    hearing that that will be objected to, so it's going to end up
4    before Your Honor.  We may not argue it today, but it will end
5    up before Your Honor.
6              MS. BRAXTON:  Your Honor, I --
7              THE COURT:  But why -- why -- just wait a second,
8    please.
9              If you've issued a subpoena in a state court case for
10   a transcript of a deposition in a federal court case, isn't
11   that a decision for the state court, in terms of that discovery
12   dispute?
13             MR. SCONZO:  I suppose it could be, but I think Your
14   Honor has the jurisdiction over that discovery, but it -- it
15   could be.
16             THE COURT:  Okay.  Ms. Braxton?
17             MS. BRAXTON:  This is showing the gamesmanship that is
18   behind this, Your Honor, and --
19             THE COURT:  Ms. Braxton, I'm going to ask -- I'm going
20   to stop you right there.  Please, please.  Do not preface every
21   argument with a disparaging comment about your opposing
22   counsel.
23             MS. BRAXTON:  Okay.
24             THE COURT:  It advances nothing.
25             MS. BRAXTON:  Okay.  I'm sorry, Your Honor.  I
```

1   apologize.

2        Brunswick was well aware that Ms. Doe's family was

3   being deposed in the federal case, and now they want access to

4   those transcripts so that they do get a second bite of the

5   apple with those witnesses, where they can subpoena them

6   themselves, and then have those transcripts to use against

7   them, and I think that's the purpose of this motion.  You know,

8   I don't think it's necessary.  I do think that the state court

9   judge can decide, you know, what to do with that.  We will

10  object, partially on the grounds that the protective order

11  doesn't let us give it to them, but also that, you know,

12  this -- this isn't fair play.

13        MS. HOOK:  And, Your Honor --

14        MS. BRAXTON:  And --

15        MS. HOOK:     -- this is Elizabeth Hook.

16        I'm sorry.

17        MS. BRAXTON:  Go ahead.

18        MS. HOOK:  No.  I was just going to -- I was just

19  going to add that there is a protective order in the State case

20  as well, but they had the opportunity to notice and fully

21  intend to notice the deposition of the Doe family in the state

22  case.  And, for that reason, they have the discovery available

23  to them, and they don't have a need for the transcripts in the

24  federal case.

25        THE COURT:  So, Mr. Sconzo, was it -- did you

```
 1   contemplate that, if I grant your motion, then that historical
 2   discovery that has already taken place would be made available
 3   to you?
 4            MR. SCONZO:  No.  I -- we didn't put that before Your
 5   Honor.  That's something, as I said, would be maybe coming down
 6   the pike, and the plaintiffs would have an opportunity to brief
 7   that.  We've already given them a preview of the law and what's
 8   before Your Honor.  But today all that is at issue is a
 9   limited -- so which are the two depositions of non parties and
10   a modification of the protective order so that there's clarity
11   over the issue of what can or can't be done with that
12   information in either case.
13            MS. BRAXTON:  Your Honor, if I may?  This is Meredith
14   Braxton again.
15            You know, because it's cross-noticed, that is a
16   deposition transferred in the state case, not just in the
17   federal case, and it's subject to the state court protective
18   order.  And Brunswick can designate it confidential,
19   confidential for attorneys' eyes only, whatever they want in
20   that case, and I think that takes care of any issue that they
21   have.
22            THE COURT:  Mr. Sconzo, I'm not following why, if
23   there's a cross-noticed deposition, the -- either an amendment
24   or a modification of the federal protective order.  I'm not --
25   I'm not sure I agree with you that it creates a gap.  It --
```

 1   each -- the deposition -- there will be a single transcript

 2   and, in terms of its use in the state court proceeding, it will

 3   be subject to the state court protective order.  In terms of

 4   its use in the federal proceeding, it will be subject to the

 5   federal protective order.

 6         So I'm not sure that any limitation in the federal

 7   protective order is going to limit you in any way, shape, or

 8   form.  And if I've -- if I've missed something, I'm happy to

 9   hear why.

10         MR. SCONZO:  I -- I don't think you have, Your Honor.

11   I think that suffices.

12         I do want to clarify one thing, though, Your Honor, so

13   that Your Honor doesn't have the wrong impression about the·

14   premise for this call.  We didn't cross-notice any depositions.

15   We -- we made an above-board decision to bring this in front of

16   Your Honor because the depositions were noticed in Your Honor's

17   case.  And we didn't feel we could be so presumptuous from a

18   state court action to just intrude on Your Honor's case, which

19   is why we filed this motion.  And when -- when Attorney Braxton

20   first spoke and maligned me for the first time, what I was

21   referring to, Your Honor, when I said I thought we had

22   agreement, I'm -- I'm looking at, right now, as I'm talking to

23   Your Honor, an e-mail exchange where Attorney Braxton and the

24   lawyer for this family are communicating about no objection to

25   our participation in these depositions.  I thought that,

UNITED STATES DISTRICT COURT

```
 1  apparently, I was wrong, that that meant that my motion was
 2  agreed to, and that's what I was referring to, Your Honor.
 3           THE COURT:  Okay.
 4           MR. SCONZO:  But if the bottom line is Your Honor
 5  doesn't want to grant this motion, and they are agreeable to
 6  cross-noticing the deposition, that is what we will do, Your
 7  Honor.
 8           THE COURT:  Okay.  I think that, for purposes of right
 9  now, with the next two depositions, the April and June
10  depositions, an agreement that they can be cross-noticed and;
11  therefore, used by all parties for purposes of both the --
12  whatever litigation that party happens to be involved in, is
13  sufficient.
14           I do portend, though, that there may be down the road
15  witnesses that Brunswick School would like to notice as -- as
16  being important to their case.  There may be disagreement as to
17  whether a witness is germane to both down the road is, I guess,
18  the way I'll phrase it.  Whether that's a Greenwich Police
19  Department view or a Brunswick School view or a Jane Doe view.
20  And so I think, with the agreement, the -- I'm not sure there's
21  any relief I can offer, at this juncture, on this motion.  But
22  I will say that I think that the law is out there to support
23  this type of participation so, if and when there is a breakdown
24  in terms of agreement and cross-noticing, and making witnesses
25  available in both actions, then the motion can be renewed at
```

```
 1  any point by any party.  But I -- it sounds like April and June
 2  are resolved by way of cross noticing.
 3        And I will accept Attorney Sconzo -- I did not draw
 4  any adverse inference against you, and I will accept that you
 5  understood your motion to have been agreed upon.  It was just a
 6  different mechanism, apparently, by which to accomplish what
 7  looks like the same goal.
 8        Is there --
 9        MR. SCONZO:  Thank you, Your Honor.
10        THE COURT:  Is there anything else we can do?
11        I'm going to mark the motion as no action necessary
12  but if, down the road, you would like the Court to renew its
13  inquiry, you can just file a request for that purpose.
14        MR. SCONZO:  Very good, Your Honor.
15        Thank you.
16        MS. BRAXTON:  Thank you, Your Honor.
17        THE COURT:  Okay.  Anything --
18        MR. MITCHELL:  And, your Honor, this is Bob Mitchell.
19        There is one more thing I'd like to bring to the
20  Court's attention.  We have received five -- we've received
21  subpoenas for five transcripts of witnesses whose depositions
22  have been taken by both sides, oddly enough, in the federal
23  case.  The subpoenas are for me to testify in the state court,
24  I think the beginning of April, and I don't particularly care.
25  I -- I'm perfectly prepared to turn the stuff over.  I presume
```

```
1   that if possible, at least, that the plaintiffs in my case, the
2   federal case, may object to that.  So I'm -- I'm glad to get --
3   to have an understanding as to who is doing what, if you don't
4   mind, Your Honor.  I'm not asking you to rule on anything, but
5   I do think my impression was that the plaintiffs would be
6   filing something to object to that, and I'd like to know that
7   I'm protected from having to appear any place.
8             THE COURT:  I -- I -- it sounds, to me, like those
9   subpoenas were issued in the state court case?
10            MR. MITCHELL:  Yeah.  They're probably state court
11  subpoenas.
12            MS. BRAXTON:  I've only -- I've only received a
13  subpoena for three, so I don't know what --
14            MR. MITCHELL:  We've got five now.
15            And my concern, Your Honor, is that -- is whether the
16  attorney -- assuming they've been subpoenaed and then the
17  subpoenas are upheld in the state court process, I don't want
18  to be in a position where I'm violating the federal court
19  protective order by turning those subpoenas over to the
20  plaintiffs in the -- I'm sorry, the defendants in the state
21  court case.
22            THE COURT:  Can I assume that there were some
23  designations made in the subpoenas that would be -- would
24  implicate the --
25            MS. BRAXTON:  Yes.
```

UNITED STATES DISTRICT COURT

```
 1              THE COURT:  -- federal protective order?
 2              MR. MITCHELL:  Yes, they were.
 3              MS. BRAXTON:  The transcripts were --
 4              THE COURT:  Okay.  Well, I think, in the first
 5    instance, if there -- I don't have the protective order in
 6    front of me, but I've never seen a protective order that says,
 7    unless otherwise required under the law.  And I would say a
 8    state court judge's order that something be turned over is --
 9    would be protection.  I don't think that, ultimately, this is
10    going to be something that I need to rule on if all these
11    parties are seeking all of these depositions.  I guess I don't
12    want to -- I can't give you an advisory opinion, Mr. Mitchell,
13    but I --
14              MR. MITCHELL:  No.  I just wanted you to be aware of
15    it, Your Honor, as to what's going to happen.
16              THE COURT:  Okay.
17              MS. BRAXTON:  Your Honor, this is Meredith Braxton.
18    You know, we are going to be moving for a protective
19    order.  You don't need to be concerned with that.
20              THE COURT:  And that motion, I assume, is going to be
21    made in the state court.
22              MS. BRAXTON:  Yes.  And -- and -- but if we are
23    ordered to let them have those transcripts, we are not going to
24    require Attorney Mitchell to be deposed in order to turn them
25    over.
```

UNITED STATES DISTRICT COURT

19

```
 1            MR. MITCHELL:  Well, I understand that, too.   I
 2    presume not.
 3            MS. BRAXTON:  Well, I know.  But, you know, state
 4    court procedure is -- [inaudible.]
 5            THE COURT:  Okay.
 6            MR. MITCHELL:  Okay.
 7            THE COURT:  All right.
 8            MR. MITCHELL:  That is all, Your Honor, from me.
 9            THE COURT:  All right.  Anything else from anybody
10    else?
11            MR. MITCHELL:  No, Your Honor.
12            MS. BRAXTON:  No, thank you.
13            MS. HOOK:  Thank you, Your Honor.
14            THE COURT:  Okay.  Thank you.  Good luck.
15            MS. BRAXTON:  Thank you.
16                [Proceedings concluded at 4:28 p.m.]
17
18
19
20
21
22
23
24
25
```

UNITED STATES DISTRICT COURT

```
 1                    REPORTER'S CERTIFICATE

 2

 3          I, Traci D. Walker, Official Court Reporter for

 4   the United States District Court for the District of

 5   Connecticut, with offices at Bridgeport, do hereby certify:

 6          That I reported on the Stenograph machine the

 7   proceedings held in open court on March 26th, 2019, in the

 8   matter of DOE VS. Greenwich, Et Al.,

 9   CASE NUMBER: 3:18-CV-01322; that said proceedings in connection

10   with the hearing were reduced to typewritten form by me; and

11   that the foregoing transcript (Pages 1-19)

12   is a true and accurate record of the proceedings.

13          This 15th day of April, 2019.

14

15

16

17                                  _____

18                                  /s/ Traci D. Walker, RMR-CRR-CRC

19

20

21

22

23

24

25
```