# Exhibit C

DOCKET NO.: CV 18-5037815

|                                          | X |                          |
|------------------------------------------|---|--------------------------|
|                                          | ) | SUPERIOR COURT           |
| JANE DOE, JOHN DOE, and MARY DOE,        | ) |                          |
|                                          | ) |                          |
| Plaintiffs,                              | ) | JUDICIAL DISTRICT        |
|                                          | ) | OF FAIRFIELD             |
| v.                                       | ) |                          |
|                                          | ) |                          |
| BRUNSWICK SCHOOL, INC.,                  | ) |                          |
|                                          | ) | April 4, 2019            |
| Defendant.                               | ) |                          |
|                                          | X |                          |

## PLAINTIFFS' MOTION TO QUASH OR FOR PROTECTIVE ORDER

Pursuant to Connecticut Practice Book §§ 13-28(e) and 13-5, Plaintiffs move to quash or

for a protective order with respect to "keeper of records" subpoenas served on counsel for the

Town of Greenwich in the Doe v. Town of Greenwich, et al. case (18-cv-01322) pending in the

United States District Court, District of Connecticut (hereafter the "Federal Case"). These

subpoenas (the subpoenas and related notices of deposition are attached as Exhibit A) seek

copies of unredacted depositions of five witnesses who have already been deposed in the Federal

Case. Brunswick has no need for these transcripts. Each of these witnesses remains available to

also be deposed by Brunswick in this case. As is demonstrated below, there is good cause to

deny disclosure of the subpoenaed transcripts as disclosure would violate a protective order in

the Federal Case and Brunswick has access to discovery from all of these witnesses in this case.

I.    BACKGROUND

Plaintiff Jane Doe is a party in both this case and the Federal Case; Mary Doe and John

Doe are not. While there are some common elements of fact between the two cases, the legal

basis for each case is different. This case seeks remedies for Brunswick's role in the

investigation and response to a sexual assault. The Federal Case seeks remedies for violations of Plaintiff's civil rights as part of a class of people (sexual assault victims) who are being treated differently than other victims.

Defendant's counsel in this case ("Brunswick Counsel") and defendants' counsel in the Federal case ("Town Counsel") appear to be in constant communication and have cooperated to cross-notice depositions in these matters. For example, in December, Town Counsel requested that the deposition of Jane Doe's treating therapist be cross-noticed in both cases so that she would be deposed only once, to which plaintiffs agreed, and a non-party witness was cross-noticed and deposed this week. (Copies of emails are attached as Exhibit B.) In January through March 2019, depositions were taken in the Federal Case of Brother Doe. Mary Doe. John Doe, Det. Krystie Rondini, and Det. Brent Reeves. Brunswick's Counsel did not ask to cross-notice any of those depositions, presumably because they wanted to conduct separate depositions of these witnesses. All of those transcripts were designated "confidential" pursuant to the Protective Order entered in the Federal Case, which is attached as Exhibit C. That Protective Order prohibits disclosure of these transcripts to anyone who is not a party, witness (under limited circumstances), outside experts (also limited), counsel of record and in-house counsel of parties, and certain others not relevant here. It is clear that the parties to the Federal Case are not free to disclose these transcripts to Brunswick counsel.

Recognizing this issue, Brunswick made an "emergency motion" to intervene in the Federal Case in order to "participate" in discovery and amend the protective order to have access to discovery materials. On March 26, 2019, Judge Dooley denied the motion, as all counsel were cooperating to cross-notice any common witnesses and there did not appear to be any impediment to Brunswick proceeding with its own discovery in this case.

A subpoena commanding the production of documents may be quashed pursuant to Practice Book § 13-28(e) "if it seeks the production of materials not subject to production." The deposition transcripts subpoenaed here were designated confidential in the Federal Case and are not subject to production. This Court should therefore quash the subpoenas.

Practice Book § 13-5 also provides that "for good cause shown, the judicial authority may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense," including that "the discovery not be had." Here, the harm that would occur is far worse than annoyance or embarrassment; complying with the subpoena would force the Federal Case defendants to violate the protective order, which Judge Dooley specifically declined to amend in order to permit Brunswick access.

Further, "Whether to grant or deny a discovery request 'rests in the sound discretion of the court.... The court's discretion applies to decisions concerning whether the information is material, privileged, substantially more available to the disclosing party, or within the disclosing party's knowledge, possession or power....' (Citations omitted.)" Cunniffe v. Cunniffe, 150 Conn. App. 419, 439 40 (2014). Similarly, "the use of protective orders and the extent of discovery [are] within the discretion of the trial judge." Cunniffe, 150 Conn. App. at 440.

Brunswick's subpoenas are clearly a form of attempting to get a second bite at the apple. Brunswick could have asked to cross-notice these depositions in order to take the depositions at the same time; it did not. It wants, instead, to have two transcripts instead of one, which include information beyond what is relevant to this proceeding, to try to trip up these plaintiffs and have additional ammunition to try to impeach them. This tactic is intended to be oppressive and should not be countenanced. All of these witnesses are available for deposition in this case, and there is no reason to believe that Brunswick will be unable to obtain testimony relevant to this

case from these witnesses if and when it so chooses. The information sought is thus not "substantially more available to the disclosing party," and this Court should therefore grant a protective order prohibiting the production of the deposition transcripts sought.

Wherefore, the Plaintiffs respectfully request that this Court grant Plaintiffs' motion to quash the subpoenas for deposition transcripts or, in the alternative, grant the motion for a protective order to prohibit production of the subpoenaed transcripts.

> BRAXTON HOOK LLC
> Attorneys for Plaintiffs

By: _Meredith C. Braxton_ (signature)

Meredith C. Braxton
BRAXTON HOOK LLC
Juris No. 438350
280 Railroad Ave., Suite 205
Greenwich, CT 06830
Tel. (203) 661-4610
Fax (203) 661-4611
mbraxton@braxtonhook.com

## CERTIFICATION

The undersigned certifies that the foregoing was served by USPS First Class Mail on April 4, 2019 on the following attorneys and/or parties of record:

James M. Sconzo, Esq.
Carlton Fields Jorden Burt PC
One State St., Suite 1800
Hartford, CT 06103
jsconzo@carltonfields.com

_Meredith C. Braxton_ (signature)

Meredith C. Braxton

4

**EXHIBIT A**

DOCKET NO. FBT-CV-18-5037815-S                                    :        SUPERIOR COURT
                                                                 :
JANE DOE, JOHN DOE, and MARY DOE,                                :        J.D. of FAIRFIELD
          Plaintiffs,                                            :
                                                                 :
V.                                                               :        at BRIDGEPORT
                                                                 :
BRUNSWICK SCHOOL, INC.,                                           :
          Defendant.                                             :        March 22, 2019

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Connecticut Practice Book §§ 13-26 *et seq.*,

the defendant Brunswick School, Inc., will take the deposition of **Robert B. Mitchell, Esq. –**

**Keeper of Records**, on **Wednesday, April 10, 2019, at 10:00 a.m., at Regus, 1000 Lafayette**

**Blvd., Suite 1100, Bridgeport, CT 06604**, before a Notary Public or other person duly

authorized to take depositions. The deposition may be recorded by video.

The deposition will continue from day-to-day until completed. You are invited to

attend and cross-examine.

                                        DEFENDANT,
                                        BRUNSWICK SCHOOL, INC.

                                        By: */s/ James M. Sconzo*
                                            James M. Sconzo
                                            Brendan N. Gooley
                                            CARLTON FIELDS
                                            1 State Street, Suite 1800
                                            Hartford, CT 06103
                                            Tel.: 860-392-5000
                                            Fax: 860-392-5058
                                            Jsconzo@carltonfields.com
                                            Bgooley@carltonfields.com

                                        Its Attorneys

## CERTIFICATION OF SERVICE

This is to certify that on this 22nd day of March, 2019, a copy of the foregoing was sent

to the following counsel of record via first class mail:

Braxton Hook LLC
280 Railroad Ave., Ste. 205
Greenwich, CT 06830
*Counsel for Plaintiffs*

/s/ *James M. Sconzo*
James M. Sconzo

117627838

2

| DOCKET NO. FBT-CV-18-5037815-S | : | SUPERIOR COURT |
|---|---|---|
| | : | |
| JANE DOE, JOHN DOE, and MARY DOE, | : | J.D. of FAIRFIELD |
| Plaintiffs, | : | |
| | : | |
| V. | : | at BRIDGEPORT |
| | : | |
| BRUNSWICK SCHOOL, INC., | : | |
| Defendant. | : | MARCH 22, 2019 |

## SUBPOENA DUCES TECUM

TO: **Robert B. Mitchell – Keeper of Records**
Mitchell & Sheahan, P.C.
80 Ferry Blvd - Suite 102
Stratford, CT 06615

BY THE AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to appear for a deposition on **Wednesday, April 10, 2019**, at **10:00 a.m.**, at **Regus, 1000 Lafayette Blvd., Suite 1100, Bridgeport, CT 06604,** before a Notary Public or other person duly authorized to take depositions, and testify as to the facts alleged in the above-entitled action, or to such day thereafter within sixty (60) days hereof on which oral deposition is conducted, in accordance with the notice attached hereto.

You are hereby further commanded to produce for inspection and copying at your deposition all documents identified in the attached Schedule A.

Hereof fail not, under penalty of law in that case provided.

To any proper officer or indifferent person to serve and return.

Dated at Hartford, Connecticut, this 22nd day of March, 2019.

/s/ *James M. Sconzo*
James M. Sconzo (860) 392-5000
Commissioner of the Superior Court
State of Connecticut

STATE OF CONNECTICUT )
                         ) ss:                _____, 2019
COUNTY OF FAIRFIELD )

      Then and by virtue hereof, I read the within Subpoena in the presence and hearing/left a true and attested copy hereof in the hands of the within named person:

     NAME                         ADDRESS

and paid/tendered (to each) of the fees allowed by law.

      The within is a true copy of the original Subpoena.

                                     Attest:

Witness Fees_____

Service_____

Travel_____
                            Deputy Sheriff
                            Constable/Indifferent Person

Endorsement_____

2

## CERTIFICATION

This is to certify that on this 22nd day of March, 2019, a copy of the foregoing was or

will immediately be served upon the following counsel and parties of record:

Braxton Hook LLC
280 Railroad Ave., Ste. 205
Greenwich, CT 06830
*Counsel for Plaintiffs*

/s/ *James M. Sconzo*
James M. Sconzo

3

## Schedule A

1.  The unredacted deposition transcript of ██████████ deposition in the case captioned *Jane Doe v. Town of Greenwich et. al*, No. 3:18-cv-01322-KAD (D. Conn.);

2.  The unredacted deposition transcript of ██████████ deposition in the case captioned *Jane Doe v. Town of Greenwich et. al*, No. 3:18-cv-01322-KAD (D. Conn.); and

3.  The unredacted deposition transcript of ██████████ deposition in the case captioned *Jane Doe v. Town of Greenwich et. al*, No. 3:18-cv-01322-KAD (D. Conn.).

DOCKET NO. FBT-CV-18-5037815-S     :     SUPERIOR COURT

JANE DOE, JOHN DOE, and MARY DOE,  :     J.D. of FAIRFIELD
     Plaintiffs,

V.     :     at BRIDGEPORT

BRUNSWICK SCHOOL, INC.,
     Defendant.     :     March 25, 2019

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Connecticut Practice Book §§ 13-26 *et seq.*, the defendant Brunswick School, Inc., will take the deposition of **Robert B. Mitchell, Esq. – Keeper of Records**, on **Wednesday, April 10, 2019, at 12:00 p.m., at Regus, 1000 Lafayette Blvd., Suite 1100, Bridgeport, CT 06604**, before a Notary Public or other person duly authorized to take depositions. The deposition may be recorded by video.

The deposition will continue from day-to-day until completed. You are invited to attend and cross-examine.

          DEFENDANT,
          BRUNSWICK SCHOOL, INC.

          By: */s/ James M. Sconzo*
          James M. Sconzo
          Brendan N. Gooley
          CARLTON FIELDS
          1 State Street, Suite 1800
          Hartford, CT 06103
          Tel.: 860-392-5000
          Fax: 860-392-5058
          Jsconzo@carltonfields.com
          Bgooley@carltonfields.com

          Its Attorneys

## CERTIFICATION OF SERVICE

This is to certify that on this 25th day of March, 2019, a copy of the foregoing was sent

to the following counsel of record via first class mail:

Braxton Hook LLC
280 Railroad Ave., Ste. 205
Greenwich, CT 06830
*Counsel for Plaintiffs*

/s/ *James M. Sconzo*
James M. Sconzo

117627838

2

| DOCKET NO. FBT-CV-18-5037815-S | : | SUPERIOR COURT |
|---|---|---|
| | : | |
| JANE DOE, JOHN DOE, and MARY DOE. | : | J.D. of FAIRFIELD |
| Plaintiffs, | : | |
| | : | |
| V. | : | at BRIDGEPORT |
| | : | |
| BRUNSWICK SCHOOL, INC., | : | |
| Defendant. | : | MARCH 25, 2019 |

## SUBPOENA DUCES TECUM

TO:   **Robert B. Mitchell – Keeper of Records**
      Mitchell & Sheahan, P.C.
      80 Ferry Blvd - Suite 102
      Stratford, CT 06615

BY THE AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to appear for a deposition on **Wednesday, April 10, 2019**, at **12:00 p.m.**, at **Regus, 1000 Lafayette Blvd., Suite 1100, Bridgeport, CT 06604,** before a Notary Public or other person duly authorized to take depositions, and testify as to the facts alleged in the above-entitled action, or to such day thereafter within sixty (60) days hereof on which oral deposition is conducted, in accordance with the notice attached hereto.

You are hereby further commanded to produce for inspection and copying at your deposition all documents identified in the attached Schedule A.

Hereof fail not, under penalty of law in that case provided.

To any proper officer or indifferent person to serve and return.

Dated at Hartford, Connecticut, this 25th day of March, 2019.

/s/ *James M. Sconzo*
James M. Sconzo  (860) 392-5000
Commissioner of the Superior Court
State of Connecticut

STATE OF CONNECTICUT )
                      ) ss:                                    _____, 2019
COUNTY OF FAIRFIELD   )

     Then and by virtue hereof, I read the within Subpoena in the presence and hearing/left a true and attested copy hereof in the hands of the within named person:

    NAME                     ADDRESS

and paid/tendered (to each) of the fees allowed by law.

     The within is a true copy of the original Subpoena.

                                    Attest:

Witness Fees_____

Service_____

Travel_____
                                Deputy Sheriff
                                Constable/Indifferent Person

Endorsement_____

2

## CERTIFICATION

This is to certify that on this 25th day of March, 2019, a copy of the foregoing was or will

immediately be served upon the following counsel and parties of record:

Braxton Hook LLC
280 Railroad Ave., Ste. 205
Greenwich, CT 06830
*Counsel for Plaintiffs*

/s/ *James M. Sconzo*
James M. Sconzo

3

## Schedule A

1.  The unredacted deposition transcript of Krystie Rondini's deposition in the case captioned *Jane Doe v. Town of Greenwich et. al*, No. 3:18-cv-01322-KAD (D. Conn.); and

2.  The unredacted deposition transcript of Brent Reeve's deposition in the case captioned *Jane Doe v. Town of Greenwich et. al*, No. 3:18-cv-01322-KAD (D. Conn.).

**EXHIBIT B**



Meredith Braxton <mbraxton@braxtonhook.com>

## FW: Doe v. Twon of Greenwich
3 messages

From: Robert Mitchell
Sent: Thursday, December 13, 2018 3:22 PM
To: Elizabeth I. Hook
Cc: Sconzo. James M.; Jessica Slippen; Wadler. Abby; Elisa Ordazzo; CNietzel@RyanDelucaLaw.com
Subject: Doe v. Twon of Greenwich

Dear Ms. Hook:

I am informed that Jane Doe's mental health provider is having her deposition set up for after the first of the year in the case against Brunswick School. In order to save time and inconvenience, we would like to participate in that deposition too. We will either have to all agree that the records release authorization signed by Jane doe for the Brunswick case will suffice for both cases or I will have to ask that she execute one for us as well.  Please let me know your preference.

Bob Mitchell

Robert B. Mitchell

Attorney at Law

Mitchell & Sheahan, P.C.

80 Ferry Blvd - Suite 102

Stratford, CT 06615

Phone 203 873 0240

Fax 203 873 0235

Email:    rbmitchell@mitchellandsheahan.com

logo

This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the indicated intended recipient, you are hereby notified that you have received this transmittal in error. Any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please contact us immediately by telephone at 203.873 0240 or e-mail at eordazzo@mitchellandsheahan.com and immediately delete this message and all its attachments.

MITCHELL SHEAHAN. P.C.  **image001.png**
Attorneys at Law           12K

4/4/2019                                Braxton Hook PLLC Mail - Doe v. Greenwich - witness depos



**Meredith Braxton <mbraxton@braxtonhook.com>**

## Doe v. Greenwich - witness depos
3 messages

**Elisa Ordazzo** <EOrdazzo@mitchellandsheahan.com>                            Wed, Mar 27, 2019 at 3:00 PM
To: "ehook@braxtonhook.com" <ehook@braxtonhook.com>, "mbraxton@braxtonhook.com" <mbraxton@braxtonhook.com>
Cc: "Abby.Wadler@greenwichct.org" <Abby.Wadler@greenwichct.org>, Jessica Slippen
<JSlippen@mitchellandsheahan.com>, Robert Mitchell <RBMitchell@mitchellandsheahan.com>

Hello,

We understand that the depositions of ▮▮▮ and ▮▮▮▮▮▮▮▮▮▮ are scheduled to take place at your office on 4/2. In
accordance with counsels' agreement that overlapping witnesses will be cross-noticed, the Defendants in the Greenwich
case would like to participate in these depositions.

Defendants intend to issue notices to coincide with the date, times and location noticed in the Brunswick case. Please let
me know if this causes you any trouble.

Elisa

Elisa M. Ordazzo
Paralegal-Practice Manager
**Mitchell & Sheahan, P.C.**
Phone   203 873 0240
Fax      203 873 0235
STRATFORD   |   WESTPORT   |   WHITE PLAINS

This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the indicated intended
recipient, you are hereby notified that you have received this transmittal in error. Any review, dissemination, distribution or copying of this transmittal is
strictly prohibited. If you suspect that you have received this communication in error, please contact us immediately by telephone at 203.873.0240 or e-
mail at eordazzo@mitchellandsheahan com and immediately delete this message and all its attachments.

**Elizabeth I. Hook** <ehook@braxtonhook.com>                                  Wed, Mar 27, 2019 at 3:56 PM
To: Elisa Ordazzo <EOrdazzo@mitchellandsheahan.com>, "mbraxton@braxtonhook.com" <mbraxton@braxtonhook.com>
Cc: "Abby.Wadler@greenwichct.org" <Abby.Wadler@greenwichct.org>, Jessica Slippen
<JSlippen@mitchellandsheahan.com>, Robert Mitchell <RBMitchell@mitchellandsheahan.com>

Elisa,

We have no problem with your clients cross-noticing the depositions of ▮▮▮ and ▮▮▮▮▮▮▮▮▮▮ However, we have not
heard from them or an attorney representing them as to whether they will appear on the date noticed. We have emailed
them to find out, but have heard nothing in response. If you hear anything about their intentions, we would appreciate
knowing what they intend to do.

The details are:

April 2, 2019

2 Greenwich Office Park, Suite 300, Greenwich, CT

▮▮▮▮▮▮, 10 am

███ ████, 2 pm

Please let me know if you need anything else.

Best regards,

Liz

Elizabeth I. Hook
Braxton Hook PLLC
53 Hill St., Southampton, NY 11968

280 Railroad Ave., Suite 205, Greenwich, CT 06830
Cell (914) 924-1228
Tel. (631) 353-3380

Tel. (203) 661-4610
Fax (866) 493-8678
ehook@braxtonhook.com

This message originates from the law firm of Braxton Hook PLLC. The message and any file transmitted with it may contain confidential information which may be subject to the attorney-client and/or attorney work product privileges, or otherwise protected against unauthorized use. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message.

[Quoted text hidden]

**Elisa Ordazzo** <EOrdazzo@mitchellandsheahan.com>                                      Wed, Mar 27, 2019 at 4:04 PM
To: "Elizabeth I. Hook" <ehook@braxtonhook.com>, "mbraxton@braxtonhook.com" <mbraxton@braxtonhook.com>
Cc: "Abby.Wadler@greenwichct.org" <Abby.Wadler@greenwichct.org>, Jessica Slippen
<JSlippen@mitchellandsheahan.com>, Robert Mitchell <RBMitchell@mitchellandsheahan.com>

Thank you Liz. We will try to get subpoenas out tomorrow as well, and I will let you know if we hear from them.

Elisa

[Quoted text hidden]

**EXHIBIT C**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

### STANDING PROTECTIVE ORDER

1.     It is hereby ordered by the Court that the following shall apply to information, documents, excerpts from documents, and other materials produced in this action pursuant to Federal and Local Rules of Civil Procedure governing disclosure and discovery:

2.     Information, documents and other materials may be designated by the producing party in the manner permitted ("the Designating Person"). All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order.  The designation shall be either (a) "CONFIDENTIAL" or (b) CONFIDENTIAL-ATTORNEYS' EYES ONLY."  This Order shall apply to Designated Material produced by any party or third-party in this action.

3.     "CONFIDENTIAL" information means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

4.     "CONFIDENTIAL-ATTORNEY'S EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party.

5.     Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

   a. *Parties:* Material designated "CONFIDENTIAL" may be disclosed to parties to this action or directors, officers and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement.  Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

b. *Witnesses or Prospective Witnesses:* Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to a witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but it may not be retained by the witness or prospective witness. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

c. *Outside Experts:* Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the litigation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

d. *Counsel:* Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to counsel of record and in-house counsel for parties to this action and their associates, paralegals, and regularly employed office staff.

e. *Other Persons:* Designated Material may be provided as necessary to copying services, translators, and litigation support firms. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

6.    Prior to disclosing or displaying any Designated Material to any person, counsel shall:

a. Inform the person of the confidential nature of the Designated Material; and

b. Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7.    The confidential information may be displayed to and discussed with the persons identified in Paragraphs 5(b) and (c) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.  In the event such person refuses to

sign an agreement in substantially the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

8.      A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

9.      Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

10.     Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order.  Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

11.     The parties will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

12.     A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn. If the Designating Person does not agree to the redesignation within fifteen business days, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Person to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter. The Court may award sanctions if it finds that a party's position was taken without substantial justification.

13.     Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten business days after the Designating Person's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the ten business days, the deposition transcript shall be treated as designated. When testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 5 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 5 of this Order

and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

14.     Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law, including Rule 5(e) of the Local Rules of this Court. This Protective Order does not provide for the automatic sealing of such Designated Material. If it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal.

15.     Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

16.     Upon final termination of this action, all Designated Material and copies thereof shall be returned promptly (and in no event later than forty-five (45) days after entry of final judgment), returned to the producing party, or certified as destroyed to counsel of record for the party that produced the Designated Material, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Person. Alternatively, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed.

17.     Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

18.     Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Designating Party

bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

19.     The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

20.     The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

IT IS SO ORDERED,

_____/s/ Alvin W. Thompson_____
Alvin W. Thompson
United States District Judge

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled_____
_____have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____DATED:_____

Signed in the presence of:

_____(Attorney)