UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JANE DOE,                                         :
                         Plaintiff,               :   Case No.: 3:18-cv-01322-KAD
                                                  :
            - vs. -                               :
                                                  :
TOWN OF GREENWICH, SGT. DET. BRENT                :
REEVES, in his individual and official capacity,  :
and DET. KRYSTIE M. RONDINI, in her               :
individual and official capacity,                 :
                                                  :
                         Defendants.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**RESPONSE OF NON-PARTY PETER ROE IN SUPPORT OF
MOTION TO MODIFY SUBPOENA AND FOR PROTECTIVE ORDER**

Non-party Peter Roe, by and through his attorneys, Ivey, Barnum & O'Mara, LLC, respectfully submits this Response in Support of the Motion (Dkt. # 86; the "Motion") to Modify Subpoena and for Protective Order filed by the Connecticut Division of Criminal Justice, on behalf of John D. Capozzi, II, Supervisory Assistant State's Attorney ("SASA Capozzi").

**I.   FACTUAL BACKGROUND**

Plaintiff Jane Doe ("Plaintiff") caused a subpoena dated May 30, 2019 (the "Subpoena") to be served upon SASA Capozzi. (*See* Dkt. # 86, Appx. B.) In addition to SASA Capozzi's testimony, the Subpoena seeks the production of documents and communications concerning the investigation or prosecution of Plaintiff's allegations against Mr. Roe. (*See* Dkt. # 86, Appendix B.) On June 11, 2019, the Division of Criminal Justice filed the Motion and an Affidavit and Memorandum of Law in support thereof. (Dkt. ## 86 and 87.)

The Motion seeks a protective order prohibiting the production of a juvenile arrest warrant application dated December 27, 2016 (the "December 27 Application") concerning

Mr. Roe submitted by the Greenwich Police Department as an attachment to an email to SASA Capozzi on the grounds that: (1) the December 27 Application was never signed and, therefore, does not constitute a court record; and (2) the December 27 Application is a law enforcement record containing uncorroborated allegations of criminal activity against a juvenile and, therefore, is subject to the protections afforded to juvenile records and destruction pursuant to the Connecticut Freedom of Information Act, Connecticut General Statutes § 1-216. (Dkt. # 87, at 5-7.)

On July 2, 2019, Plaintiff filed an objection (the "Objection" or "Obj.") to the Motion, together with a declaration in support thereof. (Dkt. ## 96 and 96-1.) In her Objection, Plaintiff asserts that a copy of a juvenile arrest warrant application dated December 22, 2016 (the "December 22 Application") concerning Mr. Roe was disclosed previously by the defendants in this action (collectively, the "Defendants"), and that Plaintiff is entitled to production of the copy of the December 27 Application in the State's possession so that she may examine it for discrepancies. (*See* Dkt. # 96-1, at 1-2.) Plaintiff also argues that General Statutes § 1-216 does not bar the State's production of the December 27 Application. (Dkt. # 96, at 2-4.)[1]

Non-party Peter Roe submits this Response in support of the State's Motion because both the December 22 Application and the December 27 Application (together, the "Applications") contain uncorroborated allegations of criminal conduct against Mr. Roe from when he was a minor child. Therefore, it is in his interest that the December 27 Application be excluded from production, and that all copies of the Applications and Defendants' investigatory file be returned to Defendants and destroyed, as mandated by General Statutes § 1-216.

---

[1] As the State makes clear, SASA Capozzi and State's Attorney Richard Colangelo independently reviewed, and declined to sign, an arrest warrant application for Mr. Roe. (Dkt. # 87, at 2-4.)

## II.     ARGUMENT

Every authority cited in Plaintiff's Objection is easily distinguishable from the facts in this action.  Plaintiff relies on cases that concern the admissibility or discoverability of criminal arrest records subject to erasure pursuant to General Statutes § 54-142a.  The Subpoena, however, concerns documents from an investigation that never resulted in an arrest, and which are subject to mandatory destruction pursuant to General Statutes § 1-216.

*United States v. One Parcel of Prop. Located at 31-33 York St., Hartford, Conn.*, 930 F.2d 139, 141 (2d Cir. 1991), cited by Plaintiff, was an appeal from a judgment in a civil forfeiture case, in which the District Court admitted into evidence certain arrest records for illegal drug trafficking that took place at the subject property.  *Id.*  On appeal, the defendant argued that the records were improperly admitted because several of the charges had been dropped or nolled and, therefore, the arrest records were subject to erasure pursuant to General Statutes § 54-142a.  The Second Circuit affirmed the District Court's decision, finding that "the universally-recognized federal interest in eradicating the illegal drug trade by seizing the tools that facilitate that trade prevails over any interest in the confidentiality of the arrest records." *Id.*

*Crespo v. Beauton*, No. 15-CV-412(WWE)(WIG), 2016 WL 525996, at *2 (D. Conn. Feb. 9, 2016), also cited by Plaintiff, was an excessive force case arising out of the use of a police K-9 unit.  *Id.*  There, the Commissioner of Public Safety moved to quash a subpoena seeking records of every incident in which a police K-9 had been used in a motor vehicle stop and arrest, in part because the subpoena required the disclosure of criminal arrest records subject to erasure pursuant to Conn. Gen. Stat. § 54-142a.  *Id.* at *1.  The Court found that the substantive policy undergirding 42 U.S.C. § 1983 outweighed the interest in protecting the confidentiality of arrest records.  *Id.* at *2.

*Kelley v. City of Hamden*, No. 3:15CV00977(AWT), 2015 WL 9694383, at *1 (D. Conn. Nov. 23, 2015) concerned whether a defendant municipality in a civil rights action could obtain copies of "all police and court records and records of any state's attorney pertaining to the criminal arrest of plaintiff . . . which is the subject of this lawsuit." The Court held that, to aid its defense, the defendant municipality was entitled to obtain arrest and prosecution records concerning the plaintiff, but imposed a stringent protective order. *Id.* at *4.[2]

Plaintiff also cites *Chief of Police v. Freedom of Info. Comm'n*, 252 Conn. 377, 381 (2000) for the general proposition that General Statutes § 1-213(b)(1) permits discovery of police and court records in litigation. (Dkt. # 96, at 3.) *Chief of Police* has no bearing on whether the December 27 Application is discoverable because, unlike the unsigned arrest warrant application at issue here, the police department internal investigation records at issue in that case were not privileged or statutorily exempt from disclosure. *See Chief of Police*, 252 Conn. at 397 ("other provisions of the act exempt documents from disclosure."); *id.* at 396 n.25 ("other specific exemptions from the act might . . . operate to shield certain documents from disclosure that also are or might be involved in discovery disputes.").

In sum, the authorities cited in Plaintiff's Objection have no bearing on whether the State is required to produce documents in its possession containing uncorroborated allegations concerning a minor child, which never resulted in criminal charges being brought or an actual arrest, and which are required to be destroyed by General Statutes § 1-216. The interest in protecting Mr. Roe from uncorroborated allegations of criminal conduct when he was a minor far

---

[2] The protective order in *Kelley* provided: "(1) defense counsel shall not disseminate the disclosed documents to third parties without explicit authorization by the Court; (2) defense counsel shall not provide copies of the disclosed documents to their client(s) or witnesses, but may allow them to review the documents in the presence of counsel; (3) the disclosed documents shall be utilized only for purposes of this litigation; (4) the disclosed documents shall not be filed as exhibits in this matter, and to the extent that they must be so filed, that a motion to seal such documents first be filed with the Court; and (5) all copies, electronic and physical, of the documents shall be destroyed by counsel after judgment enters in this case and any appeals have been concluded, or six months after judgment is entered in this case if no appeals are filed." *Id.* at *4.

outweighs Plaintiff's interest, if any, in obtaining the December 27 Application and in retaining the copies of the December 22 Application already in her possession

As discussed in the Memorandum of Law in Support of Mr. Roe's Motion to Quash and for a Protective Order, the undersigned informed Plaintiff's counsel in 2017, before Plaintiff commenced litigation, that Defendants' investigatory file concerning Mr. Roe was improperly disclosed to Plaintiff in violation of General Statutes § 1-210, and that Plaintiff's counsel was, and remains, obligated to return all copies of it.  (*See* Dkt. # 66, Exs. D and E; Dkt. # 67 at 5-6.) Accordingly, it is respectfully submitted that in addition to granting the State's Motion, the Court should exercise its supervisory power over the discovery process to enter an order requiring Plaintiff to return all copies of the Defendants' investigatory file to Defendants, and directing Defendants destroy same as required by General Statutes § 1-216.

## II.     CONCLUSION

For the foregoing reasons, the State's Motion should be granted and, further, an order should enter requiring Plaintiff return all copies of the Applications and Defendants' investigatory file to Defendants to be destroyed as required by General Statutes § 1-216.

Dated:  Greenwich, Connecticut
        July 11, 2019

IVEY, BARNUM & O'MARA, LLC

By:     */s/ Michael J. Jones*
        Michael J. Jones, Esq. (ct09759)
        Ryan S. Tougias, Esq. (ct28830)
        170 Mason Street
        Greenwich, Connecticut 06830
        Telephone: (203) 661-6000
        Email: mjones@ibolaw.com
               rtougias@ibolaw.com

*Attorneys for Non-Party Peter Roe*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2019, a copy of the foregoing was filed electronically and served by U.S. mail, first class postage prepaid on any party unable to accept electronic filing. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any party unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                               */s/ Michael J. Jones*
                                                         Michael J. Jones, Esq. (ct09759)