## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

_____

| | | |
|---|---|---|
| JANE DOE, | ) | CIVIL ACTION NO: |
| Plaintiff, | ) | 3:18-cv-01322-KAD |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF GREENWICH, et al, | ) | |
| Defendant. | ) | October 14, 2019 |

_____

### THE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

**I.   PRELIMINARY STATEMENT**

1.      Admit that the Greenwich Police Department ("GPD") has a Special Victims Section ("SVS"). The Defendants also admit that the SVS unit has a website that speaks for itself. The Defendants deny all other allegations in Paragraph 1.

2.      Admit that Brunswick School ("Brunswick") is a private all-boys college-preparatory day school in Greenwich and that Brunswick's Security Department does employ former GPD officers. The Defendants deny all other allegations in Paragraph 2.

3.      Denied.

4.      Admit that there was an article in the Greenwich Time on November 13, 2014, where it was reported the GPD had investigated allegations of a sexual assault and determined that the rumors were unfounded. The Defendants deny all other allegations in Paragraph 4.

5.      Admit that the Plaintiff reported an alleged sexual assault by a Brunswick student to the GPD. The Defendants deny all other allegations in Paragraph 5.

6.      Denied.

7.      Denied.

8.      Denied.

9.     Denied.

## II.    JURISDICTION AND VENUE

10.     Admit that the Plaintiff brings this action pursuant to 42 U.S.C. § 1983. The Plaintiff is left to her burden of satisfying all procedural requirements to maintain such causes of actions, and further left to her burden satisfying all substantive requirements imposed by any such cause of action. The Defendants deny that the Court has supplemental jurisdiction over claims based on Conn. Gen. Stat. § 52-557n(a)(1) because the Court has dismissed such claims as of September 30, 2019. [See Docket No. 115].

11.     Admit.

## III.    PARTIES

12.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof.

13.     Admit the Town of Greenwich ("TOG") is a Connecticut municipality; the GPD is a TOG department; the GPD includes a Detective Division and a Special Victims Section. The Defendants deny all other allegations in Paragraph 13.

14.     Admit that Defendant Sgt. Det. Brent Reeves is an SVS supervisor. The Defendants deny all other allegations in Paragraph 14.

15.     Admit Det. Krystie M. Rondini is a detective in the SVS. The Defendants deny all other allegations in Paragraph 15.

## IV.    FACTS

16.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Second Amended Complaint and, therefore,

leave the Plaintiff to her proof. The Defendants deny any assertion of wrongdoing on their part that might be read into the Paragraph.

17.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof. The Defendants deny any assertion of wrongdoing on their part that might be read into the Paragraph.

18.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof. The Defendants deny any assertion of wrongdoing on their part that might be read into the Paragraph.

19.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof. The Defendants deny any assertion of wrongdoing on their part that might be read into the Paragraph.

20.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof. The Defendants deny any assertion of wrongdoing on their part that might be read into the Paragraph.

21.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof. The Defendants deny any assertion of wrongdoing on their part that might be read into the Paragraph.

22.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof. The Defendants deny any assertion of wrongdoing on their part that might be read into the Paragraph.

23.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof. The Defendants deny any assertion of wrongdoing on their part that might be read into the Paragraph.

24.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof. The Defendants deny any assertion of wrongdoing on their part that might be read into the Paragraph.

25.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof. The Defendants deny any assertion of wrongdoing on their part that might be read into the Paragraph.

26.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof. The Defendants deny any assertion of wrongdoing on their part that might be read into the Paragraph.

27.     The Defendants admit that DCF gave the GPD notice of the alleged assault, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 of the Second Amended Complaint and, therefore, leave the Plaintiff

to her proof. The Defendants deny any assertion of wrongdoing on their part that might be read into the Paragraph.

28.     Admit that Defendant Rondini contacted the Plaintiff's parents to determine if the Plaintiff wanted to make a formal statement/complaint and that the Plaintiff made a statement on August 2, 2016. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the rest of the allegations of Paragraph 28. The Defendants deny any assertion of wrongdoing on their part that might be read into the Paragraph.

29.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof. The Defendants deny any assertion of wrongdoing on their part that might be read into the Paragraph.

30.     Admit.

31.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof. The Defendants deny any assertion of wrongdoing on their part that might be read into the Paragraph.

32.     Denied.

33.     Denied.

33.a.   Denied.

33.b.   Denied.

33.c.   Denied.

33.d.   Denied.

33.e.    Admit to Defendant Rondini used a written statement from a Greenwich Academy ("GA") student as support for her arrest warrant. The Defendants deny all other allegations in Paragraph 33.e.

33.f.    Denied.

33.g.    Admit that Defendant Rondini used her GPD email account to contact witnesses, the Plaintiff, and the Plaintiff's family. The Defendants also admit that Defendant Rondini used her personal email to contact a member of the Plaintiff's family several times. The Defendants deny all other allegations in Paragraph 33.g.

34.    Admit that the Plaintiff's attorney contacted Chief Heavey and filed a Freedom of Information Act request. The Defendants deny all other allegations in Paragraph 34.

35.    Admit that Roe refused to waive his Fifth Amendment right against self-incrimination, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof. The Defendants deny any assertion of wrongdoing on their part that might be read into the Paragraph.  and that some potential witnesses refused to provide statements to the GPD. The Defendants deny all other allegations in Paragraph 35.

36.a.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.a. of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof.

36.b.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.b. of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof.

36.c.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.c. of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof.

36.d.    Denied.

36.e.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.e. of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof.

36.f.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.f. of the Second Amended Complaint and, therefore, leave the Plaintiff to her proof.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

**V.    FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS RIGHT TO DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW 42 U.S.C. § 1983 – Fourteenth Amendment; Art. First §§ 1, 20**

43.    The Defendants incorporate their responses to Paragraphs 1 through 42 as their response to Paragraph 43.

44.    Denies that the Defendants violated any of the Plaintiff's constitutional rights in any way. The Plaintiff is left to her burden of proving any and all Constitutional claims she asserts within the particular context and circumstances of the facts relevant to this cause of action.

7

45.     Denied.

46.     Denied.

47.     Denied

48.     Denied.

## VI.     SECOND CAUSE OF ACTION AGAINST DEFENDANTS REEVES AND RONDINI INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS General Statutes § 52-557n(a)(1) and (a)(2).

49.     The Defendants do not have to respond to the allegations in the Second Count

because the Court has dismissed this claim on September 30, 2019. [Docket No. 119].

## VII.    INJUNCTIVE RELIEF.

58.     The Defendants incorporate their responses to Paragraphs 1 through 48. As for

Paragraphs 49 through 57, the Court dismissed those allegations on September 30, 2019, and the

Defendants do not have to respond to them. [Docket No. 119].

59.     Denied.

60.     Denied.

## VIII.   PRAYER FOR RELIEF

The Defendants deny the Plaintiff entitled to any relief related to the allegations and/or

causes of actions set forth in her Second Amended Complaint and leaves the Plaintiff to her

proof regarding all procedural and substantive burdens regarding the same.

**BY WAY OF AFFIRMATIVE DEFENSES**

**First Affirmative Defense:**

1.      Failure to State a Cause of Action: The Plaintiff's Second Amended Complaint fails to state a cognizable cause of action under state or federal law.

**Second Affirmative Defense:**

2.      Waiver: The Plaintiff waived any claims arising out of any alleged contact between the Defendants and Brunswick because the Plaintiff's attorney instructed the Defendants to interact with Brunswick during the course of the investigation.

**Third Affirmative Defense:**

3.      Estoppel: The Plaintiff is estopped from asserting any claims arising from the alleged contact between the Defendants and Brunswick because the Plaintiff's attorney instructed the Defendants to interact with Brunswick during the course of the investigation.

**Fourth Affirmative Defense:**

4.      Assumption of the Risk: The Plaintiff, through her actions, assumed the risk and has waived any claims arising from the Defendants' actions.

**Fifth Affirmative Defense:**

5.      Contributory Negligence: The Plaintiff was contributorily negligent.


WHEREFORE, the Defendants request the Court dismiss the Plaintiff's Second Amended Complaint in its entirety and grant the Defendants reasonable attorney fees.

DEFENDANTS

By:    /s/*Reese B. Mitchell*
        Robert B. Mitchell (ct02662)
        Jessica A. Slippen (ct25765)
        Reese B. Mitchell (ct30226)
        Mitchell & Sheahan, P.C.
        80 Ferry Blvd., Suite 216
        Stratford, CT 06615
        203-873-0240
        203-873-0235 (fax)
        ReeseMitchell@mitchellandsheahan.com

        Counsel for Defendants

**<u>CERTIFICATION</u>**

I HEREBY CERTIFY that on this 14th day of October 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

*Reese B. Mitchell*
Robert B. Mitchell (ct02662)
Jessica A. Slippen (ct25765)
Reese B. Mitchell (ct30226)
Mitchell & Sheahan, P.C.
80 Ferry Blvd., Suite 216
Stratford, CT 06615
203-873-0240
203-873-0235 (fax)
jslippen@mitchellandsheahan.com