UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
JANE DOE                      :    Civ. No. 3:18CV01322(KAD)
                              :
v.                            :
                              :
TOWN OF GREENWICH, et al.     :    January 10, 2020
                              :
------------------------------x
```

**RULING ON MOTION TO QUASH NON-PARTY SUBPOENA AND FOR A PROTECTIVE ORDER (Doc. #125)**

Attorney Michael Jones ("Jones" or "Attorney Jones") has filed a motion to quash a non-party subpoena directed to him, and for a protective order. See Doc. #125. The subpoena, seeking to depose Jones, was served on him by plaintiff Jane Doe ("plaintiff"). For the reasons set forth herein, Jones' motion to quash and for a protective order (Doc. #125) is **GRANTED**.

**I.  Background**

Plaintiff Jane Doe[1] brings this action against the Town of Greenwich and two employees of the Greenwich Police Department ("GPD"), Sergeant Detective Brent Reeves and Detective Krystie Rondini. See generally Doc. #46. Plaintiff alleges that in 2016[2]

---

[1] Plaintiff has been granted leave to proceed under the pseudonym Jane Doe. See Doc. #9.

[2] The party described in the Complaint was held "on the last day of final exams in 2016[.]" Doc. #46 at 7.

1

she was sexually assaulted by Peter Roe.[3] See Doc. #46 at 7-8. Roe was, at the time, a student at Brunswick School, the all-male brother institution to plaintiff's own all-female high school, Greenwich Academy. See Doc. #20-1 at 3 n.1. Both Jane Doe and Peter Roe were minors at the time. See Docs. #46 at 5, #65 at 3.

The Second Amended Complaint (Doc. #46), alleges that a pool party, for plaintiff and her friends, was held at the Doe residence, and that "Plaintiff's parents, Plaintiff's adult brother and two adult friends were on hand to supervise the gathering." Doc. #46 at 7. Roe attended the party and was allegedly "aggressive, lewd and belligerent[.]" Id. "Witnesses reported observing [Roe] trying to grope and otherwise inappropriately grab the girls and making suggestive and lewd comments to them." Id. Roe allegedly assaulted Brother Doe, who then began making arrangements to ensure Roe was taken home. See id. at 8. Two Brunswick students then took Roe to the pool house bathroom "to try to sober him up[.]" Id. at 8. "Plaintiff went to the pool house bathroom to assist." Id. The other two students left the pool house when summoned by their parents, leaving Doe alone with Roe. See id. It was at that time that the alleged sexual assault occurred. See id.

---

[3] Peter Roe, a potential witness in this action, has also been granted leave to proceed under a pseudonym. See Doc. #76.

Plaintiff "described what had happened to her ... to a number of her friends and some family members, although she did not tell her parents or brother." See Doc. #46 at 9. Plaintiff ultimately informed her school's counselor. See id. The counselor notified the Head of School, who in turn "filed a report with the Department of Children and Families ('DCF') as required by law." Id. The Complaint asserts "[u]pon information and belief" that "DCF forwarded the report to the Greenwich PD." Id. On August 2, 2016, plaintiff made a formal statement to the Greenwich Police. See id.

At some point during the course of the investigation, the Doe family, dissatisfied with the process, retained counsel to act on their behalf. See id. at 10. Attorney Meredith Braxton, acting on behalf of the Doe family, communicated with Sergeant Reeves and Greenwich Police Chief Jim Heavey regarding the investigation, beginning in August 2016. See Doc. #46-1. Attorney Braxton signed the operative complaint, and is now counsel of record in this matter.[4]

Plaintiff brings causes of action pursuant to 42 U.S.C. §1983 for violation of her Fourteenth Amendment rights to equal protection and due process, and a state law claim for

---

[4] Plaintiff is also represented by Attorney Elizabeth I. Hook, of Braxton Hook LLC. See Doc. #16.

"intentional or negligent infliction of emotional distress[.]" See id. at 16-19. Named as defendants are the Town of Greenwich, Sergeant Brent Reeeves, and Detective Krystie Rondini. Plaintiff contends that defendants conducted an insufficient investigation into her complaint against Roe, and that they improperly allowed Brunswick School to conduct an independent investigation into her allegations. See generally Doc. #46 at 9-13. Plaintiff further asserts that the Greenwich Police Department routinely colludes with Brunswick School in such investigations "to prevent negative publicity from tarnishing the reputation of Brunswick[,]" "to enable Brunswick to ... manipulate witnesses[,]" and to "shield [Brunswick] students from criminal prosecution[.]" Doc. #46 at 2. The alleged failures in this investigation, plaintiff contends, were due in part to this policy and practice of collusion. On September 30, 2019, Judge Kari A. Dooley denied defendants' "motion to dismiss the Plaintiff's Equal Protection claim of the type recognized in Myers [v. County of Orange, 157 F.3d 66 (2d. Cir. 1998)]" and granted defendants' motion to dismiss as to all other counts. See Doc. #115 at 7, 10, 14, 15, 20, 22.

Attorney depositions have been an ongoing issue in this case. On January 7, 2019, plaintiff filed a motion to quash a subpoena for the deposition of plaintiff's counsel, Attorney Braxton, and a motion for protective order. See Doc. #47. On

4

September 10, 2019, the undersigned granted, in part, and denied, in part, plaintiff's motion. See Doc. #102. Specifically, the Court ordered: "The motion is DENIED as to discovery regarding the August 19, 2016, conversation, and the content of the communications from Attorney Braxton attached to the [Second Amended Complaint]." Doc. #102 at 23. The Court concluded that Attorney Braxton "ha[d] put her personal knowledge at issue in this case by including her own statements as attachments to the Second Amended Complaint, and thus, is subject to deposition as to her personal knowledge." Id. at 1.

On the same date that the Court entered the above order, permitting the deposition of Attorney Braxton to proceed, Attorney Braxton issued subpoenas for depositions of three attorneys related to this case: Michael Jones, current counsel for Peter Roe; Philip Russell, former counsel for Peter Roe; and Eugene Riccio, who represented a witness in the underlying criminal investigation. See Doc. #123-2. On October 29, 2019, Jones filed the pending motion to quash the subpoena and for a protective order. See Doc. #125. This matter was referred to the undersigned on October 29, 2019. See Doc. #126. Plaintiff filed her initial memorandum in opposition (Doc. #130) on November 19, 2019, which was subsequently amended on November 20, 2019. See

5

Docs. #134.[5] On December 3, 2019, Jones filed a reply to plaintiff's memorandum in opposition. [Doc. #143].

## II. Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A). "Where the discovery is relevant, the burden is upon the party

---

[5] All references to plaintiff's memorandum in opposition are to #134, which is the amended document, containing the appropriate redactions.

6

seeking non-disclosure or a protective order to show good cause." Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

"Pursuant to Rule 45 [of the Federal Rules of Civil Procedure], any party may serve a subpoena commanding a non-party to produce designated documents." Crespo v. Beauton, No. 3:15CV412(WWE)(WIG), 2016 WL 259637, at *2 (D. Conn. Jan. 21, 2016) (citation and quotation marks omitted). Rule 45 also permits a party to "serve a subpoena commanding a nonparty 'to attend and testify[.]'" Weinstein v. Univ. of Conn., No. 3:11CV1906(WWE), 2012 WL 3443340, at *2 (D. Conn. Aug. 15, 2012) (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)). "Rule 45 subpoenas are subject to the relevance requirements set forth in Rule 26(b)." Crespo, 2016 WL 259637, at *2.

Federal Rule of Civil Procedure "45(d)(3) provides that the court should quash a subpoena, upon a party's timely motion, when it requires disclosure of privileged information. The burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant." Dukes v. NYCERS, 331 F.R.D. 464, 469 (S.D.N.Y. 2019) (citation and quotation marks omitted); see also Travelers Indem. Co. v.

7

Metro. Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005) ("The burden of persuasion in a motion to quash a subpoena is borne by the movant.").

When the discovery in dispute involves the deposition of an attorney connected in some way to the litigation, additional considerations come into play. While "depositions of opposing counsel are disfavored," United States v. Yonkers Bd. of Educ., 946 F.2d 180, 185 (2d Cir. 1991), "the disfavor with which the practice of seeking discovery from adversary counsel is regarded is not a talisman for the resolution of all controversies of this nature." In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 71 (2d Cir. 2003) (citation omitted) (hereinafter "Friedman").[6]

> [T]he standards set forth in Rule 26 require a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship. Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted. These factors may, in some circumstances, be especially appropriate to consider in determining whether interrogatories should be used at least initially and sometimes in lieu of a deposition. Under this approach,

---

[6] Technically, because Peter Roe is not a party to this action, Attorney Jones might not be classified as "opposing counsel." Nonetheless, given the nature of the claims presented, Peter Roe and Jane Doe -- and their respective attorneys -- are most certainly "adversaries" in this context.

8

> the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices, but it is a circumstance to be considered. Several district courts in this Circuit have properly applied a flexible approach to the issue of lawyer depositions.

Friedman, 350 F.3d at 72.

### III. Discussion

#### A. Relevance

As dictated by Rule 26, the Court begins its analysis with the question of relevance: Is the information sought in the deposition of Michael Jones, and in Schedule A to the subpoena, relevant to any claim or defense in this case? "In response to a motion to quash a subpoena, the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Libaire v. Kaplan, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011) (citation and quotation marks omitted). "Once that initial burden has been met, a party contending that a subpoena should be quashed pursuant to Rule 45(c)(3)(A)(iv) must demonstrate that compliance with the subpoena would be unduly burdensome." Giuffre v. Maxwell, 221 F. Supp. 3d 472, 475 (S.D.N.Y. 2016) (citation and quotation marks omitted); see also Libaire, 760 F. Supp. 2d at 291 ("Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the

9

burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome.").

Plaintiff and Jones agree that this case "concerns Defendants' policies and procedures for investigating claims of alleged sexual assault, and whether Defendants ... interfered in the investigation of the allegations against Mr. Roe in violation of Plaintiff's constitutional rights." Doc. #125-3 at 9. Plaintiff asserts that the information sought through the challenged subpoena is "relevant to Plaintiff's claim of collusion between Brunswick and GPD to shield Brunswick students from investigation and prosecution." Doc. #134 at 8. "The documents sought by the subpoena are specifically tailored to elicit evidence of the collusion between Brunswick and GPD." Id.

The Court has reviewed the briefing on the pending motion; the operative complaint; Judge Dooley's ruling on defendants' motion to dismiss; and numerous other documents in the docket. The Court concludes that the only requests in Schedule A to the subpoena of Attorney Jones that seek information potentially relevant to plaintiff's claim of collusion based on a policy or practice of the GPD are those contained in Sections 1(a) and 1(d). Jones is counsel to Peter Roe; whatever communications he may or may not have had with persons employed by Greenwich Academy or Brunswick School, or with persons affiliated with Brunswick School, or with other attorneys for Peter Roe and

10

various entities, are not relevant to the question of whether the defendants in this case colluded or conspired with Brunswick School in any way. Nor are Jones' retainer agreements or speaking engagements even arguably relevant here. Further, to the extent the requests set forth in 1(a) and 1(d) seek relevant information, their scope must be limited to "the investigation into the complaint of sexual assault made by Jane Doe against Peter Roe in 2016[.]" Doc. #125-2 at 3.

Accordingly, Jones' motion to quash and motion for protective order is **GRANTED**, on the grounds of relevance, as to the materials sought in Schedule A, sections 1(b), 1(c), 1(e), 1(f), 2, and 3.

The Court's inquiry, however, does not end there. The relevance of the information sought is not the only consideration for the Court. The special concerns applicable to attorney depositions are discussed below.

**B.   Special Considerations in Attorney Depositions**

Plaintiff seeks to depose Attorney Jones, who represented Peter Roe in the underlying criminal investigation and continues to represent him in all related civil matters. See Doc. #125-3 at 2; Doc. #134 at 2. The Court in Friedman observed that Rule 26 "require[s] a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to

11

determine whether the proposed deposition would entail an inappropriate burden or hardship." 350 F.3d at 72.

> Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted. These factors may, in some circumstances, be especially appropriate to consider in determining whether interrogatories should be used at least initially and sometimes in lieu of a deposition. Under this approach, the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices, but it is a circumstance to be considered. Several district courts in this Circuit have properly applied a flexible approach to the issue of lawyer depositions.

Friedman, 350 F.3d at 72.

Before analyzing the Friedman factors as they apply to the proposed deposition of Attorney Jones, the Court pauses to acknowledge its prior ruling allowing the limited deposition of Attorney Braxton in this matter. [Doc. #102]. Plaintiff may have interpreted that ruling to suggest that depositions of attorneys, in general, would be permitted in this case. Such an interpretation would be mistaken. The circumstances that gave rise to that ruling were unusual, and substantially different than the circumstances that exist as to Attorney Jones. In its prior ruling, the Court found that "Attorney Braxton ha[d] put her personal knowledge at issue in this case by including her own statements as attachments to the Second Amended Complaint,

12

and thus, is subject to deposition as to her personal knowledge." Doc. #102 at 1. The parties disputed the claims made in Attorney Braxton's letter, which was attached to and thus made a part of the Second Amended Complaint, relating to a conversation between Attorney Braxton and the GPD Chief. The Court agrees with Jones that his situation is different. "Unlike Plaintiff's counsel, Ms. Braxton, Mr. Jones has not put his own personal knowledge at issue in this action." Doc. #125-3 at 10. The Court bears in mind that important difference as it proceeds.

The first Friedman factor is the "need to depose" Jones. Friedman, 350 F.3d at 72. Where the information sought from the attorney can be provided by non-attorney witnesses, that weighs against permitting the deposition of an attorney. See, e.g., Weinstein v. Univ. of Connecticut, No. 3:11CV01906(WWE), 2013 WL 2244310, at *5 (D. Conn. May 21, 2013) (granting motion to quash deposition subpoena to attorney where it would be less burdensome to obtain discovery from non-attorney witnesses); compare Chord Assocs. LLC v. Protech 2003-D, LLC, No. 07CV05138(JFB)(AKT), 2013 WL 12366876, at *5 (E.D.N.Y. Oct. 18, 2013) (concluding that the attorney was the "only individual who can provide the Defendants with certain valuable information" where "conflicting testimony" existed).

Plaintiff has already taken "nine depositions of individuals associated with GPD[.]" Doc. #144 at 4.[7] Plaintiff's submissions reveal that plaintiff has copies of defendants' written communications with Jones. See Doc. #134-7 (numerous emails between Jones and defendant Rondini). "Plaintiff has already obtained Mr. Jones's written communications with the Greenwich Police Department and the individual defendants by virtue of the Connecticut Freedom of Information Act, Conn. Gen. Stat. §1-200 et seq., and other discovery conducted in this action." Doc. #125-3 at 11. In sum, plaintiff has had ample opportunity to inquire into the communications between Attorney Jones and members of GPD. Cf. Dominion Res. Servs., Inc. v. Alstom Power, Inc., No. 3:16CV00544(JCH), 2017 WL 3228120, at *4 (D. Conn. July 31, 2017) ("In light of the written communications previously produced ... there does not appear to be a substantial need for Attorney Mirenda to testify regarding the Documents."). Accordingly, the first Friedman factor "need to depose" weighs against permitting the deposition of Jones.

---

[7] In evaluating this motion, the Court also takes into account information provided in the briefing on the related Motion for Protective Order or to Quash or Modify Plaintiff's Subpoenas, filed by Brunswick School. See Docs. #125, #133, and #144. Although that motion implicates different concerns, some of the information provided informs the Court's decision on this motion.

14

The second Friedman factor is "the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation." Friedman, 350 F.3d at 72. "The rationale for limiting depositions of attorneys ... is that depositions of counsel, even if limited to relevant and non-privileged information, are likely to have a disruptive effect on the attorney-client relationship and on the litigation of the case." U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co., No. 97CV06124(JGK)(THK), 2000 WL 1253262, at *2 (S.D.N.Y. Sept. 1, 2000) (citations omitted); see also Alcon Labs, Inc. v. Pharmacia Corp., 225 F. Supp. 2d 340, 342 (S.D.N.Y. Aug. 2, 2002) ("The presumption [disfavoring attorney depositions] is based on the recognition that even a deposition of counsel limited to relevant nonprivileged information risks disrupting the attorney-client relationship[.]").

The second Friedman factor is broadly phrased, which is particularly significant here. When the Court here considers the "lawyer's role in connection to the litigation[,]" Friedman, 350 F.3d at 72, that consideration is not limited to the question of whether Attorney Jones has an active appearance in this case. Rather, the question for the Court is Jones' role "in connection to" this litigation. Id. Jones served as Peter Roe's criminal defense attorney in connection with the investigation of Jane Doe's allegations of a serious sexual assault. While no criminal

15

charges have been brought, there can be no guarantee that none will be filed in the future. Jones continues to represent Peter Roe in his role as a witness in this case and in related pending civil state court litigation. His "role" is an active one, and it is on behalf of a client with significant personal interest in the outcome of this matter.

The fact that Attorney Jones represents Peter Roe in the context of a criminal matter that is intimately connected to this civil matter raises particularly serious concerns about allowing his deposition, including Sixth Amendment concerns. See, e.g., Fisher v. United States, 425 U.S. 391, 403 (1976). Invasion into the private files "of a criminal defense attorney can thus raise Sixth Amendment concerns that would not otherwise be present" with regard to a civil litigation attorney. United States v. Stewart, No. 02CR00395(JGK), 2002 WL 1300059, at *5 (S.D.N.Y. June 11, 2002). Attorney Jones' role in connection to this matter is a significant one, as he is charged with protecting the rights of a party, Peter Roe, exposed to serious harms. Accordingly, the second Friedman factor weighs against permitted the deposition of Attorney Jones.

The third Friedman factor is "the risk of encountering privilege and work-product issues[.]" Friedman, 350 F.3d at 72. Plaintiff argues that this factor weighs in favor of allowing the deposition, because, she contends, she "has specifically

16

asserted that her questions will be limited to non-privileged communications." Doc. #134 at 12. However, "given the topical areas defendant has identified for the deposition, the risk that privilege and attorney work-product issues might arise were plaintiff counsel's deposition to go forward is not negligible." Dominion Res. Servs., Inc., 2017 WL 3228120, at *5. The Court agrees with Attorney Jones that "[r]equiring an attorney representing a client about whom a criminal complaint has been made to divulge documents and/or communications with a prosecutor ... undermines the very purpose of the work-product doctrine, which protects from disclosure the mental impressions and legal analyses of said attorney in anticipation of litigation, i.e. criminal charges." Doc. #125-3 at 16. Sections 1(a) and 1(d) of Schedule A address topics that would present a significant risk of encountering privileged information. Accordingly, the third Friedman factor weighs against permitting the deposition of Attorney Jones.

The final Friedman factor is "the extent of discovery already conducted." Friedman, 350 F.3d at 72. As noted above, a great deal of discovery has already been obtained, through various means, by plaintiff, including on the topics as to which she seeks to depose Jones. Where a large "quantity of materials" has already been "gathered (through depositions, interrogatories and production requests)" by the party seeking to depose an

17

attorney, this factor weighs against allowing the deposition of the attorney. Tucker v. Am. Int'l Grp., Inc., No. 3:09CV01499(CSH), 2012 WL 314866, at *14 (D. Conn. Jan. 31, 2012). "Plaintiff has already obtained Mr. Jones's written communications with the Greenwich Police Department and the individual defendants[.]" Doc. #125-3 at 11. Plaintiff has now had ample opportunity to inquire into the communications of Attorney Jones with the GPD and the individual defendants. See Doc. #144 at 4. Plaintiff has noticed the depositions of Peter Roe, see Doc. #119, as well as Brunswick School's headmaster, and the two individuals who paid for Peter Roe's attorney's fees. See Doc. #144 at 4. Accordingly, the "extent of discovery completed" weighs against allowing the deposition of Attorney Jones. Friedman, 350 F.3d at 72.

Taking "into consideration all of the relevant facts and circumstances[,]" the Court concludes that plaintiff should not be permitted to depose Jones, even on the two topics as to which the requested information would potentially be relevant and discoverable in this matter. Friedman, 350 F.3d at 72.

### IV. Conclusion

For the reasons stated herein, the Court **GRANTS** Attorney Jones' motion to quash non-party subpoena and for a protective order.

It is so ordered. Dated at New Haven, Connecticut, this 10th day of January, 2020.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE