UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
JANE DOE                       :   Civ. No. 3:18CV01322(KAD)
                               :
v.                             :
                               :
TOWN OF GREENWICH, et al.      :   April 21, 2020
                               :
-------------------------------x
```

### RULING ON BRUNSWICK'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER (Doc. #175)

Brunswick School, Inc. ("Brunswick") has filed a motion seeking to quash non-party subpoenas directed to Thomas Phillip, Michael DeAngelo, and Seth Potter, and for a protective order. See Doc. #175. The subpoenas, which seek both deposition testimony and document production, were served by plaintiff Jane Doe ("plaintiff" or "Doe"). For the reasons set forth herein, Brunswick's motion to quash and for a protective order **[Doc. #175]** is **DENIED, without prejudice**, for lack of standing.[1]

## I. Legal Standard

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding

---

[1] The relevant factual background of this matter is well-known to the parties and documented in the Court's prior rulings. The Court thus declines to repeat it here.

1

the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

"Pursuant to Rule 45 [of the Federal Rules of Civil Procedure], any party may serve a subpoena commanding a non-party to produce designated documents." Crespo v. Beauton, No. 3:15CV00412(WWE)(WIG), 2016 WL 259637, at *2 (D. Conn. Jan. 21, 2016) (citation and quotation marks omitted). Rule 45 also permits a party to "serve a subpoena commanding a nonparty 'to attend and testify[.]'" Weinstein v. Univ. of Conn., No. 3:11CV01906(WWE), 2012 WL 3443340, at *2 (D. Conn. Aug. 15, 2012) (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)).

II. **Discussion**

As a threshold matter, the Court considers whether Brunswick has standing to move to quash or for a protective order as to these subpoenas. See United States Reg'l Econ. Dev. Auth., LLC v. Matthews, No. 3:16CV01093(CSH), 2018 WL 2172713, at *7 (D. Conn. May 10, 2018) ("The Court will first address the threshold question of standing, as the [subpoenas are] directed to a nonparty."). The Court has previously addressed the question of whether Brunswick has standing to bring a motion to quash or for protective order on behalf of third parties. See

Doc. #154.[2]

"In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975). "Rather, only the person or entity to whom a subpoena is directed has standing to file a motion to quash." Jacobs v. Connecticut Cmty. Tech. Colleges, 258 F.R.D. 192, 194-95 (D. Conn. 2009).

> A party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right. If a party moves to quash a subpoena directed at a nonparty, the claim of privilege or right must be personal to the movant, not the nonparty the subpoena was served on.

Strike 3 Holdings, LLC v. Doe, 337 F. Supp. 3d 246, 251-52 (W.D.N.Y. 2018) (citations and quotation marks omitted); see also United States Reg'l Econ. Dev. Auth., LLC, 2018 WL 2172713, at *8; Weinstein, 2012 WL 3443340, at *2. The same standing rules apply whether the request for relief is styled as a motion to quash or as a motion for protective order. See Dominion Res. Servs., Inc. v. Alstom Power, Inc., No. 3:16CV00544(JCH)(SALM), 2017 WL 3575892, at *3 (D. Conn. Aug. 18, 2017) (collecting cases).

---

[2] The Court previously denied Brunswick's Motion to Quash (Doc. #123) subpoenas issued to Attorneys Michael J. Jones, Eugene R. Riccio, and Philip Russell on the grounds that Brunswick did not have standing to bring such a motion. See Doc. #154 at 1, 12.

3

Brunswick seeks to quash subpoenas served by plaintiff on three Brunswick employees: Thomas Phillip, headmaster of Brunswick; Michael DeAngelo, Director of Safety and Security at Brunswick; and Seth Potter, a Brunswick teacher. See Doc. #175. Each subpoena seeks both deposition testimony and document production. See Doc. #175-4 at 2, 5-6; Doc. #175-5 at 2, 5; Doc. #175-6 at 2, 5.

We have been down this road before. Brunswick has been advised by the Court that it must have standing to object to subpoenas issued to third parties. See Doc. #154 at 10. The Court has also previously identified and discussed the types of privileges and privacy interests that might give a party standing to challenge subpoenas issued to third parties. See id.[3] Yet Brunswick makes no argument at all that it has standing to bring this motion.[4] Brunswick asserts no "privilege or right ... personal to" Brunswick implicated by the subpoenas. United

---

[3] "Decisions issued in this District such as Weinstein, 2012 WL 3443340, and Matthews, 2018 WL 2172713, collect and discuss the types of privileges and privacy interests that could give rise to standing to challenge a subpoena to a third party." Doc. #154 at 10.

[4] Plaintiff has not raised the issue of standing in her objection, either. See Doc. #180. The Court, however, considers the question of standing sua sponte. Cf. Meyer Corp. U.S. v. Alfay Designs, Inc., No. 10CV03647(CBA)(MDG), 2012 WL 3537001, at *1 (E.D.N.Y. Aug. 14, 2012) ("All the courts ruling on motions to quash first determined whether the party seeking to quash had a privilege or privacy interest at stake.").

4

States ex rel. Ortiz v. Mount Sinai Hosp., 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016) (citations and quotation marks omitted). Rather, Brunswick's arguments focus on relevancy and breadth. See, e.g., Doc. #175-1 at 4 (describing subpoenas as requiring witnesses to "produce irrelevant documents"); id. at 7 (arguing that the subpoenas "seek irrelevant documents" and are "overly broad[,]" and that the requested documents have "no relevance" or "are not relevant[]"). Brunswick has no standing to raise these objections as they apply to subpoenas issued **to others**. "[A] challenge to a subpoena based on grounds of relevance or burden may only be raised by the entity to which the subpoena is directed; a party lacks standing to raise such challenges to a subpoena directed at a nonparty." United States Reg'l Econ. Dev. Auth., LLC, 2018 WL 2172713, at *8. Likewise, Brunswick lacks standing to assert: "The Court must quash the subpoenas to prevent Plaintiff from harassing nonparties." Doc. #175-1 at 6. The recipients of the subpoenas are, of course, free to make such an argument.

Brunswick's brief asserts, rather in passing, that the subpoenas "impose undue burdens on non-party Brunswick." Doc. #175-1 at 2. Accepting, for the sake of argument, that an undue burden on Brunswick might constitute the sort of "personal interest" that would permit Brunswick to seek relief in regard to these subpoenas, the claim fails. Cf. A & R Body Specialty &

5

Collision Works, Inc. v. Progressive Cas. Ins. Co., No. 3:07CV00929(WWE), 2013 WL 6212159, at *4 (D. Conn. Nov. 26, 2013) ("Plaintiffs have failed to articulate the extent of their claimed burden with respect to the outstanding [third party] subpoenas, which would justify the entry of the requested order."). Brunswick makes no effort to articulate what any such burden **on Brunswick** may be. Likewise, there is no claim of an invasion of any privilege held by Brunswick. The subpoenas themselves seek only "non-privileged documents" and the Court presumes that any questioning at depositions will likewise be appropriately limited.

An objecting party "lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena." Weinstein, 2012 WL 3443340, at *2 (citation and quotation marks omitted); see also Dominion Res. Servs., Inc., 2017 WL 3575892, at *3. Brunswick has not asserted any personal right or privilege implicated by the testimony and documents sought by the subpoenas issued to Thomas Phillip, Michael DeAngelo, and Seth Potter. See generally Docs. #175, 198. Brunswick's "general desire to thwart disclosure of information by a non-party is simply not an interest sufficient to create standing." US Bank Nat. Ass'n v. PHL Variable Ins. Co., No. 12CV06811(CM)(JCF), 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012). Accordingly, the

6

Court concludes that Brunswick does not have standing to challenge the subpoenas.

**IV. Conclusion**

For the reasons stated herein, the Court **DENIES** Brunswick's motion to quash and motion for protective order **[Doc. #175]**, **without prejudice**, for lack of standing. If any individual to whom a subpoena has been directed wishes to challenge that subpoena on any cognizable basis, that individual may file an appropriate motion within 21 days of the entry of this Ruling.

It is so ordered. Dated at New Haven, Connecticut, this 21st day of April, 2020.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE