# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:18-cv-01322-KAD |
| | : | |
| V. | : | |
| | : | |
| TOWN OF GREENWICH, | : | |
|    Defendant. | : | MAY 12, 2020 |

**MR. PHILIP'S OBJECTIONS TO PLAINTIFF'S DOCUMENT REQUESTS**

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Thomas Philip. ("Mr. Philip") Objects to the Document Requests attached to the subpoena to him dated February 17, 2020 (the "Document Requests"), as follows:

**GENERAL OBJECTIONS**

**1.        Mr. Philip objects to the Document Requests on the ground that Plaintiff obtained from Brunswick and Mr. Philip all the documents potentially relevant to this action during discovery in the State Court Action and that the Document Requests are intended to annoy, harass, or otherwise impose an undue burden on Mr. Philip.  Under the circumstances, it is unduly burdensome for Mr. Philip to be required to search for and produce additional documents.  Indeed, Mr. Philip expended significant time and effort and Brunswick expended significant resources searching for, reviewing, and producing documents in the State Court Action, where the scope of discovery was broader.  Mr. Philip should not be required to expend significant additional time searching for documents again.**

**2.        Mr. Philip objects to the Document Requests on the ground that all of Plaintiff's requests constitute a fishing expedition for evidence of "collusion" that is unwarranted in light of the fact that the extensive discovery Plaintiff has had in two lawsuits has not produced any evidence of "collusion."  Plaintiff's requests are unduly burdensome in light of the documents already produced and the lack of evidence of "collusion," and the theories Plaintiff advances to attempt to justify the production of the requested documents are "far too attenuated to support the request[s]."  (*See, e.g.*, Doc. No. 173 at 14.)**

**3.        Mr. Philip objects to the Document Requests to the extent they seek information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, protective doctrine, or immunity from discovery.  Mr. Philip also objects to the Document Requests to the extent they seek information prepared by or for counsel in anticipation of litigation.  Any inadvertent disclosure of any information protected by any privilege shall not constitute a waiver of that privilege.**

1

**4.** Mr. Philip objects to the Document Requests to the extent they seek disclosure of confidential business information, or disclosure of sensitive, personal, or confidential information that would invade the privacy rights of Brunswick's current or former students, employees, or individuals who are not parties to this litigation under the common law, Connecticut's Personnel Files Act, Conn. Gen. Stat. §§ 31-128a *et seq*, and/or any other statute, regulation, or other provision regarding privacy. Brunswick's Handbook provides: "It is expected that teachers and administrators [such as Mr. Philip] will . . . [k]eep all information about students . . . and parents confidential." (Doc. No. 211-1 at 4). Mr. Philip further objects to producing any requested documents on the ground that such documents are "not proportional to the needs of this case[] and unreasonably infringe[] the privacy interests of non-party minors." (*See, e.g.*, Doc. No. 173 at 11 and cases cited therein.)

**5.** Mr. Philip objects to the Document Requests on the ground that they are vexatious, are designed to harass or annoy, are not limited to the subject matter of the proceeding, and otherwise seek discovery of information that is not material, relevant, necessary to the prosecution or defense of this action, and/or call for information that is publicly available, is already in the requesting party's possession, or is as easily obtained from other sources, including the Greenwich Police Department (the "GPD").

**6.** Mr. Philip objects to the Document Requests to the extent that they fail to describe the documents requested with reasonable particularity and purport to require Mr. Philip to conduct an investigation to determine whether each and every document in its possession – on a document-by-document basis – is or is not responsive.

**7.** Mr. Philip objects to the Document Requests to the extent that they assume that the information requested actually exists or the events referenced actually occurred, or that they otherwise assume facts or legal conclusions in defining the category or nature of the requested information. The failure to object to each such assumption in no way constitutes an admission by Mr. Philip that such information exists, that such events actually occurred, or that such factual or legal conclusions are correct.

**8.** Nothing in these objections shall be deemed to be a waiver or admission of any fact in any other stage of this action.

**9.** Mr. Philip reserves the right, but does not assume any obligation, to revise, correct, supplement, or clarify the content of the objections herein.

**10.** Mr. Philip reserves the right, subject to Court approval if necessary and/or appropriate, to, among other things, redact identifying, personal, or private information from information and/or documents produced in response to the Document Requests.

**11.** Mr. Philip incorporates the General Objections into each objection herein as if fully set forth below.

2

## OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS

1. "All documents concerning or reflecting communications with Peter Roe, [Student 4], [Student 5], [Student 6] or [GA Student 1], and/or any member of the Roe, [Student 4], [Student 5], [Student 6], or [GA Student 1] family about the police investigation of the events which occurred at the pool gathering at Jane Doe's home on June 3, 2016 (the "Pool Party"). This request includes text messages."

**OBJECTION:**

**In addition to the General Objections above, which are incorporated here, Mr. Philip objects to Request No. 1 on the ground that communications between Mr. Philip and third parties (*i.e.*, not the GPD) are not relevant to the "very limited theory of liability against the" GPD that the GPD "colluded" with Brunswick to ensure that Peter Roe was not charged with a crime. Request No. 1 is a fishing expedition and the Court has already determined that communications between Mr. Philip and third parties are not relevant to this case. *See, e.g.*, Doc. No. 115 at 19 ("Again, the Plaintiff attempts to conflate the actions of the Defendants with the [alleged] third party actions of Brunswick and multiple unnamed students."); Transcript of Proceedings Sept. 11, 2019 at 29:15–18 (responding to an argument by Plaintiff's counsel that there are "witnesses . . . who were influenced by" Brunswick "and changed their story" by explaining: "The Court: [T]he question for the jury is going to be the police's conduct, not these witnesses who might have lied. If somebody lies to the police, how does that become a police problem?"); Doc. No. 153 at 10–11 (concluding Attorney Jones' communications with third parties not relevant). Request No. 1 is also not proportional to the needs of this case and unreasonably infringes the privacy interests of non-party minors. (*See, e.g.*, Doc. No. 173 at 11 and authorities cited therein). Mr. Philip further objects to Request No. 1 on the ground that it is overbroad insofar as it is not limited to the period of time during which the GPD's investigation was ongoing and that complying with Plaintiff's request would be unduly burdensome in light of the irrelevant and overbroad nature of the Request and the extensive, time consuming, and extensive searches Mr. Philip has already undertaken to respond to similar requests in the State Court Action.**

2. "All documents concerning or reflecting communications regarding the police investigation of the events at the Pool Party, including without limitation communications with others associated with Brunswick School, on the Board of Trustees of Brunswick School, or the security staff of Brunswick School, Greenwich Academy administration or staff, and Christy Girard. This request includes text messages."

**OBJECTION:**

**In addition to the General Objections above, which are incorporated here, Mr. Philip objects to Request No. 2 on the ground that the requested communications are not relevant to this case to the extent they are not communications between Mr. Philip and the GPD.** *See*

3

**Mr. Philip's Objection to Request No. 1 and Documents Cited Therein. Request No. 2 seeks irrelevant documents and is overly broad and unduly burdensome because the only potentially relevant documents—communications between Brunswick and the GPD—are already in Plaintiff's possession and are more readily obtained from the GPD in any event. The Court recently concluded that "communications among GPD officers who accessed the Doe file" were not relevant "to the claim remaining in this case." (Doc. No. 173 at 21.) The same is true of communications between individuals at Brunswick and even more true of communications between Mr. Philip and third parties. Mr. Philip also objects to Request No. 2 on the ground that even if otherwise proper, Request No. 2 is not limited in time and that complying with it would be unduly burdensome in light of the wide array of communications it seeks (such as documents concerning communications with any staff member at Greenwich Academy) and the extensive searches Mr. Philip already conducted.**

3. "All documents concerning or reflecting communications with any current or former member of the Greenwich Police Department regarding the events which occurred at the Pool Party. This request includes text messages."

**OBJECTION:**

**In addition to the General Objections above, which are incorporated here, Mr. Philip objects to Request No. 3 on the ground that Plaintiff already has communications with the GPD and all other documents are irrelevant.** *See* **Mr. Philip's Objection to Request No. 1 and Documents Cited Therein. Mr. Philip further objects to Request No. 3 on the ground that it is overly broad to the extent it is not limited to communications with the GPD during the course of the GPD's investigation and that complying with it would be unduly burdensome in light of the fact that Mr. Philip has already expended enormous time and effort searching for and providing documents to Plaintiff in the State Court Action.**

4. "All documents concerning or reflecting communications regarding the police investigation of the events at the Pool Party with Eugene Riccio. This request includes text messages."

**OBJECTION:**

**In addition to the General Objections above, which are incorporated here, Mr. Philip objects to Request No. 4 on the ground that the requested documents are irrelevant under, among other things, the Court's ruling on Attorney Jones' Motion to Quash (Doc. No. 153) and that Request No. 4 constitutes a fishing expedition.** *See* **'s Mr. Philip's Objection to Request No. 1 and Documents Cited Therein;** *see also, e.g.***, Doc. No. 153 at 10–11 ("[W]hatever communications [Attorney Jones] may or may not have had with persons employed by Greenwich Academy or Brunswick School, or with persons affiliated with Brunswick School, or with other attorneys for Peter Roe and various entities, are not relevant to the question of whether the defendants in this case colluded or conspired with Brunswick School in any way.") Even if it were otherwise proper despite the Court's prior contrary ruling on this issue, Request No. 4 is overly broad because it is not limited to communications during the GPD investigation. Complying with Request No. 4 would be**

4

**unduly burdensome in light of the Court's prior ruling and the fact that Mr. Philip has expended enormous time and effort searching for documents in the State Court Action.**

5. "All documents concerning or reflecting communications regarding the police investigation of the events at the Pool Party with Michael Jones. This request includes text messages."

**In addition to the General Objections above, which are incorporated here, Mr. Philip objects to Request No. 5 on the ground that the requested documents are irrelevant under, among other things, the Court's express holding in its ruling on Attorney Jones' Motion to Quash (Doc. No. 153), that Request No. 5 is a fishing expedition, and that it is overly broad and unduly burdensome for the reasons articulated in Mr. Philip's Objection to Request No. 4.** *See* **Mr. Philip's Objections to Request Nos. 1 & 4 and Documents Cited Therein.**

6. "All documents concerning or reflecting communications regarding the police investigation of the events at the Pool Party with Philip Russell. This request includes text messages."

**In addition to the General Objections above, which are incorporated here, Mr. Philip objects to Request No. 6 on the ground that the requested documents are irrelevant under, among other things, the Court's ruling on Attorney Jones' Motion to Quash (Doc. No. 153), that Request No. 6 is a fishing expedition, and that Request No. 6 is overly broad and unduly burdensome for the reasons articulated in Mr. Philip's Objection to Request No. 4.** *See* **Mr. Philip's Objections to Request Nos. 1 & 4 and Documents Cited Therein.**

7. "All documents concerning or reflecting communications regarding police inquiries into any party attended by a Brunswick School student during Fall 2014. This request includes text messages."

**OBJECTION:**

**In addition to the General Objections above, which are incorporated here, Mr. Philip objects to Request No. 7 on the ground that other matters are not relevant to this case under, among other things, the Court's ruling on Attorney Jones' Motion to Quash (Doc. No. 153). *See* Mr. Philip's Objection to Request Nos. 1 & 4 and Documents Cited Therein;** *see also, e.g.*, **Doc. No. 153 at 11 ("Further, to the extent the requests set forth in 1(a) and 1(d) seek relevant information, their scope must be limited to 'the investigation into the complaint of sexual assault made by Jane Doe against Peter Roe in 2016."). Even if other matters were discoverable, the alleged 2014 matter is not because the lack of prosecution in that case had nothing to do with "collusion." The alleged victim "said she was not raped but agreed to the sexual contact," (Doc. No. 162-3 at 1), and her parents requested the GPD "not pursue any changes" "due to privacy concerns and the well-being of [their] daughter," (Doc. No. 162-3 at 2.) Request No. 7 therefore constitutes an impermissible fishing expedition that implicates the privacy rights of various nonparties, including minors. Those privacy rights outweigh any need Plaintiff has for the documents, particularly in light of the evidence establishing that the lack of prosecution in the alleged 2014 matter had nothing to do with "collusion."**

5

**Even if the 2014 matter was somehow relevant, Request No. 7 is overly broad because it is not limited to communications between Mr. Philip and the GPD and is not limited in time to communications during the course of the investigation into the alleged 2014 matter. Finally, complying with Request No. 7 would be unduly burdensome in light of the extensive discovery Plaintiff has already obtained in the broader State Court Action, which included documents related to the alleged 2014 matter. Mr. Philip should not have to conduct additional searches for documents related to a matter he already searched for.**

8. "All documents concerning or reflecting communications regarding the statement by the Greenwich Police Department in November 2014 regarding its investigation of parties attended by minors during Fall 2014. This request includes text messages."

**In addition to the General Objections above, which are incorporated here, Mr. Philip objects to Request No. 8 on the grounds articulated in Mr. Philip's Objection to Request No. 7. In addition, Request No. 8 is even more of a fishing expedition because it seeks documents concerning a public statement about an alleged matter from 2014. The public statement was issued by an officer who was not otherwise involved in the investigation of the alleged underlying incidents in response to a request from the press during a routine briefing.**

9. "All documents concerning or reflecting communications with any current or former member of the Greenwich Police Department regarding any incident involving a Brunswick student from January 1, 2012 to the present. This request includes text messages."

**In addition to the General Objections above, which are incorporated here, Mr. Philip objects to Request No. 9 on the grounds articulated in Mr. Philip's Objection to Request No. 7 and on the ground that Request No. 9 is a classic fishing expedition that seeks confidential information that has nothing to do with this case and that implicates the privacy rights of various nonparties, including minors. Mr. Philip further objects to Request No. 9 on the ground that even if it was otherwise proper, which it is not, it is not limited to investigations at all, never mind investigations that did not result in the filing of charges. (Doc. No. 173 at 10.) The time period identified in Request No. 9 is also overbroad given the narrow theory of this case. Mr. Philip also objects on the ground that complying with Request No. 9 would be exceptionally burdensome given the fact that, among other things, Request No. 9 does not concern specific, identifiable matters and spans the course of more than eight years.**

6

THOMAS PHILIP

By: */s/ James M. Sconzo*
James M. Sconzo (ct04571)
Brendan N. Gooley (ct30584)
CARLTON FIELDS
One State Street, Suite 1800
Hartford, CT  06103
Telephone:  860-392-5000
Facsimile:  860-392-5058
Email: jsconzo@carltonfields.com
bgooley@carltonfields.com

His Attorneys

## **CERTIFICATION**

I hereby certify that, on this 12th day of May, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                  */s/ James M. Sconzo*
                                                  James M. Sconzo

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE<br>    Plaintiff, | CIVIL ACTION NO.<br>3:18-cv-01322-KAD |
| V. | |
| TOWN OF GREENWICH,<br>    Defendant. | MARCH 2, 2020 |

## BRUNSWICK'S OBJECTIONS TO PLAINTIFF'S DOCUMENT REQUESTS TO THOMAS PHILIP

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Brunswick School, Inc. ("Brunswick") Objects to the Document Requests attached to the subpoena to Thomas Philip dated February 17, 2020 (the "Document Requests"), as follows:

### GENERAL OBJECTIONS

1. Brunswick objects to the Document Requests on the ground that Plaintiff obtained from Brunswick all the documents potentially relevant to this action during discovery in the State Court Action and that the Document Requests are intended to annoy, harass, or otherwise impose an undue burden on Brunswick. Under the circumstances, it is unduly burdensome for Brunswick to be required to produce additional documents. Indeed, Brunswick expended significant resources searching for, reviewing, and producing documents in the State Court Action, where the scope of discovery was broader.

2. Brunswick objects to the Document Requests on the ground that all of Plaintiff's requests constitute a fishing expedition for evidence of "collusion" that is unwarranted in light of the fact that the extensive discovery Plaintiff has had in two lawsuits has not produced any evidence of "collusion." Plaintiff's requests are unduly burdensome in light of the documents already produced and the lack of evidence of "collusion," and the theories Plaintiff advances to attempt to justify the production of the requested documents are "far too attenuated to support the request[s]." (*See, e.g.*, Doc. No. 173 at 14.)

3. Brunswick objects to the Document Requests to the extent they seek information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, protective doctrine, or immunity from discovery. Brunswick also objects to the Document Requests to the extent they seek information prepared by or for counsel in anticipation of litigation. Any inadvertent disclosure of any information protected by any privilege shall not constitute a waiver of that privilege.

1

4.  Brunswick objects to the Document Requests to the extent they seek disclosure of confidential business information, or disclosure of sensitive, personal, or confidential information that would invade the privacy rights of Brunswick's current or former students, employees, or individuals who are not parties to this litigation under the common law, Connecticut's Personnel Files Act, Conn. Gen. Stat. §§ 31-128a *et seq*, and/or any other statute, regulation, or other provision regarding privacy. Brunswick further objects to producing any requested documents on the ground that such documents are "not proportional to the needs of this case[] and unreasonably infringe[] the privacy interests of non-party minors." (*See, e.g.*, Doc. No. 173 at 11 and cases cited therein.)

5.  Brunswick objects to the Document Requests on the ground that they are vexatious, are designed to harass or annoy, are not limited to the subject matter of the proceeding, and otherwise seek discovery of information that is not material, relevant, necessary to the prosecution or defense of this action, and/or call for information that is publicly available, is already in the requesting party's possession, or is as easily obtained from other sources, including the Greenwich Police Department (the "GPD").

6.  Brunswick objects to the Document Requests to the extent that they fail to describe the documents requested with reasonable particularity and purport to require Brunswick to conduct an investigation to determine whether each and every document in its possession – on a document-by-document basis – is or is not responsive.

7.  Brunswick objects to the Document Requests to the extent that they assume that the information requested actually exists or the events referenced actually occurred, or that they otherwise assume facts or legal conclusions in defining the category or nature of the requested information. The failure to object to each such assumption in no way constitutes an admission by Brunswick that such information exists, that such events actually occurred, or that such factual or legal conclusions are correct.

8.  Nothing in these objections shall be deemed to be a waiver or admission of any fact in any other stage of this action.

9.  Brunswick reserves the right, but does not assume any obligation, to revise, correct, supplement, or clarify the content of the objections herein.

10. Brunswick reserves the right, subject to Court approval if necessary and/or appropriate, to, among other things, redact identifying, personal, or private information from information and/or documents produced in response to the Document Requests.

11. Brunswick incorporates the General Objections into each objection herein as if fully set forth below.

## OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS

1. "All documents concerning or reflecting communications with Peter Roe, [Student 4], [Student 5], [Student 6] or [GA Student 1], and/or any member of the Roe, [Student 4], [Student 5], [Student 6], or [GA Student 1] family about the police investigation of the events which occurred at the pool gathering at Jane Doe's home on June 3, 2016 (the "Pool Party"). This request includes text messages."

**OBJECTION:**

In addition to the General Objections above, which are incorporated here, Brunswick objects to Request No. 1 on the ground that communications between Mr. Philip and third parties (*i.e.*, not the GPD) are not relevant to the "very limited theory of liability against the" GPD that the GPD "colluded" with Brunswick to ensure that Peter Roe was not charged with a crime. Request No. 1 is a fishing expedition and the Court has already determined that communications between Brunswick and third parties are not relevant to this case. *See, e.g.*, Doc. No. 115 at 19 ("Again, the Plaintiff attempts to conflate the actions of the Defendants with the [alleged] third party actions of Brunswick and multiple unnamed students."); Transcript of Proceedings Sept. 11, 2019 at 29:15–18 (responding to an argument by Plaintiff's counsel that there are "witnesses . . . who were influenced by" Brunswick "and changed their story" by explaining: "The Court: [T]he question for the jury is going to be the police's conduct, not these witnesses who might have lied. If somebody lies to the police, how does that become a police problem?"); Doc. No. 153 at 10–11 (concluding Attorney Jones' communications with third parties not relevant). Request No. 1 is also not proportional to the needs of this case and unreasonably infringes the privacy interests of non-party minors. (*See, e.g.*, Doc. No. 173 at 11 and authorities cited therein). Brunswick further objects to Request No. 1 on the ground that it is overbroad insofar as it is not limited to the period of time during which the GPD's investigation was ongoing and that complying with Plaintiff's request would be unduly burdensome in light of the irrelevant and overbroad nature of the Request and the extensive, time consuming, and costly searches Brunswick has already undertaken to respond to similar requests in the State Court Action.

2. "All documents concerning or reflecting communications regarding the police investigation of the events at the Pool Party, including without limitation communications with others associated with Brunswick School, on the Board of Trustees of Brunswick School, or the security staff of Brunswick School, Greenwich Academy administration or staff, and Christy Girard. This request includes text messages."

**OBJECTION:**

In addition to the General Objections above, which are incorporated here, Brunswick objects to Request No. 2 on the ground that the requested communications are not relevant to this case to the extent they are not communications between Brunswick and the GPD. *See* Brunswick's Objection to Request No. 1 and Documents Cited Therein. Request No. 2 seeks irrelevant documents and is overly broad and unduly burdensome because the only potentially relevant documents—communications between Brunswick and the GPD—are

already in Plaintiff's possession and are more readily obtained from the GPD in any event. The Court recently concluded that "communications among GPD officers who accessed the Doe file" were not relevant "to the claim remaining in this case." (Doc. No. 173 at 21.) The same is true of communications between individuals at Brunswick and even more true of communications between Brunswick and third parties. Brunswick also objects to Request No. 2 on the ground that even if otherwise proper, Request No. 2 is not limited in time and that complying with it would be unduly burdensome in light of the wide array of communications it seeks (such as documents concerning communications with any staff member at Greenwich Academy) and the extensive searches Brunswick already conducted.

3. "All documents concerning or reflecting communications with any current or former member of the Greenwich Police Department regarding the events which occurred at the Pool Party. This request includes text messages."

**OBJECTION:**

In addition to the General Objections above, which are incorporated here, Brunswick objects to Request No. 3 on the ground that Plaintiff already has communications with the GPD and all other documents are irrelevant. *See* Brunswick's Objection to Request No. 1 and Documents Cited Therein. Brunswick further objects to Request No. 3 on the ground that it is overly broad to the extent it is not limited to communications with the GPD during the course of the GPD's investigation and that complying with it would be unduly burdensome in light of the fact that Brunswick has already expended enormous time and effort searching for and providing documents to Plaintiff in the State Court Action.

4. "All documents concerning or reflecting communications regarding the police investigation of the events at the Pool Party with Eugene Riccio. This request includes text messages."

**OBJECTION:**

In addition to the General Objections above, which are incorporated here, Brunswick objects to Request No. 4 on the ground that the requested documents are irrelevant under, among other things, the Court's ruling on Attorney Jones' Motion to Quash (Doc. No. 153) and that Request No. 4 constitutes a fishing expedition. *See* Brunswick's Objection to Request No. 1 and Documents Cited Therein; *see also, e.g.*, Doc. No. 153 at 10–11 ("[W]hatever communications [Attorney Jones] may or may not have had with persons employed by Greenwich Academy or Brunswick School, or with persons affiliated with Brunswick School, or with other attorneys for Peter Roe and various entities, are not relevant to the question of whether the defendants in this case colluded or conspired with Brunswick School in any way.") Even if it were otherwise proper despite the Court's prior contrary ruling on this issue, Request No. 4 is overly broad because it is not limited to communications during the GPD investigation. Complying with Request No. 4 would be unduly burdensome in light of the Court's prior ruling and the fact that Brunswick has expended enormous time and effort searching for documents in the State Court Action.

5. "All documents concerning or reflecting communications regarding the police investigation of the events at the Pool Party with Michael Jones. This request includes text messages."

In addition to the General Objections above, which are incorporated here, Brunswick objects to Request No. 5 on the ground that the requested documents are irrelevant under, among other things, the Court's express holding in its ruling on Attorney Jones' Motion to Quash (Doc. No. 153), that Request No. 5 is a fishing expedition, and that it is overly broad and unduly burdensome for the reasons articulated in Brunswick's Objection to Request No. 4. *See* Brunswick's Objections to Request Nos. 1 & 4 and Documents Cited Therein.

6. "All documents concerning or reflecting communications regarding the police investigation of the events at the Pool Party with Philip Russell. This request includes text messages."

In addition to the General Objections above, which are incorporated here, Brunswick objects to Request No. 6 on the ground that the requested documents are irrelevant under, among other things, the Court's ruling on Attorney Jones' Motion to Quash (Doc. No. 153), that Request No. 6 is a fishing expedition, and that Request No. 6 is overly broad and unduly burdensome for the reasons articulated in Brunswick's Objection to Request No. 4. *See* Brunswick's Objections to Request Nos. 1 & 4 and Documents Cited Therein.

7. "All documents concerning or reflecting communications regarding police inquiries into any party attended by a Brunswick School student during Fall 2014. This request includes text messages."

**OBJECTION:**

In addition to the General Objections above, which are incorporated here, Brunswick objects to Request No. 7 on the ground that other matters are not relevant to this case under, among other things, the Court's ruling on Attorney Jones' Motion to Quash (Doc. No. 153). *See* Brunswick's Objection to Request Nos. 1 & 4 and Documents Cited Therein; *see also, e.g.,* Doc. No. 153 at 11 ("Further, to the extent the requests set forth in 1(a) and 1(d) seek relevant information, their scope must be limited to 'the investigation into the complaint of sexual assault made by Jane Doe against Peter Roe in 2016.''). Even if other matters were discoverable, the alleged 2014 matter is not because the lack of prosecution in that case had nothing to do with "collusion." The alleged victim "said she was not raped but agreed to the sexual contact," (Doc. No. 162-3 at 1), and her parents requested the GPD "not pursue any changes" "due to privacy concerns and the well-being of [their] daughter," (Doc. No. 162-3 at 2.) Request No. 7 therefore constitutes an impermissible fishing expedition that implicates the privacy rights of various nonparties, including minors. Those privacy rights outweigh any need Plaintiff has for the documents, particularly in light of the evidence establishing that the lack of prosecution in the alleged 2014 matter had nothing to do with "collusion." Even if the 2014 matter was somehow relevant, Request No. 7 is overly broad because it is not limited to communications between Brunswick and the GPD and is not limited in time to communications during the course of the investigation into the alleged 2014 matter. Finally,

complying with Request No. 7 would be unduly burdensome in light of the extensive discovery Plaintiff has already obtained in the broader State Court Action, which included documents related to the alleged 2014 matter. Brunswick should not have to conduct additional searches for documents related to a matter it already searched for.

8. "All documents concerning or reflecting communications regarding the statement by the Greenwich Police Department in November 2014 regarding its investigation of parties attended by minors during Fall 2014. This request includes text messages."

In addition to the General Objections above, which are incorporated here, Brunswick objects to Request No. 8 on the grounds articulated in Brunswick's Objection to Request No. 7. In addition, Request No. 8 is even more of a fishing expedition because it seeks documents concerning a public statement about an alleged matter from 2014. The public statement was issued by an officer who was not otherwise involved in the investigation of the alleged underlying incidents in response to a request from the press during a routine briefing.

9. "All documents concerning or reflecting communications with any current or former member of the Greenwich Police Department regarding any incident involving a Brunswick student from January 1, 2012 to the present. This request includes text messages."

In addition to the General Objections above, which are incorporated here, Brunswick objects to Request No. 9 on the grounds articulated in Brunswick's Objection to Request No. 7 and on the ground that Request No. 9 is a classic fishing expedition that seeks confidential information that has nothing to do with this case and that implicates the privacy rights of various nonparties, including minors. Brunswick further objects to Request No. 9 on the ground that even if it was otherwise proper, which it is not, it is not limited to investigations at all, never mind investigations that did not result in the filing of charges. (Doc. No. 173 at 10.) The time period identified in Request No. 9 is also overbroad given the narrow theory of this case. Brunswick also objects on the ground that complying with Request No. 9 would be exceptionally burdensome given the fact that, among other things, Request No. 9 does not concern specific, identifiable matters and spans the course of more than eight years.

BRUNSWICK SCHOOL, INC.

By: */s/ James M. Sconzo*
James M. Sconzo (ct04571)
Brendan N. Gooley (ct30584)
CARLTON FIELDS
One State Street, Suite 1800
Hartford, CT 06103
Telephone: 860-392-5000
Facsimile: 860-392-5058
Email: jsconzo@carltonfields.com
       bgooley@carltonfields.com

Its Attorneys