UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
JANE DOE                      :    Civ. No. 3:18CV01322(KAD)
                              :
v.                            :
                              :
TOWN OF GREENWICH, et al.     :    June 25, 2020
                              :
------------------------------x
```

### RULING ON MOTIONS TO QUASH AND FOR PROTECTIVE ORDERS BY THOMAS PHILIP, MICHAEL DEANGELO, AND SETH POTTER (Docs. #220, #221, and #222)

Third party witnesses Thomas Philip, Michael DeAngelo, and Seth Potter have each filed a motion to quash the subpoena directed to him, and for a protective order. See Doc. #220 (Motion filed by Thomas Philip); Doc. #221 (Motion filed by Michael DeAngelo); Doc. #222 (Motion filed by Seth Potter). The subpoenas, which seek both deposition testimony and document production, were served by plaintiff Jane Doe ("plaintiff" or "Doe"). For the reasons set forth herein, Thomas Philip's Motion to Quash and for a Protective Order **[Doc. #220]** is **GRANTED, in part, and DENIED, in part**; Michael DeAngelo's Motion to Quash and for a Protective Order **[Doc. #221]** is **GRANTED, in part, and DENIED, in part**; and Seth Potter's Motion to Quash and for a Protective Order **[Doc. #222]** is **GRANTED**.[1]

---

[1] The relevant factual background of this matter is well-known to the parties and documented in the Court's prior rulings. The Court thus declines to repeat it here.

1

**I.     Legal Standard**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

"Pursuant to Rule 45 [of the Federal Rules of Civil Procedure], any party may serve a subpoena commanding a non-party to produce designated documents." Crespo v. Beauton, No. 3:15CV00412(WWE)(WIG), 2016 WL 259637, at *2 (D. Conn. Jan. 21, 2016) (citation and quotation marks omitted). Rule 45 also permits a party to "serve a subpoena commanding a nonparty 'to attend and testify[.]'" Weinstein v. Univ. of Conn., No. 3:11CV01906(WWE), 2012 WL 3443340, at *2 (D. Conn. Aug. 15, 2012) (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)). "[S]ubpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1), which provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Malibu Media, LLC v. Doe, No.

2

15CV03147(AJN), 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016) (citations and quotation marks omitted).

Pursuant to the Federal Rules of Civil Procedure, "a Court must quash or modify a subpoena issued to a non-party that ... '(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.'" Stancuna v. Iovene, No. 3:08CV00030(JBA), 2016 WL 11589754, at *2 (D. Conn. Oct. 31, 2016) (quoting Fed. R. Civ. P. 45(d)(3)(A)). "The burden of persuasion in a motion to quash a subpoena is borne by the movant." Travelers Indem. Co. v. Metro. Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005) (citations omitted). "Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome." Libaire v. Kaplan, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011) (citation and quotation marks omitted). "Whether a subpoena imposes an undue burden depends on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Jackson v. AFSCME Local 196, 246 F.R.D. 410, 412 (D. Conn. 2007) (citation and quotation marks omitted).

## II. Discussion

The Court addresses each motion below.

### A. Thomas Philip and Michael DeAngelo's Motions to Quash or for Protective Orders (Docs. #220 and #221)

Thomas Philip, headmaster of Brunswick School, and Michael DeAngelo, Director of Safety and Security at Brunswick School have each filed a motion to quash the subpoena served on him by plaintiff, or in the alternative for a protective order. [Docs. #220 and #221]. As required by Rule 26, the Court begins its analysis with the question of relevance: Is the information sought in the depositions of Thomas Philip and Michael DeAngelo, and in Schedule A to the subpoenas, relevant to any claim or defense in this case? "In response to a motion to quash a subpoena, the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Libaire, 760 F. Supp. 2d at 291 (citation and quotation marks omitted).

The Court has reviewed the briefing on the pending motion;[2] the operative complaint; Judge Dooley's ruling on the defendants' motion to dismiss; the other pending motions; and numerous other documents in the docket. The undersigned has been

---

[2] Plaintiff filed oppositions to the motions filed by Thomas Philip, Michael DeAngelo, and Seth Potter. See Docs. #229, #235, and #236. Thomas Philip, Michael DeAngelo, and Seth Potter each filed a reply memorandum in support of his motion. See Docs. #245, #246, and #247.

4

addressing discovery disputes in this case since May 2019. See Doc. #78 (Judge Dooley's first discovery referral to the undersigned); Docs. #102, #117, #153, #154, #167, #173, #213 (discovery rulings entered by the undersigned). The Court is thoroughly familiar with the contours of this case.

Plaintiff's remaining claim is an equal protection claim under Myers v. County of Orange, 157 F.3d 66 (2d Cir. 1998). See Doc. #115 at 8-10. Plaintiff asserts this claim under the theory that her equal protection rights were violated by an alleged policy or practice of collusion between Brunswick School and the Greenwich Police Department ("GPD"). See id.[3]

---

[3] Mr. Philip asserts in his reply memorandum that "Plaintiff's Concession That Her Case Is Not About 'Collusion' Renders Any Discovery From Brunswick's Employees and/or Mr. Philip Unwarranted." Doc. #245 at 2. Michael DeAngelo and Seth Potter make similar arguments in their reply briefs submitted to the Court. See Doc. #246 at 2; Doc. #247 at 2. These assertions are based on plaintiff's memorandum in connection with another discovery dispute, in which plaintiff wrote: "Plaintiff's claim is violation of the Equal Protection clause of the Constitution, not collusion." Doc. #240 at 8. The Court does not agree that this statement alters the relevant claim in this case. The claim asserted in the Operative Complaint, and discussed by Judge Dooley in her ruling on the motion to dismiss, is a violation of plaintiff's Equal Protection rights, see Doc. #115 at 9-10, brought under the theory that there exists a policy of collusion between Brunswick and GPD that led to the violation. See Doc. #115 at 8-10; see also Doc. #115 at 8 (Plaintiff "asserts that that the policy 'deprived her of the right to be treated the same as other victims of criminal assaults in the police investigation of her complaint', and that it serves no legitimate governmental interest.") (sic)). The GPD's alleged informal policy of treating complaints against Brunswick students differently than complaints against others, and the allegations of collusion between Brunswick and the GPD to

5

i.  <u>Subpoenas Duces Tecum</u>

Plaintiff seeks a variety of documents from Mr. Philip and Mr. DeAngelo. Mr. Philip and Mr. DeAngelo move to quash generally on the grounds that the subpoenas are overly broad, unduly burdensome, and seek irrelevant information.

In her objection to Mr. Philip's Motion to Quash, plaintiff asserts that GPD "Chief Heavy testified to contacts with [Mr.] Philip." Doc. #229 at 7. Plaintiff attaches to her opposition deposition testimony from Chief Heavy, in which he describes interactions he had with Mr. Philip at the GPD station regarding a case involving a Brunswick student. <u>See</u> Doc. #229-4. Similarly, in her opposition to Mr. DeAngelo's motion, plaintiff asserts that "Michael DeAngelo admitted in his affidavit to communications with the GPD about the Doe/Roe investigation, and [Sergeant] Reeves admitted to speaking with DeAngelo." Doc. #235 at 7. The Court has reviewed Mr. DeAngelo's affidavit, as well as the provided portion of Sergeant Reeves' deposition, in which he discusses Mr. DeAngelo's interactions with GPD regarding the Doe investigation. <u>See</u> Doc. #221-11; Doc. #229-5.

Considering this and all of the other available information, the Court concludes that the requests set forth in items 1, 2, 4, 5, and 6, in Schedule A of the subpoenas served

---

further this policy, remain relevant to plaintiff's Equal Protection Claim.

on Mr. Philip and Mr. DeAngelo do not seek materials relevant to the remaining claim in this case.[4] Accordingly, those materials need not be produced. Additionally, as written, items 7, 8, and 9, are overly broad. The Court therefore narrows these requests to the following relevant information: All documents reflecting communications with the Greenwich Police Department regarding police inquiries into the assaults allegedly committed by Brunswick students in Fall 2014. The Court concludes that Schedule A, item 3 of the subpoena seeks relevant information. The Court further concludes that requiring Mr. Philip and Mr. DeAngelo to respond to the narrowed subpoena duces tecum does not impose an undue burden on either deponent.

    ii.  Deposition Testimony

Plaintiff seeks to depose Mr. Philip regarding "[t]he police investigation of matters described in the complaint in this matter." Doc. #220-3 at 2. Plaintiff seeks to depose Mr. DeAngelo regarding "[t]he allegations in this complaint[.]" Doc. #221-9 at 2. As previously discussed, plaintiff asserts, and presents evidence in support of her assertion, that Mr. Philip has interacted with the GPD, including physically appearing at the police station in connection with another investigation

---

[4] Schedule A to the Michael DeAngelo subpoena and Schedule A to the Thomas Philip subpoena are identical. Compare Doc. #220-3 at 5-6, with Doc. #221-9 at 5.

7

involving a Brunswick student. See Doc. #229 at 7; Doc. #229-4. Additionally, plaintiff asserts, and presents evidence in support of her assertion, that Mr. DeAngelo spoke with GPD specifically regarding the Jane Doe investigation. See Doc. #235 at 7; see also Doc. #221-11; Doc. #229-5. These interactions between Mr. Philip and Mr. DeAngelo with GPD regarding the Jane Doe investigation and/or other investigations involving Brunswick students support allowing these depositions to proceed. The Court also notes that the positions of these two individuals with Brunswick School -- headmaster and director of safety and security -- weigh strongly in favor of permitting their depositions.

The Court finds that plaintiff has established the relevance of the testimony of Mr. Philip and Mr. DeAngelo, such that their depositions are appropriate discovery. The Court further finds that permitting the plaintiff to conduct these depositions, which are limited by the terms of the Federal Rules to one business day each, during a time when school is not in session, does not impose an undue burden on these deponents.

Accordingly, Mr. Philip's Motion to Quash (Doc. #220) is **GRANTED, in part,** and **DENIED, in part,** and Mr. DeAngelo's Motion to Quash (Doc. #221) is **GRANTED, in part,** and **DENIED, in part.** Specifically, each motion to quash is **GRANTED** as to items 1, 2, 4, 5, and 6 of Schedule A to the subpoenas; **GRANTED, IN PART**, as

8

to items 7, 8, and 9 of Schedule A to the subpoenas; and **DENIED** as to item 3 of Schedule A to the subpoenas. The motions to quash are **DENIED** as to deposition testimony.

Plaintiff may depose Mr. Philip and Mr. DeAngelo prior to the deposition deadline. Mr. Philip and Mr. DeAngelo shall each produce the documents requested in Schedule A, item 3, and in the Court's narrowed version of items 7, 8, and 9, set out above.

### B. Seth Potter's Motion to Quash or for Protective Order (Doc. #222)

Seth Potter, a teacher at Brunswick School, has filed a motion to quash, or in the alternative, for protective order. [Doc. #222]. Plaintiff seeks to depose Mr. Potter regarding "the police investigation of matters described in the complaint in this matter." Doc. #222-3 at 2. Schedule A to the subpoena seeks documents concerning Mr. Potter's communications with Peter Roe or the Roe family about the "police investigation of Peter Roe regarding his actions at a party which occurred in June 2016 (the "Pool Party")[]" and "documents concerning or reflecting communications with anyone associated with Brunswick School." Doc. #222-3 at 5. The Court finds that plaintiff has not established the relevance of these inquiries. Furthermore, even if plaintiff had established relevance, the Court finds that allowing the deposition and document production would subject

Mr. Potter to an undue burden, in light of his at best tenuous connection to the claim in this case. See Jackson, 246 F.R.D. at 412; Fed. R. Civ. P. 45(d)(3)(A)(iv). Plaintiff has failed to identify any meaningful connection between Mr. Potter and the GPD, or to show that Mr. Potter would have knowledge of any alleged policy or practice of collusion between Brunswick and the GPD. Accordingly, Mr. Potter's Motion to Quash or for Protective Order is **GRANTED**.

### C. Documents to be Used at the Depositions

Thomas Philip requests that "if the Court orders any deposition, it preclude Plaintiff from using documents it produced to Brunswick because Plaintiff forced Brunswick to destroy those documents." Doc. #220-1 at 11. Michael DeAngelo makes the same request in his motion. See Doc. #221-1 at 9. This dispute appears to arise out of the settlement agreement entered into by Jane Doe and Brunswick School in the related state court case. Neither Mr. Philip nor Mr. DeAngelo was a party to the state court case. See Doc. #229-7 at 1-2 (providing documents filed in the state court case). Neither Mr. Philip nor Mr. DeAngelo was allegedly forced to destroy any documents he received in discovery in the state case. Even if this issue -- which appears to relate more to the ongoing difficulties among counsel than to the merits of the legal issue before the Court -- might bear on discovery of Brunswick itself, it is simply

10

irrelevant to discovery of these two individuals.

Mr. Philip and Mr. DeAngelo next request that plaintiff provide them with any documents to be used at the depositions 21 days in advance. See Docs. #220-1 at 11; #221-1 at 9. In support of this argument, they assert that Judge Dooley required plaintiff's counsel to provide Peter Roe with copies of all documents she intended to use in his deposition 17 days in advance. See Doc. #220-1 at 11; Doc. #221-1 at 9.[5] Neither Mr. Philip nor Mr. DeAngelo cites any law in support of this demand, and the Court can find none. Cf. 7 Moore's Federal Practice §30.22(3) (Matthew Bender 3d ed. 2017) (observing that "[p]re-deposition production of documents to the deponent" is not required, and in fact can undermine the goals of discovery). Accordingly, the Court **DENIES** this aspect of Mr. Philip's and Mr. DeAngelo's motions.

## IV. Conclusion

For the reasons stated herein, Thomas Philip's Motion to Quash and for a Protective Order **[Doc. #220]** is **GRANTED, in part,** and **DENIED, in part**; Michael DeAngelo's Motion to Quash and for a Protective Order **[Doc. #221]** is **GRANTED, in part,** and

---

[5] While the parties appear to agree that this Order was made by Judge Dooley, see Doc. #195 at 1, the Court has not located the Order in the docket, and no party has provided any details regarding the basis for that Order to the undersigned.

11

**DENIED, in part**; and Seth Potter's Motion to Quash and for a Protective Order **[Doc. #222]** is **GRANTED**.

The Court reminds the parties of the deposition deadline of **July 17, 2020**. See Doc. #210. The Court does not anticipate granting further extensions. See Doc. #226 ("Plaintiff is advised that the July 17, 2020, deadline for the completion of depositions will not be extended."). Accordingly, counsel should immediately confer to set dates for these depositions. The dates shall be agreed upon on or before **July 3, 2020**, and the depositions must be conducted on or before **July 17, 2020**.

It is so ordered. Dated at New Haven, Connecticut, this 25th day of June, 2020.

                                    /s/
                              HON. SARAH A. L. MERRIAM
                              UNITED STATES MAGISTRATE JUDGE