**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
JANE DOE                      :    Civ. No. 3:18CV01322(KAD)
                              :
v.                            :
                              :
TOWN OF GREENWICH, et al.     :    July 3, 2020
                              :
------------------------------x
```

**RULING ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER (Doc. #227)**

Defendants Town of Greenwich ("Greenwich"), Brent Reeves, and Krystie Rondini ("Defendants") have filed a Motion for a Protective Order with respect to certain topics identified in Plaintiff's Notice of Rule 30(b)(6) Deposition ("the 30(b)(6) Notice"). **[Doc. #227]**. Plaintiff has filed a Memorandum in Opposition to Defendants' Motion. **[Doc. #240]**. Defendants have filed a reply memorandum in support of their motion. **[Doc. #254]**. For the reasons set forth herein, Defendants' Motion for a Protective Order **(Doc. #227)** is **GRANTED, in part,** and **DENIED, in part**.[1]

**I.   Legal Standard**

"Like other forms of discovery, a Rule 30(b)(6) Notice is subject to limitations under Rule 26 of the Federal Rules of Civil Procedure." Dongguk Univ. v. Yale Univ., 270 F.R.D. 70, 72

---

[1] The relevant factual background of this matter is well-known to the parties and documented in the Court's prior rulings. The Court thus declines to repeat it here.

1

(D. Conn. 2010). Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A). When a protective order is sought, the party seeking discovery must first establish that the discovery sought is relevant. See, e.g., Vertrue Inc. v. Meshkin, No. 3:05CV01809(PCD), 2006 WL 8091500, at *1 (D. Conn. Aug. 9, 2006) ("A party seeking discovery has the initial burden" of showing relevance.). "Where the discovery is relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause." Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). "A Rule 30(b)(6) Notice is subject to limitations under Rule 26 which requires that the information sought not be unduly burdensome[.]" Dongguk Univ., 270 F.R.D. at 74.

"The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the [entity], not of the individual deponents." United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C.), aff'd, 166 F.R.D. 367 (M.D.N.C. 1996); see also Krasney v. Nationwide Mut. Ins. Co., No. 3:06CV01164(JBA), 2007 WL 4365677, at *2 (D. Conn. Dec. 11, 2007) (same). "To satisfy Rule 30(b)(6), the [entity] has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." Reilly v. Natwest Markets Grp. Inc., 181 F.3d 253, 268 (2d Cir. 1999) (citation and quotation marks omitted).

## II. Discussion

All three defendants have filed a Motion "for a Protective Order as to Plaintiff's Notice of Rule 30(b)(6) Deposition dated March 10, 2020." Doc. #227-1 at 1.[2] As a threshold issue, the

---

[2] The Court notes that defendants filed this Motion nearly two months after the parties' meet and confer. See Doc. #240 at 2;

3

Court finds that defendants Brent Reeves and Krystie Rondini lack standing to bring this Motion. The 30(b)(6) Notice is not directed to them. Therefore, the Court construes the pending Motion as brought on behalf of Greenwich only.

Plaintiff's 30(b)(6) Notice identifies twenty-two topics on which plaintiff seeks to depose a designee of Greenwich. See Doc. #227-1 at 2; Doc. #227-2 at 3-4. Greenwich asserted general objections to the 30(b)(6) Notice including that "the topics set forth in Schedule A are oppressive in both number and scope[,]" and "to the extent that [the Notice] purports to require more than one day of seven hours of testimony[.]" Doc. #227-3 at 1. Greenwich now states that it does "not object to the 30(b)(6) Notice in its entirety, [but seeks] a protective order as to many of the topics identified within the 30(b)(6) Notice." Doc. #227-1 at 2.

Specifically, Greenwich contends that the Court should preclude testimony regarding Topics 1, 3, and 6-22 of the 30(b)(6) Notice. See Doc. #227-1 at 6, 8. Greenwich asserts that "[t]hese topics have no relevance whatsoever to the one remaining claim in this lawsuit[.]" Doc. #227-1 at 2.

---

Doc. #227-4 at 1. Plaintiff could have filed a motion to compel the deposition, but did not. The motion was fully briefed as of June 23, 2020. The delay by both parties in addressing this dispute is surprising in light of the July 17, 2020, deposition deadline.

4

In response, plaintiff asserts that

> to prove the policy or practice of failing to treat complaints against Brunswick students the same as complaints against others in investigations of criminal assaults[] ... requires inquiry into two propositions: 1) that the conduct of the Doe/Roe investigation was flawed, and 2) that other investigations demonstrate that the flawed nature of the Doe/Roe investigation was part of a policy or practice.

Doc. #240 at 2.

### A.  Topics 1 and 3

Topic 1 requests testimony regarding "[k]nowledge of policies and procedures for entering physical evidence, including but not limited to video and audio recordings, into the Forensic file of a juvenile investigation file." Doc. #227-2 at 3. Topic 3 requests testimony regarding "[k]nowledge of each and every piece of physical evidence entered into the Forensic file of the investigation file of CFS No. 1400035304 (the investigation file into the anonymous complaint described in the Greenwich Time article dated November 13, 2014)." Doc. #227-2 at 3.

Greenwich asserts that "[t]here is no allegation that the GPD improperly entered evidence into the Jane Doe investigative file[,]" and that "[d]iscovery in this matter should be limited to the investigation into the complaint of sexual assault made by Jane Doe against Peter Roe in 2016." Doc. #227-1 at 7

5

(citation and quotation marks omitted).[3] In sum, Greenwich contends that "topic [3] is irrelevant to Plaintiff's claim." Doc. #227-1 at 7. In response, plaintiff asserts that "evidence that demonstrates unequal treatment between investigation of complaints against Brunswick students and investigations of complaints against other suspects is relevant to determining if Plaintiff was denied Equal Protection." Doc. #240 at 8.

Plaintiff's equal protection violation claim asserts that an alleged policy of collusion between Greenwich Police Department ("GPD") and Brunswick "deprived her of the right to be treated the same as other victims of criminal assaults in the police investigation of her complaint[.]" Doc. #115 at 9. Neither party contends that physical evidence did not exist in the Jane Doe investigation. The Court concludes that the testimony sought in topic 1 regarding "policies and procedures for entering physical evidence" is relevant to plaintiff's claim. Plaintiff's equal protection claim, by its nature, requires her to compare her investigation with other investigations conducted by GPD. The investigation discussed in Topic 3 involves an alleged assault by a Brunswick student.

---

[3] The Court notes that defendants have not objected to Topic 2 of the 30(b)(6) notice, which seeks testimony regarding "[k]nowledge of each and every piece of physical evidence entered into the Forensic file of investigation file of CFS No. 1600027332 (the investigation file into the complaint by Jane Doe against Peter Roe)." Doc. #227-2 at 3.

Therefore, the processing of evidence in that investigation is at least potentially relevant to plaintiff's claim.

Rule 30(b)(6) requires Greenwich to designate an individual to "testify about information known or reasonably available." Presumably, the GPD can readily produce records regarding these two, discrete, investigations, to such an individual. Therefore, the Court finds no undue burden on Greenwich to be deposed on these topics.

Accordingly, defendants' Motion for Protective Order regarding topics 1 and 3 is **DENIED**.

    **B.**    **Topics 6-22**

Topics 6-22 seek testimony requiring knowledge of numerous Unified Policy Manual ("UPM") policies. See Doc. #227-2 at 3-4. Defendants asserts:

> During the meet and confer process, Defendants agreed to produce a witness to testify about the applicability of each of the UPM policies as they related to the Doe investigation. Plaintiff refused that compromise on the basis that how the policies are applied and interpreted for other police procedures and investigations as compared to how they were applied and interpreted for the Doe investigation is directly relevant to Plaintiff's Myers claim[.]

Doc. #227-1 at 8 (citation omitted). Plaintiff's position on this issue is consistent with her asserted reasons for seeking this discovery. See Doc. #240 at 2.

Plaintiff asserts that "[t]he UPM does not speak for itself because it is a manual that is necessarily interpreted and

7

implemented by the Greenwich Police Department." Doc. #240 at 10. Plaintiff further asserts that a Rule 30(b)(6) deposition is proper on the UPM because "Greenwich is an organizational defendant and, as such, can testify only through designated representatives whose testimony is binding upon it." Doc. #240 at 10.

As noted in the Court's previous ruling, the undersigned is "thoroughly familiar with the contours of this case." Doc. #256 at 5. The Court has reviewed the 30(b)(6) Notice and topics 6-22 and finds that the list of topics is overbroad.

The Court finds that plaintiff has established the relevance of some topics listed in the 30(b)(6) Notice relating to the UPM policies. These topics include:

- Topic #7 – Conflicts of Interest
- Topic #8 – Discrimination in the Performance of Duties
- Topic #10 – Competent Performance
- Topic #11 – Code of Ethics
- Topic #13 – Internal Written Communications
- Topic #18 – Police Reports and Related Forms
- Topic #19 – Evidence and Property Control
- Topic #21 – Juvenile Matters Guide
- Topic #22 – Investigating Sex Crimes

The Court further finds that permitting the plaintiff to conduct

8

a 30(b)(6) deposition, in accordance with the duration requirements set forth in the Federal Rules of Civil Procedure, on these topics would not subject Greenwich to an undue burden. As to the remaining topics, the Court finds that plaintiff has failed to establish their relevance to her claim. The Court therefore **GRANTS** Greenwich's Motion as to Topics #6, #9, #12, #14, #15, #16, #17, and #20, and **DENIES** Greenwich's Motion as to Topics #7, #8, #10, #11, #13, #18, #19, #21, and #22.

Accordingly, defendants' Motion for a Protective Order regarding topics 6-22 is **GRANTED, in part**, and **DENIED, in part**. Defendants shall prepare and produce a designee to be deposed on Topics #1, #2, #3, #4, #5, #7, #8, #10, #11, #13, #18, #19, #21, and #22.

### III. Conclusion

For the reasons stated herein, Defendants' Motion for a Protective Order **(Doc. #227)** is **GRANTED, in part, and DENIED, in part.**

The Court reminds the parties of the deposition deadline of **July 17, 2020**. See Doc. #210. The Court does not anticipate granting further extensions of that deadline. See Doc. #226 ("Plaintiff is advised that the July 17, 2020, deadline for the completion of depositions will not be extended."). The Court also notes that if "a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose various sanctions, including the

9

preclusion of evidence." <u>Reilly</u>, 181 F.3d at 268 (citing Fed. R. Civ. P. 37(b)(2)(B)).

It is so ordered. Dated at New Haven, Connecticut, this 3rd day of July, 2020.

                              /s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE