# Plaintiff Exhibit H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------- x
                                                           )
                                                           )
JANE DOE,                                                  )   Case No. 3:18-cv-01322-KAD
                                                           )
Plaintiff,                                                 )
                                                           )
                                                           )
v.                                                         )
                                                           )   September 27, 2020
TOWN OF GREENWICH, et al.,                                 )
Defendants.                                                )
                                                           )
---------------------------------------------------------- x

### AFFIDAVIT OF DR. ELAINE L. DUCHARME

STATE OF CONNECTICUT    )
                        ) .ss: Greenwich, CT
COUNTY OF FAIRFIELD     )

DR. ELAINE L. DUCHARME, being duly sworn, deposes and says:

1. I am over the age of 18 years and make this affidavit based on my professional expertise as a doctor board certified in clinical psychology.

2. I was retained to by ▇▇▇▇▇▇ to review various records in this case, in particular the records of psychological treatment of ▇▇▇▇▇▇, and provide testimony related to issues related to reasons for delayed and incomplete reporting of sexual assault, impact of sexual assault by a stranger vs. an acquaintance, immediate and delayed responses to sexual assault, both physical and emotional, and the common acceptance of rape myths.

3. Attached as Exhibit A to this affidavit is a true and accurate copy of my expert report, which is incorporated by reference. The attached expert report contains opinions and

1

conclusion I formed in this case following a review of the documents listed on page 1 of my report.

*[signature]*
Elaine L. Ducharme, Ph.D., ABPP

Sworn to before me this
27th day of September 2020

*[signature]*
Commissioner of the Superior Court
Meredith Braxton
Juris. No. 403577

# DUCHARME AFFIDAVIT
# EXHIBIT A

Elaine L. Ducharme, Ph.D, ABPP
Board Certified in Clinical Psychology

17 Parker Terrace Ext.
Glastonbury, CT 06033
Phone 860-633-8962
Fax 860-652-8823
drducharme@drelaineducharme.com
www.drelaineducharme.com
CT Lic # 002398
FL Lic # PY0004146

January 2, 2020

I have been asked to review the following documents and provide testimony related to issues related to reasons for delayed and incomplete reporting of sexual assault, impact of sexual assault by a stranger vs an acquaintance, immediate and delayed responses to sexual assault, both physical and emotional, and the common acceptance of rape myths.

I have reviewed the following documents and considered the information contained therein in forming my expert opinions:
a. Second Amended Complaint
b. September 1, 2016 letter from Dr. Rebecca Stiritz to Det. Krystie Rondini
c. April 23, 2017 letter from Dr. Rebecca Stiritz regarding Jane Doe's need for accommodations
d. August 6, 2018 Affidavit of Dr. Rebecca Stiritz
e. Dr. Rebecca Stiritz letter regarding the potential impact on Jane Doe of having her deposition taken during the school year
f. Transcript of the August 2, 2016 Audio Interview of Jane Doe by Det. Krystie Rondini
g. Transcript of the November 17, 2016 Video Interview of Jane Doe by Det. Krystie Rondini
h. Transcript of the deposition of Jane Doe taken by the Town of Greenwich defendants.
i. Transcript of the deposition of Jane Doe taken by Brunswick School.
j. Jane Doe's August 2, 2016 written statement provided to the Greenwich Police Department
k. Charlanne Zepf Bauerlein's notes of her meeting with Jane Doe in the summer of 2016
l. Charlanne Zepf Bauerlein's September 1, 2016 letter to the Greenwich Police Department
m. Charlanne Zepf Bauerlein's September 20, 2016 written statement provided to the Greenwich Police Department

Despite statistics that indicate high percentages of women experience sexual assault during their lives it is widely recognized that a significant number of these assaults are not reported to police. Delayed reporting is extremely common due

1

to a number of factors including shame, anxiety, embarrassment, shock, threats of retribution, misplaced guilt, relationship to the perpetrator and use of alcohol or drugs. Concerns of the victim that they will not be believed and that sexual assault is stigmatizing, as well as anxiety about what they will experience when they do report an assault, are additional reasons for delayed and non-disclosure. Unfortunately, the statistics also support the fact that victims of assault frequently suffer additional trauma when put in a position of "proving" they were victimized. Telling intimate details of what happened over and over to strangers, and being challenged routinely about their responses, can be so traumatizing that most victims of sexual assault do not report what happened to them. There were over 1,300 sexual offense prosecutions during the fiscal year 2004-05. Of these, less than 500 resulted in convictions.

As noted above, many victims do not report the assault or all of the details for a number of reasons. They are often embarrassed that they were a victim, are afraid of the consequences and often blame themselves for somehow allowing it to happen.  This is particularly true when the perpetrator is an acquaintance. The fear of social repercussions is extremely important when the perpetrator is an acquaintance or friend.  Society continues to support the belief that it is often what the victim was wearing or doing that somehow caused the perpetrator to perform a sexual assault, rather than accepting that the perpetrator understand the word "no" and control his or her behavior.

Reporting can also be hindered by perceived outcomes of dealing with the police and criminal justice system, and impaired cognitive processing, which can be a result of the trauma itself. Sex and demeanor of the investigator can also influence disclosure. It is important to understand that many times victims have a difficult time recalling all the details of the assault or are traumatized by re-telling what happened to them, which can lead to re-experiencing the assault. There is often some dissociation during an assault and other very frightening events which may lead to difficulties in recalling all the details right away.

Understanding the neurobiology of trauma is very helpful. Trauma hits the brain "like a hurricane." The Amygdala, part of the limbic system and the part of the brain that handles emotions and emotional memories can not handle the force of the traumatic experience and then shuts down in fear. The incoming information is not stored in a meaningful or organized fashion. Rather, the effect is more like traumatic explosions in the Central Nervous System.

Language is not a part of the limbic system's repertoire.  Rather, the incoming information is interpreted as images and sensations. We make meaning of information in the frontal lobes of the brain where feelings and thoughts join together and construct a story of our experiences. The integrative failure that is characteristic of traumatized individuals may relate to structural and functional brain changes. Thus, when individuals are asked to recall the traumatic event, they are

**2**

often simply flooded with physical and emotional sensations and in a sense become "speechless".

Acquaintance rape is the most common type of sexual assault and most of these go unreported. In these situations, victims are particularly afraid of not being believed and fear retribution by the perpetrator or his /their peers. This is particularly so if the victim fears running into the perpetrator in the community or on campus. Both the anticipation of seeing their assailant and then actually seeing them, sometimes in very close quarters such as a classroom or restaurant can lead to re-experiencing the trauma and anxiety, panic or other symptoms of PTSD. This can affect the victim's emotional and cognitive functioning.  Acceptance by peers is very important for most adolescents for whom the concept of affiliation is critical.  Acquaintance rape is often not seen as a crime at all by police and therefore less likely to be prosecuted. In fact, there is a tendency for prosecutors to portray the rape as consensual and therefore indicate the victim is lying and making a false allegation. It is important to understand the strong impact of rape myths which blame the victim, excuse the perpetrators and support the idea that false rape claims are common, even among police officers and others involved in moving forward with prosecution/punishment of those committing sexual assault. In fact, only about 8-10 percent of women's rapes are reported to police. Although false allegations are 5% of all rapes reported to the police, at least 90% of all rapes are never even reported to authorities. This suggests that 0.005% are false allegations. Clearly, as a group, victims are unlikely to report sexual assaults and even less likely to make false claims.

There tends to be a belief that individuals should scream, run or behave in a particular way during and after an assault. But, there is no right or wrong way for a victim to respond during a sexual assault or any other crime. Some may scream and fight, others may freeze and be unable to move or make any noise at all. One only needs to think about how during a "normal person's" nightmare, many times one wants to scream but nothing comes out. Victims of sexual assault, as with many other crimes, have different coping skills, sense of resilience, and overall responses. Just as after horrific experiences such as mass shootings or 9-11 some people chose to stay home, not travel to foreign countries, or go to public places such as movie theaters, others have felt they did not want the perpetrators to win. These individuals decided to live their lives as normally as possible. In this same fashion, a victim of sexual assault may feel they do not want to be re-victimized by changing schools, leaving good friends, classes and activities they enjoyed behind. It may also be an attempt to see themselves as strong rather than a victim.

It is important to recognize that the effects of sexual assault are seen at least during three separate times. There is the initial response during the assault. Then, when reporting the event and dealing with the legal and social consequences of reporting there can be additional trauma. And finally, the long term effects which can occur throughout the victim's life, including, but not limited to,

3

when dealing with intimate relationships, learning to trust others, overall sense of safety, watching movies depicting sexual assault and even when their own children are at the age that the victim was when the sexual assault occurred.

Based on the materials I have reviewed, the literature reported below and over thirty years' experience dealing with victims of sexual assault, it is my opinion that Dr. Stiritz's evaluation of ▬ certainly is consistent with what would not only be likely, but actually expected of a 16 year old girl sexually assaulted by an acquaintance. Both her report and the materials support that ▬'s initial difficulty and short delay in reporting this assault to an adult, and confusion about what actually was done to her by someone she considered a friend, are very normal responses. Her fragmented disclosure when she did tell is quite consistent with a person trying to put together pieces of the trauma not yet solidified into words in the frontal lobes of her brain. Her fear of being ostracized by her peers at school became chillingly true, and it is consistent that such prolonged rejection by her peers would cause additional, even more significant, trauma to her. As I noted above, having to repeat her story and being put into a position of defending her very normal response to a significantly abnormal and traumatic event is quite likely to have caused further trauma and make recovery from both short- and long-term effects of the assault significantly more difficult. Sgt. Det. Reeves' statement to the Plaintiff's family that "nothing much had happened and that "proceeding with the complaint would ruin the boy's college chances" and that this was not a case worth pursuing because their were no witnesses to the actual assault" are clearly concerning and are consistent with the frequent dismissive nature of sexual assault reports snd supportive of the common Rape Myth. Sadly, this response to such a serious issue will make it very difficult for ▬ to trust police and to ever report any future incidents where she is the victim of a crime.

**Substance of the Grounds for Each Such Expert Opinion:**

I have utilized the following resources, as well as my 32 years of experience assessing and treating both victims and perpetrators of sexual assault, in rendering this report:

Barriers to Reporting Sexual Assault for Women and Men: Perspectives of College Students, Sable, M.R., Danis, F., Mauzy, D.L., and Gallagher, S.K., *Journal of American College Health*, 2006.

The Influence of High vs Low Rape Myth Acceptance on Police Officer's Judgments of Victim and Perpetrator Responsibility and Rape Authenticity, Hine, B. and Murphy, A., *Journal of Criminal Justice*, 2019

Rape Investigation and Attrition in Acquaintance, Domestic Violence and Historical Rape Cases, Hester, M. and Lilley, S-J., Special Issue Paper, *Journal of Investigative Psychology and Offender Profiling*, 2016

**4**

Individual Differences in Trauma Disclosure, Bedard-Gilligan, M., Jaeger, J., Echiverri-Cohen, A., and Zoellner, L.A., *Journal of Behavior Therapy and Experimental Psychiatry*, 2012

Why Women Don't Report Sexual Assault to the Police; The Influence of Psychosocial Variables and Traumatic Injury, Jones, J.S., Alexander, C., Wynn, B.N., Rossman, L., and Dunnuck, C., *Journal of Emergency Medicine*, 2009

Various books on trauma including:

Bessel van der Kolk, M.D., <u>The Body Keeps the Score:  Brain, Mind and Body in the Healing of Trauma</u>, 2014

Peter A. Levine, Ph.D., <u>In an Unspoken Voice:  How the Body Releases Trauma and Restores Goodness</u>, 2010

Elaine Ducharme, Ph.D  <u>Must I Turn the Other Cheek</u>, 2000

<u>American Psychiatric Association. Diagnostic and Statistical Manual of Mental Disorders Fifth Edition,</u>2013


*Elaine Ducharme Ph.D., ABPP*
Elaine Ducharme Ph.D
Board Certified Clinical Psychologist

**5**