# Plaintiff Exhibit UU

# BRAXTON HOOK LLC
## ATTORNEYS AT LAW

**Meredith C. Braxton, Esq.**
mbraxton@braxtonhook.com

**Elizabeth I. Hook, Esq.**
ehook@braxtonhook.com

BY ELECTRONIC & FIRST CLASS MAIL                     May 23, 2018

Mr. James Heavey
Chief of Police
Greenwich Police Department
11 Bruce Place
Greenwich, CT 06830

      Re: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dear Chief Heavey:

    I represent ▮▮▮▮▮▮ who is now 18 years old, ▮▮▮▮▮, and ▮▮▮▮▮ (the "▮▮▮▮ Family") in the matter referred to above.

    I write to request, pursuant to the Freedom of Information Act, all documents referring, concerning, or communicating about the investigation of the ▮▮▮▮ complaint by "a member of the professional standards section" to which you refer in your August 25, 2016 email, attached.

    As you are aware, your department's response is due within four days.

Very truly yours,

*/s/ Meredith Braxton/*

Meredith C. Braxton

**braxtonlaw@optonline.net**

**From:** Meredith Braxton <braxtonlaw@optonline.net>
**Sent:** Tuesday, August 30, 2016 5:39 PM
**To:** 'Jim Heavey'
**Cc:** 'Mark Marino'; ███████ peter.tesei ███████
**Subject:** RE: investigation - Town of Greenwich, Connecticut

Dear Chielf Heavey:

Thank you for your response. We continue to be extremely concerned about the conduct of this investigation. We have been informed that the girls who have given statements were instructed to simply write down what they remembered. No one actually interviewed them, explored the basis for what they recalled, asked them questions about what they remembered, etc. It seems, at best, a negligent approach to the investigation of a serious crime. For example, one girl who slept over at the victim's home that night forgot to relate what the victim told them that evening after the assault. You should also be aware that there are a number of additional witnesses who were on vacation and are returning. I should hope that the GPD's investigative approach will become more rigorous; as it stands now, it appears to be designed to come to a predetermined conclusion.

Sincerely,

Meredith C. Braxton
Meredith C. Braxton, Esq., LLC
280 Railroad Ave., Suite 205
Greenwich, CT 06830
Phone: (203) 661-4610
Fax:    (203) 661-4611

This message originates from the law firm of Meredith C. Braxton, Esq. LLC. The message and any file transmitted with it may contain confidential information which may be subject to the attorney-client-privilege, or otherwise protected against unauthorized use. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message.

**From:** Jim Heavey [mailto:███████
**Sent:** Thursday, August 25, 2016 5:45 PM
**To:** braxtonlaw@optonline.net
**Cc:** Mark Marino <███████>
**Subject:** Re:investigation - Town of Greenwich, Connecticut

Ms. Braxton,
I received your letter addressed to SGT Reeves.
A member of the professional standards section will be in touch with you to further investigate your complaint.

Sincerely,

James J. Heavey
Chief of Police
Greenwich Police Department
11 Bruce Place
Greenwich, CT 06830
O ███████

1
**CONFIDENTIAL: FOR ATTORNEY'S EYES ONLY**

P0207

2

**CONFIDENTIAL: FOR ATTORNEY'S EYES ONLY**

P0208

**MEREDITH C. BRAXTON, ESQ., LLC**
280 RAILROAD AVENUE, SUITE 205
GREENWICH, CONNECTICUT 06830
PHONE: (203) 661-4610 ♦ FAX: (203) 661-4611
braxtonlaw@optonline.net

**BY ELECTRONIC & FIRST CLASS MAIL**

August 23, 2016

Sgt. Det. Brent Reeves
Greenwich Police Department
11 Bruce Place
Greenwich, CT 06830

      Re: ▮▮▮▮▮▮▮

Dear Sergeant Reeves:

     I write regarding the ▮▮▮▮▮▮ investigation as I was very concerned about certain of your statements during our telephone conversation on Friday, August 19, 2016. We are pleased to see that the Greenwich Police Department ("GPD") now appears to be pursuing the investigation after what appeared to be an initial delay and is making an effort to interview important witnesses, such as the other girls present at the party at the ▮▮▮▮ home in June. Nevertheless, I write to correct some of the observations you made during our conversation.

     First, you stated that the party at the ▮▮▮▮ residence was a "drinking party." This could not be further from the truth. Many parents attended the party and neither they nor the students were offered or consumed alcohol. Further, the ▮▮▮▮ were vigilant in screening the students who came to the party, speaking to each as they arrived, and made sure there was supervision in the pool area. If ▮▮▮▮ or anyone else consumed alcohol at the party, it must have been concealed and consumed in secret. When you interview other people who attended, I am sure they will corroborate this.

     Also disturbing was your apparent assumption that this matter did not merit a vigorous investigation. While admittedly, no one was in the bathroom with ▮▮▮▮ and ▮▮▮▮ at the time of the attack, ▮▮▮▮ physically assaulted ▮▮▮▮ in the pool and engaged in lewd behavior, including groping other girls in the pool, all of which was witnessed by numerous people. This evidence certainly amounts to more than the "he said/she said" incident you seem to believe it is. If it is your position that there can never be probable cause (a pretty low bar legally speaking) for a sexual assault arrest unless a third person directly witnessed it, and it is your policy to give up on any such case before thoroughly investigating it, I submit that you should

**CONFIDENTIAL: FOR ATTORNEY'S EYES ONLY**

P0209

MEREDITH C. BRAXTON, ESQ., LLC

Sgt. Det. Brent Reeves
August 25, 2016
Page 2 of 2

not be heading up the Special Victims' Section. Detective Rondini informed my clients that not all witness statements carry the same weight, which is my experience as an attorney. Thus, the circumstances outlined above, particularly ▌ groping other girls in the pool, the fact that he was drunk and ▌ was sober, and his attack on ▌ appear to be extremely relevant. Further, it is our understanding that ▌ has refused to make a statement and retained a lawyer, which begs the question of what the "he said" position could possibly be.

    I was also surprised that, rather than being concerned about adequately investigating these facts, your expressed concern was about the effect ▌'s allegations may have on ▌, his ability to stay at Brunswick, and his college prospects. You basically advised me that I should tell my clients to be quiet so as not to expose themselves to potential liability on that count. I am outraged by your advice, and suspect that it may be motivated by the unduly cozy relationship between the GPD and Brunswick, which employs a number of retired police officers. Indeed, we wonder how Mr. Philip at Brunswick first learned of the allegations and would appreciate receiving an explanation. Similarly, you are aware that Brunswick's headmaster is conducting his own "investigation," and potentially influencing witnesses in doing so, yet you have declined to ask Brunswick to cease these activities. Even more important, ▌ has apparently made more than one statement to Mr. Philip, and other witnesses may have made statements to him, according to correspondence from Mr. Philip to the ▌. Those statements should be obtained as part of the investigation immediately.

    Again, we are heartened that GPD does not now appear to be abandoning this investigation. Nevertheless, we are putting you and the GPD on notice that if we are not satisfied that the GPD fulfilled its duty in this case, we will go to the press and/or victim's rights advocates to air our discontent with the treatment of a 16-year-old sexual assault victim by the GPD in a public forum.

    I look forward to the GPD's responsible handling of the ▌ complaint as we go forward.

Very truly yours,

*Meredith Braxton* (signature)

Meredith C. Braxton
cc:    Chief Jim Heavey, GPD (by email)
       Mr. Peter Tesei, First Selectman (by email)

**CONFIDENTIAL: FOR ATTORNEY'S EYES ONLY**

P0210




# TOWN OF
# GREENWICH

Department of Police, 11 Bruce Place, Greenwich, CT 06830
Telephone: (203) 622-8000    Fax: (203) 618-8866

**James J. Heavey**
Chief of Police
FBINA 264

May 30, 2018

**Mark A. Marino**
Deputy Chief

Meredith C. Braxton, Esq.
Braxton Hook LLC
Attorneys at Law
280 Railroad Avenue, Suite 205
Greenwich, CT  06830

RE: Your Request for Information
    CFS 1600027332

Dear Attorney Braxton;

Your correspondence addressed to Chief James Heavey dated May 23, 2018 has been forwarded to me for response. The ▮▮▮▮▮▮ complaint you described was received verbally by Chief Heavey. He inquired about the conduct of the investigation and was satisfied with the response. There was no written communication between the Chief and anyone else in the Department, therefore there are no documents to provide.

Please let me know if you need additional assistance with this or another matter.

Very truly yours,

Gregory S. Hannigan
Director of General Services

cc: Chief James J. Heavey
    Town Attorney John Wayne Fox
    Assistant Town Attorney Valerie Maze Keeney

**CONFIDENTIAL: FOR ATTORNEY'S EYES ONLY**

P0211



# TOWN OF
# GREENWICH

Department of Police, 11 Bruce Place, Greenwich, CT 06830
Telephone: (203) 622-8000      Fax: (203) 618-8866



**James J. Heavey**
Chief of Police
FBINA 264

May 30, 2018

**Mark A. Marino**
Deputy Chief

Meredith C. Braxton, Esq.
Braxton Hook LLC
Attorneys at Law
280 Railroad Avenue, Suite 205
Greenwich, CT  06830

RE: Your Request for Information
CFS 1600027332

Dear Attorney Braxton;

Your correspondence addressed to Chief James Heavey dated May 23, 2018 has been forwarded to me for response. The ▮▮▮▮▮ complaint you described was received verbally by Chief Heavey. He inquired about the conduct of the investigation and was satisfied with the response. There was no written communication between the Chief and anyone else in the Department, therefore there are no documents to provide.

Please let me know if you need additional assistance with this or another matter.

Very truly yours,

Gregory S. Hannigan
Director of General Services

cc:   Chief James J. Heavey
      Town Attorney John Wayne Fox
      Assistant Town Attorney Valerie Maze Keeney

**CONFIDENTIAL: FOR ATTORNEY'S EYES ONLY**

P0212

**MEREDITH C. BRAXTON, ESQ., LLC**
280 RAILROAD AVENUE, SUITE 205
GREENWICH, CONNECTICUT 06830
PHONE: (203) 661-4610 • FAX: (203) 661-4611
braxtonlaw@optonline.net

BY ELECTRONIC & FIRST CLASS MAIL

August 23, 2016

Sgt. Det. Brent Reeves
Greenwich Police Department
11 Bruce Place
Greenwich, CT 06830

Re: ▓▓▓▓▓▓▓

Dear Sergeant Reeves:

I write regarding the ▓▓▓▓▓▓ investigation as I was very concerned about certain of your statements during our telephone conversation on Friday, August 19, 2016. We are pleased to see that the Greenwich Police Department ("GPD") now appears to be pursuing the investigation after what appeared to be an initial delay and is making an effort to interview important witnesses, such as the other girls present at the party at the ▓▓▓▓▓ home in June. Nevertheless, I write to correct some of the observations you made during our conversation.

First, you stated that the party at the ▓▓▓▓ residence was a "drinking party." This could not be further from the truth. Many parents attended the party and neither they nor the students were offered or consumed alcohol. Further, the ▓▓▓▓ were vigilant in screening the students who came to the party, speaking to each as they arrived, and made sure there was supervision in the pool area. If ▓▓▓ or anyone else consumed alcohol at the party, it must have been concealed and consumed in secret. When you interview other people who attended, I am sure they will corroborate this.

Also disturbing was your apparent assumption that this matter did not merit a vigorous investigation. While admittedly, no one was in the bathroom with ▓▓▓ and ▓▓▓ at the time of the attack, ▓▓▓ physically assaulted ▓▓▓ in the pool and engaged in lewd behavior, including groping other girls in the pool, all of which was witnessed by numerous people. This evidence certainly amounts to more than the "he said/she said" incident you seem to believe it is. If it is your position that there can never be probable cause (a pretty low bar legally speaking) for a sexual assault arrest unless a third person directly witnessed it, and it is your policy to give up on any such case before thoroughly investigating it, I submit that you should

## MEREDITH C. BRAXTON, ESQ., LLC

Sgt. Det. Brent Reeves
August 25, 2016
Page 2 of 2

not be heading up the Special Victims' Section. Detective Rondini informed my clients that not all witness statements carry the same weight, which is my experience as an attorney. Thus, the circumstances outlined above, particularly ████ groping other girls in the pool, the fact that he was drunk and ████ was sober, and his attack on ████ appear to be extremely relevant. Further, it is our understanding that ████ has refused to make a statement and retained a lawyer, which begs the question of what the "he said" position could possibly be.

    I was also surprised that, rather than being concerned about adequately investigating these facts, your expressed concern was about the effect ████ allegations may have on ████ his ability to stay at Brunswick, and his college prospects. You basically advised me that I should tell my clients to be quiet so as not to expose themselves to potential liability on that count. I am outraged by your advice, and suspect that it may be motivated by the unduly cozy relationship between the GPD and Brunswick, which employs a number of retired police officers. Indeed, we wonder how Mr. Philip at Brunswick first learned of the allegations and would appreciate receiving an explanation. Similarly, you are aware that Brunswick's headmaster is conducting his own "investigation," and potentially influencing witnesses in doing so, yet you have declined to ask Brunswick to cease these activities. Even more important, ████ has apparently made more than one statement to Mr. Philip, and other witnesses may have made statements to him, according to correspondence from Mr. Philip to the ████. Those statements should be obtained as part of the investigation immediately.

    Again, we are heartened that GPD does not now appear to be abandoning this investigation. Nevertheless, we are putting you and the GPD on notice that if we are not satisfied that the GPD fulfilled its duty in this case, we will go to the press and/or victim's rights advocates to air our discontent with the treatment of a ████ sexual assault victim by the GPD in a public forum.

    I look forward to the GPD's responsible handling of the ████ complaint as we go forward.

Very truly yours,

*Meredith Braxton* (signature)

Meredith C. Braxton
cc:    Chief Jim Heavey, GPD (by email)
       Mr. Peter Tesei, First Selectman (by email)

WICK - 00308

**braxtonlaw@optonline.net**

**From:** Meredith Braxton <​>
**Sent:** Tuesday, August 30, 2016 5:39 PM
**To:** 'Jim Heavey'
**Cc:** 'Mark Marino'; , peter.tese
**Subject:** RE: investigation - Town of Greenwich, Connecticut

Dear Chielf Heavey:

Thank you for your response. We continue to be extremely concerned about the conduct of this investigation. We have been informed that the girls who have given statements were instructed to simply write down what they remembered. No one actually interviewed them, explored the basis for what they recalled, asked them questions about what they remembered, etc. It seems, at best, a negligent approach to the investigation of a serious crime. For example, one girl who slept over at the victim's home that night forgot to relate what the victim told them that evening after the assault. You should also be aware that there are a number of additional witnesses who were on vacation and are returning. I should hope that the GPD's investigative approach will become more rigorous; as it stands now, it appears to be designed to come to a predetermined conclusion.

Sincerely,

Meredith C. Braxton
Meredith C. Braxton, Esq., LLC
280 Railroad Ave., Suite 205
Greenwich, CT 06830
Phone: (203) 661-4610
Fax: (203) 661-4611

This message originates from the law firm of Meredith C. Braxton, Esq. LLC. The message and any file transmitted with it may contain confidential information which may be subject to the attorney-client-privilege, or otherwise protected against unauthorized use. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message.

**From:** Jim Heavey [mailto]
**Sent:** Thursday, August 25, 2016 5:45 PM
**To:** braxtonlaw@optonline.net
**Cc:** Mark Marino <​>
**Subject:** Re:Investigation - Town of Greenwich, Connecticut

Ms. Braxton,
I received your letter addressed to SGT Reeves.
A member of the professional standards section will be in touch with you to further investigate your complaint.

Sincerely,

James J. Heavey
Chief of Police
Greenwich Police Department
11 Bruce Place
Greenwich, CT 06830
O

1

F [redacted]

2

WICK - 00310

Confidential

## MEREDITH C. BRAXTON, ESQ., LLC
280 RAILROAD AVENUE, SUITE 205
GREENWICH, CONNECTICUT 06830
PHONE: (203) 661-4610 • FAX: (203) 661-4611
braxtonlaw@optonline.net

BY ELECTRONIC & FIRST CLASS MAIL

August 25, 2016

Mr. Thomas W. Philip
Headmaster, Brunswick School
100 Maher Avenue
Greenwich, CT 06830

   Re: [Doe]/[Roe] *Matter*

Dear Mr. Philip:

  I represent the [Doe] family and write regarding your inquiry into the events at the party at the [Doe's] home in June and your communications with [John Doe] about those events. Your email to [John Doe], dated August 15, 2016, is concerning for numerous reasons. The Greenwich Police Department was unhappy that [John Doe] responded to your email, which response you apparently communicated to the police. In light of your actions, please be advised that all future communications with the [Does] must go through me.

  As an initial matter, your decision to conduct an "investigation" while both the police and DCF investigations are ongoing into the attempted rape of [Jane Doe] by [Peter Roe] as related to both the Greenwich Academy counselor and the police by [Jane], is inappropriate. Particularly in this instance, where 1) Mr. [Roe] is asserting his Fifth Amendment rights by refusing to speak with the police but is speaking with you, and 2) you are nonetheless contacting other witnesses, gives the appearance that an attempt to influence witness statements may be occurring. As a result, none of the witnesses who have spoken with you will be giving a truly independent statement of what they saw or heard to the authorities. We are therefore demanding that you cease and desist all contact with witnesses regarding the alleged crime.

  Further, your email raises concern as it can be perceived as a threat to smear [Jane] and the [Doe's] reputation by further disseminating information in the community about this incident. We are already hearing false reports that the party in question was a drinking party; such assertions are defamatory. The [Does] took numerous precautions to ensure that no alcohol would be consumed by students or the many parents who attended the party. If any alcohol was present, it was brought in, concealed, and consumed by Brunswick students. You should be aware that the [Does], and [Jane], are neither intimidated nor dissuaded from pressing for justice and will respond to any efforts to defame them. Further, your request to interview [Jane] is patently inappropriate. [Jane] was traumatized by the attack. Her therapist has

Confidential

## MEREDITH C. BRAXTON, ESQ., LLC

Mr. Thomas W. Philip
August 25, 2016
Page 2 of 2

advised that each retelling retraumatizes [Jane] and causes harm. She therefore cannot be interviewed by you.

[Jane's] therapist has also advised that [Jane] experiences a resurgence of the trauma whenever she is in the vicinity of [Roe], which happened at the end of the last school year. The [Does] received a copy of your letter regarding ensuring that [Roe] is not in any classes with [Jane]. We appreciate that effort, but do not believe it is adequate to safeguard [Jane].

We are therefore putting you on notice that allowing [Roe] to be on campus with [Jane] is likely to lead to emotional harm to [Jane] and will be regarded by the [Does] as the intentional infliction of emotional distress upon their daughter. It would hardly be fair to bar [Jane] from the combined classes on the Brunswick campus because she was the victim of an assault. With the investigations ongoing, the prudent and just response by Brunswick would be to suspend [Roe] until the matter is concluded, and the [Does] are requesting that you do so immediately.

Sincerely,

*[signature]*

Meredith C. Braxton

cc:   [John Doe]
      [Mary Doe]

WICK - 00372