UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____X
                                                )
                                                )
JANE DOE,                                       )        Index No. 3:18-cv-01322 (KAD)
                              Plaintiff,        )
                                                )
v.                                              )
                                                )
TOWN OF GREENWICH, SGT. DET. BRENT              )
REEVES, in his individual and official capacity,)
and DET. KRYSTIE M. RONDINI, in her individual  )        October 12, 2018
and official capacity,                          )
                              Defendants.        )
_____X

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF
MOTION TO REMOVE JANE DOE'S PSEUDONYM**

Plaintiff respectfully submits this reply in further support of her motion to remove the

Jane Doe pseudonym and to respond to Defendants' and Peter Roe's objections/responses to

her motion.

There are only two extant pseudonym orders in this case: that for Jane Doe and the

Court's granting of Peter Roe's motion to be permitted a pseudonym. (Doc. # 9; Doc. # 106).  All

other orders relating to the identity of witnesses in this case were those sealing various

documents that were filed with this Court.  During the course of this litigation, Plaintiff referred

to many of those witnesses with pseudonyms voluntarily and as a courtesy.  There is no court

order requiring it.  Plaintiff's motion is directed to the order granting her permission to proceed

under a pseudonym; she is not addressing the Peter Roe order for a pseudonym or any of the sealing orders entered by the Court.

Thus, Defendants' request to "maintain the current protective orders protecting the identities of all non-parties [sic.] minors and other individuals" and Roe's request to "maintain its Orders protecting the identities of . . . the other non-parties to this action" are mystifying. There are no such "comprehensive" protective orders regarding non-party witnesses and Defendants do not cite to any such court documents.[1]  Again, Plaintiff is seeking to change only the order concerning her pseudonym.

Neither Defendants nor Peter Roe have standing to seek protective orders to conceal the identity of non-party witnesses, and Plaintiff does not read their Response and Objection as making such a motion.  Thus, the only issue for the Court to decide in this motion is whether to remove Jane Doe's pseudonym, not whether to create a new protective order requiring that the identity of non-party witnesses be concealed.

WHEREFORE, Plaintiff respectfully requests that the Court issue an order removing Jane Doe's pseudonym and permitting her to pursue this case in her own name and deny Defendants' and Peter Roe's improper request to issue a new protective order regarding non-party witnesses.

---

[1] Defendants' cite the following Court docket entries, none of which "comprehensively" protects non-party witnesses: Doc. # 4, general protective order regarding designating produced documents confidential;  Doc. # 103, order granting Peter Roe pseudonym; Doc. # 153, order quashing Jones subpoena; Doc. # 192, sealing order to protect Jane Doe and Peter Roe; Doc. # 249, order denying protection for documents requested under the Freedom of Information laws; Doc. # 259, order narrowing scope of 30(b)(6) deposition; Doc. # 278, sealing order; Doc. # 299, sealing order observing that the public interest in transparency weighs more heavily in adjudicating a summary judgment motion; and Doc. # 310, sealing order.

PLAINTIFF JANE DOE


By:      /s/ Meredith C. Braxton

Meredith C. Braxton (ct17395)
For BRAXTON HOOK LLC
280 Railroad Avenue, Suite 205
Greenwich, CT 06830
Tel: 203.661.4610
Fax: 203.661.4611
mbraxton@braxtonhook.com


**CERTIFICATION**

This is to certify that on October 12, 2018, a copy of the foregoing Plaintiff's Reply in

Further Support of Motion to Remove Jane Doe's Pseudonym was filed electronically and

served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by

electronic mail to all parties by operation of the Court's electronic filing system or by mail to

anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties

may access this filing through the Courts CM/ECF System.

              /s/Meredith C. Braxton