UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------X
)
)
PAULA SCANLAN,                          )   Index No. 3:18-cv-01322-KAD
          Plaintiff,                )
)
v.                                      )
)   June 2, 2021
TOWN OF GREENWICH, et al.,              )
          Defendants.               )
----------------------------------------X

### DECLARATION OF ELIZABETH I. HOOK IN OPPOSITION
### TO THE IMPOSITION OF SANCTIONS

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am an attorney with Braxton Hook LLC, counsel for Plaintiff in this action, and submit this Declaration in opposition to the imposition of sanctions for the violation of the Court's protective order.

2. There were very legitimate and practical reasons for serving the deposition subpoena on Peter Roe in the manner that we did. The only other two college students subpoenaed by Plaintiff were children of parents well-known to the Scanlan family and who lived in Greenwich. The parents were contacted to determine where their children would be when school ended and how to serve a subpoena on them. The parents identified their attorneys to us, and indeed, the one who had been represented by an attorney during the police investigation was represented by a different lawyer at deposition in the state court matter. Peter Roe has never lived in Greenwich and his family is not known to the Scanlans. We did not know what his plans were once school ended, and where he would be, therefore it was imperative to

serve him at school as the only sure place to find him. His counsel in the police investigation three years earlier was paid for his services by trustees of Brunswick School, and there was therefore no reason to believe that the representation continued. Peter Roe was served only after his exams ended, and not during exam week. The process for serving someone on campus was determined by calling the Title IX officer at another school and posing a hypothetical query.

       3.      Plaintiff's family was contacted by a journalist seeking to interview them about this litigation. We agreed to such contact only on the condition that the journalist's employer agree to an embargo agreement requiring the organization to return or destroy any inadvertently-provided document designated confidential in either the state or federal court, and to guarantee that no such document would be used by them. We did not want to allow a journalist to benefit from any mistake.

       4.      After Defendants reached out to us about the possibility of improper disclosures, we questioned Plaintiff and her family but did not identify any such disclosures. Plaintiff's father did not realize the transcript of the deposition of Det. Christy Girard was confidential because many of the depositions of police officers in this litigation were not designated confidential and the Girard deposition transcript was not identified as such on the cover. Once the Defendants filed their motion for a temporary restraining order and included the journalist's email correspondence, we were able to be more specific in our inquiry and thus learned of the mistaken disclosure. At that point, we immediately contacted the journalist and invoked the terms of the embargo agreement. The journalist's employer agreed to destroy the document and not to make any use of it. They also informed us that they would not be publishing an article about this case.

5. There have been 358 documents filed in this litigation, and Plaintiff was required to respond to repeated motions filed not only by the Defendants, but by non-parties Peter Roe, Seth Potter, Michael DeAngelo, Thomas Philip, Brunswick School, John Capozzi, Michael Jones and Philip Russell.  There were thousands of references that were required to be or were voluntarily redacted.  Plaintiff filed more documents with the Court (92) than Defendants (53) and Peter Roe (15) put together, and an equal number to the documents filed by *all* Defendants and non-parties (103).

6. Det. Christy Girard was present in the courtroom at the hearing on May 18, 2021.

7. Attached as Exhibit A is a true and correct excerpt of the hearing on December 19, 2019.

8. The transcripts of the depositions of eight police officers and detectives were not designated confidential.  The information about the school attended by Det. Girard's son appears in a deposition transcript that was not designated as confidential, of which the excerpt with this information is attached as Exhibit B.

Pursuant to 28 U.S.C, § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of June, 2021.

                                                      /s/Elizabeth I. Hook
                                                      Elizabeth I. Hook

## CERTIFICATION

      This is to certify that on June 2, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Courts CM/ECF System.

                                                                            */s/Elizabeth I. Hook*