1

```
                                              HOOK DEC.
           UNITED STATES DISTRICT COURT
              DISTRICT OF CONNECTICUT        EXHIBIT A


_____
JANE DOE,                      )
               Plaintiff,      ) No: 3:18-CV-1322 (KAD)
                               )
      v.                       ) December 19, 2019
TOWN OF GREENWICH, ET AL.,     )
               Defendants.     ) 10:02 a.m.
_____)
                                 Brien McMahon Federal Building
                                 915 Lafayette Boulevard
                                 Bridgeport, Connecticut



                          MOTION HEARING

  *(With Court-Ordered Sealing/Redaction of Non-Party Name)



B E F O R E:

        THE HONORABLE KARI A. DOOLEY, U.S.D.J.
```

Courtroom Deputy:                    Official Court Reporter:
Kristen Gould, Esq.                  Tracy L. Gow, RPR

A P P E A R A N C E S:

For Plaintiff, Jane Doe:
    ELIZABETH I. HOOK, ESQ.
    Braxton Hook, LLC
    280 Railroad Avenue
    Suite 205
    Greenwich, CT 06830
    203-661-4610
    Email: ehook@braxtonhook.com

For Defendants Town of Greenwich, Brent Reeves
and Krystie Rondini:
    ROBERT BURDETTE MITCHELL, ESQ.
    REESE BURDETTE MITCHELL, ESQ.
    Mitchell & Sheahan, P.C.
    80 Ferry Boulevard, Suite 216
    Stratford, CT 06615
    203-873-0240
    Email: rmitchell@mitchellandsheahan.com
        reesemitchell@mitchellandsheahan.com

For Non-Party Witness, Peter Roe:
    MICHAEL J. JONES, ESQ.
    RYAN STEPHEN TOUGIAS, ESQ.
    Ivey, Barnum & O'Mara LLC
    170 Mason Street
    Greenwich, CT 06830
    203-661-6000
    Email: mjones@ibolaw.com
        rtougias@ibolaw.com

Also present:
    JOSEPH D'AMATO, ESQ. - Law Clerk

of, the mindset on the Plaintiff's side -- at the hearing, there was some back and forth.

There was -- as soon as that, the second reveal of my client's name, was before Judge Bellis, there was some back and forth between Ms. Braxton -- and, unfortunately, she's not here again; Ms. Hook has to, sort of, bear the brunt of this -- but Ms. Braxton went back and forth with the judge, and the judge was concerned about whether or not she had actually entered an order with respect to sealing the names of the non-party witnesses.

And after some back and forth, about five minutes, the judge finally said, You know what, I never entered an order that requires the pseudonyms. And almost instantaneously -- and I actually have the transcript with me -- Ms. Braxton's response was, Well, in that case, I withdraw my motion to seal.

And, Your Honor, that's very concerning to me, because, again, it was almost instantaneous, and it goes to her mindset. And the mindset was such that -- and I can't even fathom why she would think it's okay that my client's name could stay in the record -- that the motion to seal wouldn't be a natural thing, to protect these young people and to protect this young man.

So that sort of leads into, at least my feeling about this, that, you know, each of these disclosures have

anything by his real name.  We practice using the name "Peter Roe."  Most of the people working on this case don't even know my client's real name.

THE COURT:  I saw that you had made a request, I believe it was to Ms. Braxton, that e-mails refer to your client as "Peter Roe."  Has she complied since you've sent that e-mail?

MR. JONES:  That's correct.  Since that time, she has, Your Honor.  But, again, that was nine days ago.  And, again, I keep coming back to the mindset.  The mindset is such that his real name is obviously engrained, at least in Ms. Braxton's brain.  And, unfortunately, I think -- you know, again, whether it's conscious, unconscious, purposeful or not, it still seems to go to the fact that this -- the revelation of his name keeps happening.

And, Your Honor, I think one of the reasons Ms. Braxton isn't here today is she's, literally, as we speak -- as I speak -- she's in front of Judge Bellis right now, objecting to a motion to seal that was filed by another non-party witness in this case, where they're using his actual initials to identify him.

So, again, this mindset that these non-party witnesses shouldn't be protected by a motion to seal or by a pseudonym, I really don't understand it.

And, you know, to move forward, the relief that was

that's -- if the mindset is I'm only going to do what I'm ordered to do, we're going to be back here, because of e-mail exchanges or something else.

MS. HOOK: Your Honor, that's --

THE COURT: I appreciate that he asked. He said, Look, please stop putting my client's name in e-mails, and apparently that's been complied with, and I think that's great. I don't -- it seems to me that that should have occurred to you earlier, but that's not something I'm going get involved in.

MS. HOOK: Your Honor, I understand that. Your Honor, our client's name is all over all documents, because the case -- in many ways, depositions can't be taken without using real names, and we have been working very hard to contain all of that.

THE COURT: Right.

MS. HOOK: So I understand, Your Honor. I just want to make sure that I understand what is a violation of an order and what is viewed as bad intent on our part that is not a violation of an order.

THE COURT: Okay. Well, I think that if I have not been clear, it is my order that anything filed in this case refer to Peter Roe as Peter Roe and anything that would otherwise identify him be appropriately and adequately redacted.