UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAULA SCANLAN, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>TOWN OF GREENWICH, et al., )<br>)<br>    Defendant. ) | CIVIL ACTION NO:<br>3:18-cv-01322-KAD<br><br><br><br><br>June 7, 2021 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO SANCTIONS**

The Defendants, through their attorneys Mitchell & Sheahan, P.C., submit this response to the Plaintiff's memorandum opposing the imposition of sanctions for violation of this Court's protective order.

Plaintiff's primary argument seems to be that she and her counsel are the victims of a vicious plot by Defense counsel and Peter Roe's attorney; a plot to "posion the well" with the Court for the Plaintiff. *Plaintiff's Memorandum of Law In Opposition to Imposition of Sanctions* at 2 ("hereafter cited as Plaintiff's Memo.")  It is being very charitable to say that this accusation is ridiculous.  It was neither Defense Counsel nor Peter Roe's lawyer who decided to release the Girard deposition to the press.  It was neither Defense Counsel nor Peter Roe's lawyer who decided to "out" Peter Roe to the journalist, Rachel De Leon.  Plaintiff's position consists of a series of blatant falsehoods, unsupported innuendos, misguided assertions and misstatements of the record in this case.  Defendants would hightlight just a few points for the Court's consideration.

First, while Plaintiff complains that the Defendants did not put on evidence of actual harm to support sanctions, it should be noted tht the Defendants never filed any papers that

requested sanctions. They filed a motion for a TRO and temporary injunction to stop the leakage of confidential information which the Plaintiff admits was taking place as as result of her family's actions.[1] At most Defendants hoped that the Court might consider requiring Plailtiff to reimburse the attorneys' fees incurred in the process of closing off the leakage. They still hope that they will be reimbused following an appropriate evidentiary presentation on those expenses.

Second, Plaintiff makes a point of noting that the Defendants did not protect Peter Roe's real name on documents released pursuant to the Connecticut Freedom of Information Act. As I write this paper, the undersigned is unaware of anyone who received FOIA documents about this matter other than Plaintiff, her family and her attorneys, and legal counsel for Brunswick School. More importantly, as Plaintiff notes later in her memorandum, the redaction obligation does not extend to FOI disclosures because they are not papers produced within the discovery process. Indeed, such redactions would very likely raise claims of FOIA violation if produced with redactions of important information such as Peter Roe's name. See *Plaintiff's Memo*. at 17 -18. Finally, the FOIA disclosures made to Plaintiff's counsel and through them to her family were made before the lawsuit was filed, and, therefore, before there was any protective order in place.

Third, Plaintiff's reliance on the "embargo agreement" that they entered with the journalist is misplaced. That agreement in itself was a unilateral de facto modification of the Protective Ortder that should have been submitted to defense counsel and the Court for review, comment and possible approval. Since the document was of questionable enforceability, lacked

---

[1] It should be noted that although Plaintiff argues that she was exercising her free speech rights in "outing" Peter Roe to the press, her "confession" directly contradicts what Rachel De Leon told Peter Roe. The reporter said that she had gotten his name from unredacted police reports, documents that would have fallen under the Court's protective order if obtained in the course of discovery. It was not until the hearing that a different story was given to anyone. Second, Plaintiff's purportedly giving the information as to Roe's name and telephone number was a tale told not by Plaintiff under oath, but by her lawyer. Third, the tale of Plaintiff's disclosing this information to the press directly contradicts Brian Scanlon's testimony at our May 18, 2021 hearing that the family had decided not to "out" Peter Roe to the public.

teeth by way of a liquidated damages clause, by its terms "bound" only the newservice not the reporter, and was clearly drafted to provide cover to Plaintiff and her counsel when things went wrong, it is safe to say that there would have been objections to it. Neither the Defense nor the Court had a chance to even consider it.

Fourth, there is the issue of Plaintiff's statement that there have only been two or so breaches of discovery document confidentiality. While the Defense does not agree with the Plaintiff's count, it is really a distinction without a difference. The whole point of the Defendants' TRO and Tempoary Injucntion requests was not to point fingers or punish Plaintiff or her attorneys, it was to put a stop to the leakage. If they were only able to violate the confidentiality of this record one or two or three times, that is indicative of the Defendants' success. It provides no cover or justification to the Plaintiff, her counsel or her family.

Finally, the Plaintiff's argument that somehow her releases of information were justified because Peter Roe allegedly "has been free to say whatever he wishes to the community at large about the Plaintiff, a right that he has prodigiously exercised since 2016 within the school community to which they both belonged," is a classic strawman being raised here without even a hint of supporting evidence. *Plaintiff's Memo* at 18 – 19.

The Defendants started this discussion by asking for the Court to enjoin Plaintiff and her representaives from distributing confidential information from the record of this case. This, not sanctions or a finding of contempt, is still the focus of the Defendants' concern. When all the evidence had been presented at the May 18th hearing it was obvious that Plaintiff's representative, Brian Scanlan, had released the Girard depostion to the journalist, Rachel De Leon. Hopefully, the Court will admonish Plaintiff, her counsel and her representatives that this shall not happen again. Beyond that, the only sanction the Defense would ask the Court to

consider is to require Plaintiff's payment of the attorneys' fees that were incurred by Defendants in stopping this leakage.

    Done at Stratford, Connecticut this 7th day of June 2021.

                          **THE DEFENDANTS**

By:   */s/ Robert B. Mitchell*
        Robert B. Mitchell (ct02662)
        Jessica A. Slippen (ct25765)
        Reese B. Mitchell (ct30226)
        Mitchell & Sheahan, P.C.
        999 Oronoque Lane, Suite 203
        Stratford, CT 06614
        203-873-0240
        203-873-0235 (fax)

**COUNSEL FOR DEFENDANTS**

## **CERTIFICATION**

      I HEREBY CERTIFY that on this date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

      */s/ Robert B. Mitchell*
      Robert B. Mitchell (ct02662)
      Mitchell & Sheahan, P.C.
      999 Oronoque Lane, Suite 203
      Stratford, CT 06614
      203-873-0240
      203-873-0235 (fax)
      rbmitchell@mitchellandsheahan.com